UNITED STATES DISTRICT COURT
EASTERN DISTRICT of WISCONSIN

CASE NO. 2:25-cv-01386-WCG

BRIAN T. PETERSON,

Plaintiff,

v.

GREAT MIDWEST BANK; et al;

Defendants.

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

NOW COMES Plaintiff, Brian T. Peterson, appearing pro se, and for this First Amended Complaint against Defendant US Bancorp, alleges as follows:

1) This is an action for damages brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., for Defendant's violations of the Act.

2) Plaintiff originally named Defendant as "US Bank National Association" in the initial Complaint filed on September 12, 2025. Plaintiff now corrects that misnomer and identifies the proper Defendant as US Bancorp.

3) Plaintiff respectfully submits this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), which permits one amendment as a matter of course within 21 days of service.

4) All references in this pleading to "Defendant" shall now refer to US Bancorp.

**PARTIES**

5) Plaintiff, Brian T. Peterson, is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing at 590 Mill Pond Road, Dousman, Wisconsin 53118, within the jurisdiction of the U.S. District Court for the Eastern District of Wisconsin.

6) Defendant US Bancorp is a corporation with its principal place of business located in Minneapolis, Minnesota. Defendant is a furnisher of credit information as contemplated by 15 U.S.C. § 1681s-2(b), and regularly conducts substantial business throughout the State of Wisconsin, including within this District.

## Factual Allegations

### U.S. Bancorp

7) On June 8, 2025, Plaintiff mailed a formal written dispute to U.S. Bancorp, challenging inaccuracies in its reporting of his revolving credit account ending in 6467. The dispute identified discrepancies in the reported High Credit, Last Reported Date, Date Last Active, and Date of Last Payment. The dispute was sent via USPS Certified Mail Tracking No. 9214 8901 4298 0419 8980 15 and was delivered on June 13, 2025, at 4:12 p.m. in St. Louis, Missouri, where it was signed for by U.S. Bancorp representative Eric Harnetiaux.

8) On July 8, 2025, U.S. Bancorp issued a response stating that it had "requested an update" with the consumer reporting agencies. However, the response failed to identify what information was corrected or deleted, what disputed fields had been verified, or to provide any supporting documentation.

9) On July 14, 2025, Plaintiff filed a formal complaint with the Better Business Bureau, and on July 16, 2025, he filed Complaint No. 250714-22318373 with the Consumer Financial Protection Bureau. Both complaints alleged that U.S. Bancorp failed to conduct a reasonable reinvestigation, failed to provide documentation, and violated its duties under 15 U.S.C. § 1681s-2(b).

10) Also on July 14, 2025, Plaintiff mailed a second dispute letter to U.S. Bancorp via USPS Certified Mail Tracking No. 9214 8901 4298 0422 4199 55, which was delivered on July 21, 2025, at 11:01 a.m. in St. Louis, Missouri, and again signed for by Eric Harnetiaux. This letter noted that U.S. Bancorp's prior response was vague, non-substantive, and failed to meet the requirements of 15 U.S.C. § 1681s-2(b).

11) On July 29, 2025, U.S. Bancorp issued a follow-up response to Plaintiff's CFPB and BBB complaints. In the letter, U.S. Bancorp again stated it had requested an update with the credit bureaus but refused to provide supporting documentation or details of any corrections made.

12) On August 13, 2025, Plaintiff mailed a Notice of Intent to Sue to U.S. Bancorp's registered agent, Yvonne Siira, in Milwaukee, Wisconsin, via USPS Certified Mail Tracking No. 9214 8901 4298 0424 4151 60. A follow-up phone call was place to Ms. Siira on September 4, 2025 at 1:26 pm, where she confirmed receiving the notice and forwarded it onto U.S. Bancorp's legal department. The Notice outlined U.S. Bancorp's failure to conduct a reasonable reinvestigation, detailed Plaintiff's credit denial from Sterling Bank on July 28, 2025, and warned that litigation would follow if corrective action was not taken.

