UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIAN T. PETERSON<br><br>    Plaintiff,<br><br>v.<br><br>GREAT MIDWEST BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; U.S. BANK NATIONAL ASSOCIATION; and SUMMIT CREDIT UNION<br><br>    Defendants. | Case No. 2025 CV 1386 |

**BRIEF SUPPORTING DEFENDANT SUMMIT CREDIT UNION'S
MOTION TO DISMISS**

**INTRODUCTION**

Defendant Summit Credit Union ("Summit") moves to dismiss the Complaint of plaintiff Brian T. Peterson against Summit pursuant to Fed. R. Civ. P. 12(b)(6) because Peterson fails to state a claim upon which relief can be granted. In Counts 1, 2 and 3 against Summit, Peterson alleges that Summit violated sections 1681s-2(b) and 1681e(b) of the Fair Credit Reporting Act (the "FCRA"). But Peterson fails to allege any facts that would trigger Summit's obligations under either section. In Counts 1 and 3, Peterson alleges that he provided Summit with a notice that the information Summit furnished to consumer reporting agencies was inaccurate and that in response, Summit failed to

investigate, delete and correct this inaccurate information. Those allegations fail to state claims to relief under 15 U.S.C. § 1681s-2(b) because complaints received directly from consumers do not trigger a furnisher's obligations under 15 U.S.C. § 1681s-2(b). In Count 2, Peterson also fails to state a claim to relief under 15 U.S.C. § 1681e(b) because that section applies only to consumer reporting agencies. And Peterson alleges that Summit is a furnisher of information – not a consumer reporting agency. *See* Dkt. 1 ¶ 7. Lastly, because Peterson fails to allege that Summit violated the FCRA, the forms of relief prescribed in 15 U.S.C. §§ 1681n and 1681o (Count 4) do not apply. As such, this Court should dismiss all four claims Peterson alleges against Summit.

## ALLEGATIONS

Summit is a Wisconsin-based credit union and furnisher of credit information to consumer reporting agencies. Dkt. 1 ¶ 7. Peterson alleges that in June and July of 2025, he sent letters to Summit, disputing information Summit had furnished to Equifax, Experian, and TransUnion. *Id.* at ¶¶ 52, 54, 187, 189, 206. Peterson alleges that because Summit did not investigate or delete or correct the disputed information in response to Peterson's letters, Summit violated FCRA, 15 U.S.C. § 1681s-2(b). *Id.* at ¶¶ 191, 207. Peterson further alleges that because Summit furnished allegedly inaccurate information, Summit violated § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning him. *Id.* at ¶¶ 195-203. Lastly, Peterson alleges that Summit's violations of the FCRA have caused him actual harm and entitle him to actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o. *Id.* at ¶¶ 212-216.

2

Case 2:25-cv-01386-WCG    Filed 10/06/25    Page 2 of 8    Document 16

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To avoid dismissal, "a complaint must state a claim to relief that is plausible on its face." *Charles v. Fargo, N.A.*, No. 22-C-0637, 2023 U.S. Dist. LEXIS 156621, at *10 (E.D. Wis. Aug. 2, 2023) (quoting *Ashcroft v. Iqbal*, 553 U.S. 662, 678 (2009)) (citation modified). A claim to relief is not plausible on its face when the cited statute does not apply to the facts alleged. *See id.* at *22-23. While courts must accept well-pleaded facts as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* at 11 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## ARGUMENT

### I. Peterson Fails to State a Claim under 15 U.S.C. § 1681s-2(b)

The Court should dismiss Counts 1 and 3 against Summit under 15 U.S.C. § 1681s-2(b) for failure to state a claim upon which relief can be granted. In Count 1, Peterson alleges that Summit violated subsection (b) by failing to investigate after receiving two letters from Peterson himself that information Summit furnished to Equifax, Experian, and TransUnion was purportedly inaccurate. Dkt. 1 ¶¶ 184-194. In Count 3, Peterson alleges that Summit further violated subsection (b) by failing to delete or correct the furnished information after receiving Peterson's two letters. *Id.* at ¶¶ 204-211.

First and foremost, the obligations of a furnisher, like Summit, under 15 U.S.C. §

3

Case 2:25-cv-01386-WCG    Filed 10/06/25    Page 3 of 8    Document 16

1681s-2(b) are triggered only when a consumer reporting agency informs it that a consumer has raised a dispute ("after receiving notice pursuant to section 1681i(a)(2) of this title"):

> **(b) DUTIES OF FURNISHERS OF INFORMATION UPON NOTICE OF DISPUTE**
>
> **(1) IN GENERAL**
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). Indeed, the "notice" referred to in subsection (b)(1) is a notice the credit reporting agency provides to a furnisher of information:

> **(2) PROMPT NOTICE OF DISPUTE TO FURNISHER OF INFORMATION**
>
> **(A) In general**
> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
>
> **(B) Provision of other information**
> The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

*Id.* at § 1681i(a)(2).

