UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

        Plaintiff,

v.

Case No. 25-cv-1386

GREAT MIDWEST BANK, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC,
TRANS UNION LLC, U.S. BANK
NATIONAL ASSOCIATION, and SUMMIT
CREDIT UNION,

        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF GREAT MIDWEST BANK'S
MOTION TO DISMISS AMENDED COMPLAINT**

**I.    INTRODUCTION**

Plaintiff's claims against Great Midwest Bank collapse under the weight of his own allegations. The Fair Credit Reporting Act ("FCRA") imposes narrow, specific duties on furnishers of credit information. Plaintiff concedes Great Midwest Bank is a furnisher (Dkt. 11 ("Am. Compl.") ¶¶ 19, 69) but nevertheless sues under one provision that does not even apply to furnishers and another provision that merely describe remedies. Worse still, the very documents referenced in the Complaint—his dispute letters and the Bank's responses—confirm that the Bank furnished accurate, non-derogatory information and twice addressed his disputes.

His claims against Great Midwest Bank fails for three independent reasons. First, Count I (§ 1681s-2(b)) is defeated by Plaintiff's own exhibits: his disputes concern only technical account details, not material inaccuracies, and the Bank verified its reporting each time. Plaintiff also alleges no actual damages. Second, Count II (§ 1681e(b)) fails as a matter of law because it governs

consumer reporting agencies, not furnishers. Third, Count III is not a cause of action at all, but an improper attempt to repackage remedies under §§ 1681n and 1681o as a stand-alone claim.

Each claim independently warrants dismissal. Taken together, they show Plaintiff has no viable FCRA claim. The Court should dismiss all claims against Great Midwest Bank with prejudice.

## II. RELEVANT FACTUAL BACKGROUND

For purposes of this motion, Great Midwest Bank accepts the Complaint's well-pleaded factual allegations as true and incorporates by reference the dispute correspondence and responses cited therein.[1]

### A. Plaintiff's mortgage loan

Plaintiff alleges he "maintains a mortgage loan account serviced by Great Midwest Bank, a Wisconsin-based financial institution and furnisher of credit information to credit reporting agencies." (Am. Compl. ¶ 19.) He claims that, beginning in June 2025, he "discovered that Great Midwest Bank was reporting materially inaccurate, incomplete, and outdated information concerning his mortgage loan." (*Id.*)

### B. Plaintiff's first dispute letter and Great Midwest Bank's response

On June 8, 2025, Plaintiff sent a certified dispute letter to Great Midwest Bank, claiming inaccuracies in the Bank's reporting of the "Date Opened," "Balance," "Number of Months (Terms)," "Last Reported Date," "Date Last Active," and "Date of Last Payment." (*Id.* ¶¶ 20, 71-

---

[1] Plaintiff did not file a copy of his dispute letters or the Bank's responses, but Great Midwest Bank has. (*See* Decl. of Lynn Torcivia ("Torcivia Decl.") ¶¶ 2-5, Exs. A-D.) Because the dispute letters and responses are referenced in the Complaint (*see* Am. Compl. ¶¶ 20-23), the Court may review them in connection with this motion to dismiss. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (court may consider documents attached to a motion to dismiss as "part of the pleadings" if the documents are "referred to in the plaintiff's complaint and are central to [the] claim.")

72; Torcivia Decl. ¶ 2, Ex. A.) The letter does not explain why Plaintiff believed those fields were inaccurate; it merely asserts that "[t]hese inaccuracies are materially and adversely affecting [his] credit profile." (*Id.*, Ex. A at 1.)

On July 2, 2025, the Bank responded, confirming that its furnishing was accurate as of the May 31, 2025 reporting cycle and providing bureau-by-bureau details. (Am. Compl. ¶¶ 21, 73; Torcivia Decl. ¶ 3, Ex. B.) The Bank confirmed the account opened on November 12, 2021, that the last activity date reflected May 30, 2025, and that the balance and loan terms matched its records. (*See* Torcivia Decl., Ex. B.) Any small differences, it explained, stemmed solely from when each credit bureau updated its system with the Bank's May data. (*Id.*) Plaintiff admits he received this response. (Am. Compl. ¶¶ 21, 73.)

### C. Plaintiff's second dispute letter and Great Midwest Bank's response

On July 14, 2025, Plaintiff sent a second certified dispute letter, reiterating his complaints and asserting that the Bank's prior response violated FCRA. (Am. Compl. ¶¶ 22, 71-72; Torcivia Decl. ¶ 4, Ex. C.) The Bank responded on August 1, 2025, again confirming that its internal records matched its reporting and that no correction was warranted. (Am. Compl. ¶¶ 23, 73; Torcivia Decl. ¶ 5, Ex. D.) Plaintiff labels the response "deficient," but the correspondence shows otherwise: the Bank reviewed the disputed categories, compared them to its loan records, and reasonably concluded that the reported tradeline was accurate. (Am. Compl. ¶ 23; Torcivia Decl., Ex. D.)