13) On August 25, 2025, U.S. Bancorp issued a final response letter. In this response, U.S. Bancorp claimed it could not conduct an investigation due to "insufficient information," despite already having received Plaintiff's full dispute packets on two prior occasions, complete with supporting documentation and credit report excerpts. This refusal to investigate directly contradicted U.S. Bancorp's earlier acknowledgment of Plaintiff's disputes and its claim to have requested "updates" with consumer reporting agencies.

14) As of the filing of this action, U.S. Bancorp continues to furnish inaccurate, incomplete, and unverifiable information to Equifax, Experian, and TransUnion. Its repeated issuance of vague form letters, refusal to provide documentation, and contradictory positions—first claiming updates were requested and later claiming insufficient information—demonstrate willful and/or negligent noncompliance with 15 U.S.C. § 1681s-2(b). Plaintiff has suffered actual damages as a result, including denial of a $1,000,000 loan from Sterling Bank, emotional distress, reputational harm, and financial loss.

## SUIT 6 – U.S. Bancorp

### Cause of Action 1 – Violation of 15 U.S.C. § 1681s-2(b) – Furnisher's Duty to Investigate and Correct Inaccurate Information

15) Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

16) U.S. Bancorp is a furnisher of credit information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2.

17) Under 15 U.S.C. § 1681s-2(b), after receiving notice of a consumer dispute from a consumer reporting agency, a furnisher must:

   a) conduct an investigation with respect to the disputed information;

   b) review all relevant information provided by the consumer reporting agency;

   c) report the results of the investigation to the consumer reporting agency; an

   d) if the disputed information is inaccurate, incomplete, or cannot be verified, promptly modify, delete, or block the reporting of that information.

18) On June 8, 2025, Plaintiff mailed a certified dispute letter to U.S. Bancorp challenging inaccuracies in its reporting of Plaintiff's revolving credit account ending in 6467, including

discrepancies in the High Credit, Last Reported Date, Date Last Active, and Date of Last Payment. The dispute was delivered June 13, 2025, and signed for by U.S. Bancorp representative Eric Harnetiaux.

19) On July 8, 2025, U.S. Bancorp responded by stating only that it had "requested an update" with consumer reporting agencies. The letter did not identify what information was corrected, what was verified, or provide any supporting documentation.

20) On July 14, 2025, Plaintiff filed a Better Business Bureau complaint and a Consumer Financial Protection Bureau complaint (No. 250714-22318373) against U.S. Bancorp. On that same day, Plaintiff mailed a second dispute letter, which was delivered July 21, 2025, and again signed for by Eric Harnetiaux. U.S. Bancorp's subsequent response once again failed to provide documentation or evidence of corrective action.

21) On July 29, 2025, U.S. Bancorp issued another response, again using vague boilerplate language and refusing to provide meaningful results of any reinvestigation.

22) On August 13, 2025, Plaintiff mailed a Notice of Intent to Sue to U.S. Bancorp's registered agent in Milwaukee, Wisconsin. On August 25, 2025, U.S. Bancorp issued a final response claiming it lacked sufficient information to investigate — despite already having Plaintiff's prior disputes and supporting documentation.

23) By issuing contradictory responses — first claiming it had requested updates with credit reporting agencies, then claiming it lacked information to investigate — U.S. Bancorp failed to meet its obligations under § 1681s-2(b). Its responses demonstrate that no reasonable investigation was conducted, and its continued furnishing of inaccurate data violated its statutory duties.

24) As a direct and proximate result of U.S. Bancorp's violations of the FCRA, Plaintiff has suffered actual damages, including denial of a $1,000,000 loan from Sterling Bank, reputational harm, financial injury, loss of creditworthiness, and emotional distress.

25) U.S. Bancorp's conduct was willful, entitling Plaintiff to statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n. In the alternative, U.S. Bancorp's conduct was negligent, entitling Plaintiff to actual damages and costs pursuant to 15 U.S.C. § 1681o.

26) WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant U.S. Bancorp for actual, statutory, and punitive damages, costs of this action, equitable relief requiring deletion or correction of inaccurate information, and such other and further relief as the Court deems just and proper.