Here, Peterson, the consumer, alleges that Summit violated subsection (b) by not appropriately responding to *his* letters. Dkt. 1 ¶¶ 52-59. But the Complaint is devoid of any allegation that Summit received notice of Peterson's dispute from a consumer reporting agency. *See* Dkt. 1. Therefore, Summit was not obligated to follow 15 U.S.C. § 1681s-2(b) in response to Peterson's letters. As such, Peterson fails to state claims to relief under 15 U.S.C. § 1681s-2(b). In *Charles v. Fargo, N.A.*, this Court similarly held that when a plaintiff fails to allege facts that a furnisher received notice pursuant to 15 U.S.C. § 1681i(a)(2) to trigger its obligations under 15 U.S.C. § 1681s-2(b), the complaint must be dismissed. *See Charles*, 2023 U.S. Dist. LEXIS 156621, at *22-23.[1]

Even if the Court were to find that the Complaint allegations give rise to a

---

[1] Where a consumer provides a furnisher of information with a dispute notice, 15 U.S.C. § 1681s-2(a) applies – not 15 U.S.C. § 1681s-2(b). But the FCRA does not create a private right of action for the consumer to enforce a furnisher's obligations under subsection (a). *See* 15 U.S.C. § 1681s-2(c); *see also Charles*, 2023 U.S. Dist. LEXIS 156621, at *21.

5

Case 2:25-cv-01386-WCG    Filed 10/06/25    Page 5 of 8    Document 16

plausible inference that Summit received a notice from a consumer reporting agency, thereby triggering Summit's obligations under 15 U.S.C. §1681s-2(b), the Court should still dismiss Counts 1 and 3. Peterson's Complaint fails to allege how the information Summit furnished to credit reporting agencies was inaccurate, making only conclusory statements that the information Summit furnished was inaccurate. *See generally* Dkt. 1 ¶¶ 11, 52-59, 184-216. Such conclusory allegations that merely recite an element of Peterson's claims are not entitled to a presumption of truth. *See Charles*, 2023 U.S. Dist. LEXIS 156621, at *11. As such, even taking the Complaint allegations in the light most favorable to Peterson, Counts 1 and 3 still fail to state claims to relief under 15 U.S.C. § 1681s-2(b).

## II. Peterson Fails to State a Claim under 15 U.S.C. § 1681e(b)

In Count 2, Peterson alleges that Summit violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning him. Dkt. 1 ¶¶ 195-203. Notably, though, 15 U.S.C. § 1681e(b) applies only to consumer reporting agencies – not furnishers. The Seventh Circuit has explained that "[c]onsumer reporting agencies and furnishers, though interrelated, serve discrete functions: furnishers report data to incentivize the repayment of debts, while consumer reporting agencies compile and report that data for a fee." *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020). Therefore, 15 U.S.C. § 1681e(b) governs consumer reporting agencies while 15 U.S.C. § 1681s-2 governs furnishers. *See id.* at 294-95.

Here, Peterson alleges that Summit is a Wisconsin-based credit union and furnisher of credit information to consumer reporting agencies. Dkt. 1 ¶ 7. As such, Peterson fails to state a claim to relief under 15 U.S.C. § 1681e(b) and Count 2 should be

6

Case 2:25-cv-01386-WCG    Filed 10/06/25    Page 6 of 8    Document 16

dismissed.

## III. Peterson Fails to State a Claim of Actual Harm

Lastly, in Count 4, Peterson alleges that he is entitled to actual and punitive damages under 15 U.S.C. § 1681n for willful FCRA violations, and in the alternative, actual damages under 15 U.S.C. § 1681o for negligent violations. Dkt. 1 ¶¶ 212-216. Both provisions require that a Court find that an FCRA violation has occurred. As discussed in detail above, Peterson has failed to allege that Summit has violated the FCRA. As such, the forms of relief prescribed in 15 U.S.C. §§ 1681n and 1681o do not apply.

## CONCLSUION

This Court should dismiss all four claims Peterson alleges against Summit because Peterson fails to state a claim upon which relief can be granted. Counts 1 and 3 (under 15 U.S.C. § 1681s-2(b)) fail to state a claim because Peterson alleges that he, as the consumer, provided Summit with a notice of dispute. Similarly, Count 2 fails as a matter of law because Summit is not a consumer reporting agency. Peterson's Count 4 damage claims fall away because Summit has not violated the FCRA.

Dated this 6th day of October, 2025.

**TURKE & STEIL LLP**

<u>Electronically signed by Mary C. Turke</u>
Mary C. Turke, SBN: 1027045
Amber M. Heidenreich, SBN: 1126685
613 Williamson Street Suite 201
Madison, WI 53703
Ph: (608) 237-1775
Email: mary@turkelaw.com
Email: amber@turkelaw.com

*Attorneys for Defendant Summit Credit Union*