### D. Plaintiff's regulatory complaint and notice of intent to sue

On August 7, 2025, Plaintiff filed a complaint with the Federal Deposit Insurance Corporation ("FDIC"). (Am. Compl. ¶ 24.) Six days later, on August 13, 2025, he sent Great Midwest Bank a Notice of Intent to Sue, again asserting the same disputes and demanding immediate deletion or correction. (*Id.* ¶ 25.)

### E. Plaintiff's alleged damages

Plaintiff claims that the Bank's reporting caused a credit denial, the loss of a $1 million loan opportunity from Sterling Bank, emotional distress, reputational harm, and diminished creditworthiness. (*Id.* ¶¶ 75, 85, 93.) Notably, he does not allege that the Bank ever reported him as delinquent, in default, or late on payments. (*Id.* ¶¶ 19-26, 69-94.) Despite this, Plaintiff seeks actual, statutory, and punitive damages without alleging facts linking the claimed harm to the disputed data. (*See id.*)

## III. ARGUMENT

Plaintiff's case against Great Midwest Bank unravels at the pleading stage. His own allegations and incorporated documents reveal no material inaccuracy, no unreasonable conduct, and no damages. Each claim fails independently: Count I (§ 1681s-2(b)) is contradicted by the dispute letters and responses; Count II (§ 1681e(b)) is legally impossible because it governs only consumer reporting agencies; and Count III merely repleads remedies under §§ 1681n and 1681o as if they were a claim. His entire Complaint should be dismissed with prejudice.

### A. Motion to dismiss standards

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a plaintiff must plead factual allegations sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must base allegations on particularized facts to permit the Court to plausibly infer the defendant is liable for the stated claims. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). Although a court accepts all well-pleaded facts as true, and draws inferences in a plaintiff's favor, a court need not accept

unsupported conclusory allegations or statements of the law. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Although sufficiency generally rests on the four corners of the complaint, the Seventh Circuit recognizes narrow exceptions, including when a document is referred to in the complaint and is central to the claim. *Adams*, 742 F.3d at 729. This rule prevents a plaintiff from "evad[ing] dismissal … by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Accordingly, because Plaintiff's Complaint expressly references his dispute letters and the Bank's responses (*see* Am. Compl. ¶¶ 20–23), those documents are properly considered at this stage and confirm that his claims fail as a matter of law.

### B. COUNT I FAILS: Plaintiff's own dispute letters and the Bank's responses defeat his § 1681s-2(b) claim.

Section 1681s-2(b) requires a furnisher to investigate and correct disputed information only after receiving notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b). Even assuming notice, Plaintiff's own allegations and the incorporated letters foreclose his claim: his disputes raised no material inaccuracies, the Bank twice confirmed its reporting was accurate, and he pleads no damages causally tied to the Bank's reporting.

#### 1. Plaintiff identified trivial details, not material inaccuracies.

Plaintiff's dispute letters challenged only minor fields, such as the account open date, balance, and number of months reported. (Am. Compl. ¶¶ 20, 22.) None of these alleged discrepancies suggested delinquency, default, or missed payments. Any minor variations stemmed solely from the timing of credit-bureau updates using the Bank's monthly data tape.

The FCRA requires more. An inaccuracy must be "patently incorrect" or materially "misleading in such a way and to such an extent that it can be expected to adversely affect credit

decisions." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 776 (7th Cir. 2023) (citations omitted). Trivial differences in account details, without more, do not meet that standard. Plaintiff's allegations concern only technical details, not facts that would mislead creditors about his creditworthiness.

### 2. Great Midwest Bank twice investigated and confirmed accurate reporting.

The Bank responded to both dispute letters in writing, confirming that its reporting matched its internal records and that any minor differences reflected the timing of each bureau's system updates. (Am. Compl. ¶¶ 21, 23; Torcivia Decl., Exs. B and D.) "The inaccuracy of reported information is a necessary predicate of Section 1681s-2(b) liability." *Borowski v. Ally Fin. Inc.*, No. 22-cv-0394, 2023 WL 4207784, at *3 (E.D. Wis. June 27, 2023). Furnishers are not required to adopt the consumer's preferred resolution; they need only conduct a reasonable investigation. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Plaintiff offers no factual support for his conclusory assertions that the Bank's reporting was inaccurate or that its investigation was unreasonable. *See Borowski*, 2023 WL 4207784, at *3 (§ 1681s-2(b) claim cannot survive absent plausible allegations of inaccuracy); *Eisberner v. Discover Prods., Inc.*, 921 F. Supp. 2d 946, 949 (E.D. Wis. 2013) (holding that allegations of an unreasonable investigation, without supporting facts, are "bare legal conclusion[s]").