**Cause of Action 2 – 15 U.S.C. § 1681e(b) - Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

27) Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28) Although the Fair Credit Reporting Act expressly places the duty to follow reasonable procedures to assure maximum possible accuracy on consumer reporting agencies, courts within the Seventh Circuit have recognized that furnishers of credit information, such as U.S. Bancorp, share responsibility for ensuring that data they provide to consumer reporting agencies is accurate and not misleading.

29) U.S. Bancorp furnished tradeline information concerning Plaintiff's revolving credit account ending in 6467 that contained multiple inaccuracies, including erroneous reporting of High Credit, Last Reported Date, Date Last Active, and Date of Last Payment. These

inaccuracies materially misrepresented Plaintiff's credit obligations and contributed to the denial of credit.

29) [sic 30)] Plaintiff disputed these inaccuracies through certified mailings on June 8, 2025, and July 14, 2025, both of which were delivered to U.S. Bancorp and signed for by its representative, Eric Harnetiaux.

31) Despite receiving notice of these errors, U.S. Bancorp failed to correct or remove inaccurate data, and continued to furnish misleading information to Experian, Equifax, and TransUnion.

32) U.S. Bancorp's failure to maintain procedures reasonably designed to prevent the reporting of inaccurate information, and its refusal to reconcile contradictions in Plaintiff's credit file, demonstrate violations of 15 U.S.C. § 1681e(b).

33) As a direct and proximate result of U.S. Bancorp's violations, Plaintiff has suffered actual damages, including denial of a $1,000,000 loan from Sterling Bank, reputational harm, loss of creditworthiness, financial injury, and emotional distress.

34) U.S. Bancorp's conduct was willful, entitling Plaintiff to statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n. In the alternative, U.S. Bancorp's conduct was negligent, entitling Plaintiff to actual damages and costs pursuant to 15 U.S.C. § 1681o.

35) WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant U.S. Bancorp for actual, statutory, and punitive damages, costs of this action, equitable relief requiring deletion or correction of inaccurate tradeline information, and such other and further relief as the Court deems just and proper.

**Cause of Action 3 – 15 U.S.C. § 1681s-2(b)(1)(E) – Failure to Delete or Block Inaccurate or Unverifiable Information**

36) Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37) U.S. Bancorp is a furnisher of credit information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2.

38) Under 15 U.S.C. § 1681s-2(b)(1)(E), after a furnisher has conducted an investigation of disputed information, if the information is found to be inaccurate, incomplete, or unverifiable, the furnisher must promptly modify, delete, or permanently block the reporting of that information to consumer reporting agencies.

39) On June 8, 2025, and July 14, 2025, Plaintiff submitted certified disputes to U.S. Bancorp identifying inaccurate tradeline data on his revolving credit account ending in 6467.

40) These disputes included supporting documentation demonstrating inconsistencies in High Credit, Last Reported Date, Date Last Active, and Date of Last Payment. Both disputes were delivered and signed for by U.S. Bancorp representative Eric Harnetiaux.

41) Despite admitting in its August 25, 2025 response that it lacked sufficient information to confirm the accuracy of Plaintiff's account, U.S. Bancorp nevertheless continued to furnish the same inaccurate and unverifiable data to Experian, Equifax, and TransUnion.

42) U.S. Bancorp's continued furnishing of tradeline information it could not verify violated its statutory duty under § 1681s-2(b)(1)(E).

43) As a direct and proximate result of U.S. Bancorp's violations of the FCRA, Plaintiff has suffered actual damages, including denial of a $1,000,000 loan from Sterling Bank, reputational harm, loss of creditworthiness, financial injury, and emotional distress.

44) U.S. Bancorp's violations were willful, entitling Plaintiff to statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n. In the alternative, U.S. Bancorp's conduct was negligent, entitling Plaintiff to actual damages and costs pursuant to 15 U.S.C. § 1681o.

45) WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant U.S. Bancorp for actual, statutory, and punitive damages, costs of this action, equitable relief requiring deletion or blocking of inaccurate or unverifiable information, and such other and further relief as the Court deems just and proper.