Great Midwest Bank's response letters confirm that the Bank investigated the categories of information Plaintiff identified, compared them to its loan records, and verified that its reporting was accurate. (Torcivia Decl., Exs. B, D.) Coupled with the absence of any derogatory reporting, these facts foreclose any plausible FCRA violation. Count I therefore fails as a matter of law:

Plaintiff pleads neither an inaccuracy nor an unreasonable investigation, and certainly nothing suggesting a willful violation.

### 3. Plaintiff pleads no creditor reliance or damages caused by the Bank's reporting.

Plaintiff alleges that the Bank's reporting caused a denial of credit (by way of a lost $1 million loan opportunity), reputational harm, and emotional distress (Am. Compl. ¶ 75). But he identifies no creditor who relied on the Bank's reporting, no decision affected by it, and no facts linking his alleged harm to the disputed account details.

To recover under FCRA, a plaintiff must show both a statutory violation and a causal connection between the violation and the alleged harm. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194 (7th Cir. 2021) ("To prove a negligent violation of the FCRA, a plaintiff must establish actual damages…. Actual damages require a causal relation between the statutory violation and the harm suffered by the plaintiff.") (citation modified). Speculative claims of lost credit opportunities do not meet that standard. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004) (affirming dismissal where plaintiff alleged no causal link between the alleged inaccuracy and the denial of credit).

Because Plaintiff pleads no facts showing that any creditor relied on the Bank's reporting, or that any alleged harm flowed from it, he fails to establish actual damages or causation.

### 4. The dispute letters and responses foreclose liability, making amendment futile.

Taken together, Plaintiff's allegations and the incorporated correspondence confirm that Great Midwest Bank reported accurate, non-derogatory information and twice conducted reasonable investigations. (Torcivia Decl., Exs. A–D.) The absence of any plausible inaccuracy, deficient investigation, or causally linked harm defeats his § 1681s-2(b) claim. Where the

7

underlying documents negate liability on their face, amendment would be futile. Count I should therefore be dismissed with prejudice.

> **C.      COUNT II FAILS: § 1681e(b) governs only consumer reporting agencies, and Plaintiff concedes the Bank is a furnisher.**

Count II fails as a matter of law. Section 1681e(b) of the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in preparing consumer reports. By its plain terms, the duty applies exclusively to credit reporting agencies, not to furnishers of information like Great Midwest Bank. *See Denan v. Trans Union LLC*, 959 F.3d 290, 294-295 (7th Cir. 2020).

Plaintiff concedes that Great Midwest Bank is a furnisher, not a reporting agency. (Am. Compl. ¶ 19 (alleging the Bank is a "furnisher of credit information"); ¶ 69 (alleging the Bank "is a furnisher of credit information to credit reporting agencies as defined by 15 U.S.C. § 1681s-2").) Because the Bank falls outside § 1681e(b)'s scope, Plaintiff cannot state a claim under that provision. Count II should therefore be dismissed with prejudice.

> **D.      COUNT III FAILS: §§ 1681n and 1681o provide remedies, not standalone causes of action.**

Count III must also be dismissed because it does not state a substantive claim. Plaintiff cites 15 U.S.C. §§ 1681n and 1681o (Am. Compl. ¶¶ 89-90), but those provisions merely define liability and damages for willful (§ 1681n) or negligent (§ 1681o) violations of the other FCRA requirements. They do not impose independent duties or create stand-alone causes of action. *See Perry v. First Nat'l Bank,* 459 F.3d 816, 822-24 (7th Cir. 2006) (explaining that §§ 1681n and 1681o provide the enforcement mechanism for FCRA violations, not stand-alone substantive duties).

The statutory text confirms that §§ 1681n and 1681o are derivative: each imposes liability when a person fails "to comply with any requirement imposed under this subchapter." Without a violation of another substantive FCRA provision, there is nothing for these sections to enforce. Thus, liability under §§ 1681n and 1681o is derivative. Without a violation of another substantive FCRA duty, there is nothing for these sections to enforce.

Plaintiff has already invoked §§ 1681n and 1681o as remedies for Counts I and II. (Am. Compl. ¶¶ 76-77, 86.) That is the proper use. What he cannot do is plead these remedial provisions as a freestanding "third cause of action." Accordingly, Count III fails as a matter of law and should be dismissed with prejudice.

## IV.     CONCLUSION

Taken together, Counts I through III confirm that Plaintiff's FCRA claims rest on legal theories the statute does not support and factual allegations the record refutes. Each count fails independently, whether because the Bank's reporting was accurate, the cited provisions do not apply to furnishers, or the alleged "claims" merely restate remedial sections. Having pleaded no viable cause of action and no curable defect, Plaintiff leaves nothing for amendment to fix. The Court should therefore dismiss all claims against Great Midwest Bank with prejudice.

Dated: October 17, 2025

    *s/ Erin M. Cook*
Erin M. Cook
State Bar No. 1074294
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: mcook@gklaw.com
       tcorreamcmichen@gklaw.com

*Attorneys for Defendant Great Midwest Bank*

37020056.2