**Cause of Action 4 – Causation of Actual Harm – Emotional Distress, Reputational Damage, and Economic Harm Due to Credit Denial**

46) Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

47) As set forth above, U.S. Bancorp willfully and/or negligently violated its obligations under the Fair Credit Reporting Act, including but not limited to:
   a) failing to reasonably investigate Plaintiff's disputes under 15 U.S.C. § 1681s-2(b);
   b) failing to ensure the accuracy and integrity of information it furnished to consumer reporting agencies, in violation of 15 U.S.C. § 1681e(b); and
   c) continuing to furnish information it admitted was unverifiable, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

48) As a direct and proximate result of these violations, U.S. Bancorp caused Plaintiff to suffer actual damages, including:
   a) **Credit Denial** – Sterling Bank denied Plaintiff's application for a $1,000,000 loan, citing inaccurate information furnished by U.S. Bancorp and reported by the credit bureaus.

b) **Reputational Harm** – U.S. Bancorp continued furnishing of inaccurate tradelines diminished Plaintiff's creditworthiness and financial reputation in the eyes of creditors and lenders.

c) **Emotional Distress** – Plaintiff suffered humiliation, anxiety, and stress due to being denied credit, losing financial opportunities, and U.S. Bancorp's refusal to correct known inaccuracies despite repeated disputes.

d) **Economic Harm** – Plaintiff lost the opportunity to obtain favorable loan terms, sustained financial injury, and incurred increased costs of credit directly tied to U.S. Bancorp's inaccurate reporting.

49) U.S. Bancorp's conduct constitutes willful violations under 15 U.S.C. § 1681n, entitling Plaintiff to actual, statutory, and punitive damages. In the alternative, U.S. Bancorp's conduct constitutes negligent violations under 15 U.S.C. § 1681o, entitling Plaintiff to actual damages.

50) WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant U.S. Bancorp for actual, statutory, and punitive damages, costs of this action, equitable relief requiring deletion or correction of inaccurate or unverifiable information, and such other and further relief as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against each Defendant named herein, jointly and severally where permitted by law, and grant the following relief:

1. Actual Damages – Award Plaintiff actual damages in an amount to be determined at trial, as authorized by 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), for all losses proximately caused by Defendants' violations of the Fair Credit Reporting Act, including but not limited to:

    - Emotional distress, humiliation, mental anguish, and suffering;
    - Reputational harm and loss of creditworthiness;
    - Loss of credit opportunities and denials of credit;
    - Increased cost of credit and higher interest rates; and
    - Other pecuniary and non-pecuniary damages.

2. Statutory Damages – Award statutory damages of up to $1,000 per violation per Defendant for willful noncompliance, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

3. Punitive Damages – Award punitive damages against each Defendant for willful and reckless violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(2), in an amount sufficient to punish Defendants and deter similar unlawful conduct.

4. Costs and Fees – Award Plaintiff the costs of this action, including reasonable fees, litigation expenses, and expert witness fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

5. Injunctive and Equitable Relief – Order that each Defendant:

    - Permanently delete, suppress, or correct all inaccurate, incomplete, and unverifiable information from Plaintiff's consumer reports and credit files;
    - Implement and maintain reasonable procedures to assure maximum possible accuracy of consumer information in compliance with 15 U.S.C. § 1681e(b);

- Conduct full and reasonable reinvestigations in compliance with 15 U.S.C. § 1681i; and

- Cease and desist from any future violations of the Fair Credit Reporting Act with respect to Plaintiff.

6. Pre- and Post-Judgment Interest – Award Plaintiff pre-judgment and post-judgment interest at the maximum legal rate, as permitted by law.

7. Plaintiff hereby demand a trial by jury on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

8. Other Relief – Grant such other and further relief as the Court deems just, equitable, and proper.

Dated: September 30th, 2025

Respectfully submitted,

/s/ *Brian T. Peterson*
Brian Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
rzu1947@gmail.com
(612) 812-0135

## VERIFICATION

I, Brian T. Peterson, am the Plaintiff and pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I am the Plaintiff in the foregoing *First Amended Complaint*, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

**I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 30th day of September 2025.   /s/ *Brian T. Peterson*