UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

        Plaintiff,

v.

GREAT MIDWEST BANK, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC,
TRANS UNION LLC, U.S. BANK
NATIONAL ASSOCIATION, and SUMMIT
CREDIT UNION,

        Defendants.

Case No. 25-cv-1386

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed (1) Notice of Appearance of Erin M. Cook; (2) Notice of Appearance of Theresa M. Correa McMichen; (3) Defendant Great Midwest Bank's Disclosure Statement; (4) Defendant Great Midwest Bank's Motion to Dismiss; (5) Memorandum of Law in Support of Great Midwest Bank's Motion to Dismiss Amended Complaint; and (6) Declaration of Lynn Torcivia in Support of Defendant Great Midwest Bank's Motion to Dismiss with the Clerk of the Court using the ECF system. I further certify that I have caused the above-mentioned document(s) to be served on the following non-ECF participant via email:

    Brian T. Peterson (*pro se* Plaintiff)
    590 Mill Pond Road
    Dousman, WI 53118
    rzu1947@gmail.com

I further certify that on October 17, 2025, I emailed a copy of the attached unpublished decision: *Borowski v. Ally Fin. Inc.*, No. 22-cv-0394, 2023 WL 4207784 (E.D. Wis. June 27, 2003), to the following non-ECF participant via email:

    Brian T. Peterson (*pro se* Plaintiff)
    rzu1947@gmail.com

Dated: October 17, 2025

 s/ Erin M. Cook
Erin M. Cook
State Bar No. 1074294
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: mcook@gklaw.com
       tcorreamcmichen@gklaw.com

*Attorneys for Defendant Great Midwest Bank*

2023 WL 4207784
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

John K. BOROWSKI, Jr., Plaintiff,
v.
ALLY FINANCIAL INC., Defendant.

Case No. 22-cv-0394-bhl
|
Signed June 27, 2023

**Attorneys and Law Firms**

John K. Borowski, Jr., Saukville, WI, Pro Se.

Ethan Ostroff, Troutman Sanders LLP, Virginia Beach, VA, for Defendant.

### ORDER GRANTING MOTION TO DISMISS

BRETT H. LUDWIG, United States District Judge

 **\*1** In this lawsuit, Plaintiff John K. Borowski, Jr., proceeding *pro se*, alleges that his auto loan lender, Defendant Ally Financial, Inc. (Ally), violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), when it reported his loan as charged off, misstated the balance, and labeled him delinquent. Ally argues that Borowski's claims fail as a matter of law and has moved to dismiss the Amended Complaint. For the following reasons, Ally's motion will be granted.

### FACTUAL BACKGROUND [1]

On February 3, 2016, John Borowski borrowed $15,364 from Ally to purchase a 2015 Chevrolet Cruze. (ECF No. 19 ¶3.) Prior to the COVID-19 pandemic, he paid down over half of the balance and anticipated remitting the remaining $6,868.65 by February 15, 2022. (*Id.*) But as it did to so many others, COVID-19 upended Borowski's best laid plans. Self-employed in a field deemed non-essential, his finances took a major hit, and he no longer had the funds to continue paying off his loan. (*Id.* ¶¶4-7.) He, therefore, proactively contacted Ally to request a temporary forbearance. (*Id.* ¶5.) The company forwarded him to its Indonesian representatives, who Borowski believed approved his request. (*Id.*)

Sometime thereafter, Borowski received a notice stating that his loan was delinquent. (*Id.* ¶8.) Ally's customer service operation had no explanation for this. (*Id.*) Then, on October 29, 2020, Borowski received another notice, listing his balance as $6,868.65 and stating that his loan was now "charged off." (*Id.* at ¶10.) He also learned that Ally had furnished this information to credit reporting agencies (CRAs) like Transunion, Equifax, and Experian. (*Id.* ¶¶13-14.) Over the next couple of years, Borowski would file "some 14 disputes" with these CRAs. (*Id.* ¶16.) Those filings challenged the accuracy of, among other things, his reported loan balance, the characterization of his payments as delinquent, and the status of his loan as "charge[d] off." (*Id.* ¶15.) Some of these challenges succeeded. For instance, in response to a notice of dispute it received on January 16, 2021, Ally updated its furnishing to reflect that Borowski had made a payment, on January 15, 2021, which reduced his current loan balance to $2,543. (ECF No. 23-1 at 2-3.) Similarly, in response to a notice of dispute it received on September 17, 2021, Ally again updated its furnishings to reflect that Borowski had now completely paid off his loan. (ECF No. 23-2 at 2-3.) But the company continued to list his loan as charged off and maintained January 20, 2020 as his "DOFD" (date of first delinquency). (*Id.* at 3; ECF No. 23-1 at 3.)

### LEGAL STANDARD

 **\*2** When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### ANALYSIS

Ally believes that the Amended Complaint, coupled with the Automated Credit Dispute Verification (ACDV) forms attached to its motion to dismiss, make the company's case for it. Borowski's allegations, it argues, conclusively establish

that Ally did not, in fact, report any inaccurate information to CRAs. (ECF No. 21 at 7.) In short, the pleadings' bare legal conclusions are undercut by their own self-defeating factual details. *See* Epstein v. Epstein, 843 F.3d 1147, 1150 (7th Cir. 2016) ("A plaintiff can plead himself out of court by pleading facts that show he has no legal claim.") (citation omitted). Borowski, on the other hand, asserts that he has given Ally fair notice of his claims and supported those claims with facts, which, if true, would establish the company's liability under the FCRA. The clarity of Borowski's claims is not open to serious dispute. But the facts alleged, even if true, identify only personal gripes for which the FCRA does not purport to provide a remedy. Ally's motion to dismiss will, therefore, be granted.

## I. Borowski Has Not Plausibly Pleaded an FCRA Violation.

Borowski's Amended Complaint alleges that Ally violated 15 U.S.C. § 1681s-2(b). (ECF No. 19 ¶¶17-25.) This provision addresses Ally's duties as a furnisher of credit information. According to the statute:

> After receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency ...;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation ..., for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). To state a claim under this section of the FCRA, a plaintiff must at least allege "that he told [a CRA] that [a furnisher] furnished false information [and] that [the furnisher] refused to investigate or correct the false report even after learning of the asserted error." *Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 466 (7th Cir. 2007).

Borowski's Amended Complaint asserts that he told CRAs about three errors in Ally's reports: (1) Ally improperly reported his loan as "charged off"; (2) Ally improperly reported that Borowski missed payments despite granting him a temporary forbearance; and (3) Ally inaccurately reported the current balance of Borowski's loan. (ECF No. 19 ¶¶19-21.) It also states that Ally never corrected any of these inaccuracies. (*Id.* ¶24.) Absent self-defeating evidence, these allegations look facially sufficient to clear *Lang*'s low bar. Ally's position, however, is that Borowski's own version of events, together with the ACDVs, provide precisely the sort of self-defeating evidence that make even *Lang* an impassable hurdle.

### A. It Was Not Improper for Ally to Report Borowski's Loan as "Charged Off."

**\*3** Key to Borowski's first allegation, regarding the "charged off" status off his loan, is what exactly "charged off" means. According to Black's Law Dictionary, the term refers to a creditor's decision "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." CHARGE OFF, Black's Law Dictionary (11th ed. 2019). Thus, to state a claim under the FCRA, Borowski's Amended Complaint must "establish a nonnegligible probability that it was inaccurate [for Ally] to describe [his] account as" one it treated as bad debt. *Eisberner v. Discover Prods., Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013). He can accomplish this by pleading facts establishing either (1) that Ally improperly reported his loan as "charged off" or (2) improperly "charged off" his loan and then reported as much. *See* Wynn v. Experian Info. Sols., Inc., No. 18-1147, 2018 WL 9909917, at \*3 (C.D. Ill. Oct. 12, 2018). His Amended Complaint does neither.

The inaccuracy of reported information is a necessary predicate of Section 1681s-2(b) liability. In other words, the

FCRA does not penalize furnishers for disclosing truths the borrower would rather conceal. Borowski has never denied that Ally did in fact "charge off" his loan. Instead, he argues that it was improper for the company to do so after granting him a temporary pandemic forbearance. But a forbearance is not incompatible with a "charge off." *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1315-17 (11th Cir. 2018) (holding that a forbearance means only that a lender will temporarily forgo its rights under a loan agreement, not that it will stop furnishing reports or refrain from "charging off" a delinquent loan). Nor is a forbearance evidence that the "charge off," itself, was improvidently approved. Thus, like the plaintiff in *Eisberner*, "the allegations of [Borowski's Amended Complaint] provide no factual support for the bare legal conclusion that describing [his account] as 'charged off' was inaccurate." *Eisberner*, 921 F. Supp. 2d at 948. Without plausible factual support that Ally's report that it "charged off" of his loan was inaccurate, this theory cannot survive the motion to dismiss.

### B. Ally Did Not Misreport Borowski's Loan as Delinquent.

Borowski's second claim is that the FCRA prevents Ally from granting a borrower a forbearance and then turning around and informing CRAs that the borrower is delinquent for failing to make payments during that forbearance. Ally denies that it granted Borowski a forbearance, but the forbearance's existence is ultimately a red herring. Borowski's date of first delinquency was January 20, 2020. (ECF No. 23-1 at 3.) Yet he did not seek a forbearance until *after* the COVID-19 pandemic shut down non-essential businesses across the United States. (ECF No. 19 ¶¶5-7.) That occurred in March of 2020, which means, even assuming that Ally approved a pandemic forbearance and that approval immunized any *subsequent* non-payments, Ally did not misreport Borowski as delinquent because his initial missed payments predated the forbearance. This is a classic case of a plaintiff pleading himself out of court.

### C. Ally Corrected Errors Borowski's Identified in His Disputes.

Borowski's final claim is that Ally inaccurately reported his loan balance to CRAs. It is true that the information Ally furnished TransUnion reflected an account balance of $6,868 at a time the true balance was $2,543, and the report Ally furnished Experian showed a balance of $6,673 when the true balance was $6,868. (ECF Nos. 23-1 at 3; 23-4 at 3.) But furnishings are not written in permanent marker, and the FCRA does not treat mistakes as unpardonable sin. Indeed, Section 1681s-2(b)'s dispute resolution paradigm exists specifically to allow furnishers to correct errors without incurring liability. And Ally did correct its errors. On February 8, 2021, in response to a dispute Borowski filed less than a month earlier, Ally updated its furnishings to account for a $4,325 payment. (ECF No. 23-1 at 2, 3.) And it later revised the "Current Balance" down to $0 after Borowski satisfied all outstanding obligations. (ECF No. 23-2 at 3.) This demonstrates, contrary to Borowski's claims, that Ally did not "refuse[ ] numerous requests to correct the inaccuracies it caused to be listed onto [his] credit report." (ECF No. 19 ¶13.) [2]

### II. The Court Will Not Grant Leave to Amend.

**\*4** "[L]eave to amend is not automatically granted, and may be properly denied at the district court's discretion[.]" *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). "Reasons for finding that leave should not be granted include ... 'repeated failure to cure deficiencies by amendments previously allowed ... [and] futility of amendment.' " *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis removed). The Court has already permitted Borowski one chance to amend his complaint. (ECF No. 18.) His second attempt has not fared any better than his first. It is unclear what more he could say or how he might reframe the issues to avoid this result in the future. The Court, therefore, denies leave to file a second amended complaint.

### CONCLUSION

For the forgoing reasons,

**IT IS HEREBY ORDERED** that Ally Financial, Inc.'s Motion to Dismiss, ECF No. 20, is **GRANTED**, and the case is **dismissed**.

**All Citations**

Not Reported in Fed. Supp., 2023 WL 4207784

**Footnotes**

| | |
|---|---|
| 1 | These facts are derived from two sources: Borowski's Amended Complaint, ECF No. 19, and the Automated Credit Dispute Verification (ACDV) forms attached to Ally's reply in support of its motion to dismiss. (ECF Nos. 23-1 through 23-4.) Normally, at this stage of the proceedings, the Court simply presumes as true the allegations contained in a plaintiff's complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). But courts also consider "documents attached to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (citation omitted). That courtesy does not necessarily apply to documents attached to a *reply brief* in support of a motion to dismiss. *See Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*, No. 20-cv-377-DWD, 2023 WL 2374371, at *7 (S.D. Ill. Mar. 6, 2023). But because Borowski did not dispute the authenticity of the ACDVs in his Court-permitted surreply, *see Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009), *overruled on other grounds by Hughes v. Northwestern Univ.*, 63 F.4th 615, 622-23 (7th Cir. 2023), and because the ACDV forms are referenced in Borowski's complaint and key to his claims, the Court will incorporate them into its analysis. *See McCready*, 453 F.3d at 891. |
| 2 | One of the ACDVs Ally attached to its motion shows a dispute response that does not correct an apparently erroneous "Current Balance" of $6,673. (ECF No. 23-4 at 3.) But Borowski's dispute in that instance did not concern his account balance. Rather, he alleged "identity fraud" and that the "account [was] fraudulently opened." (*Id.* at 2.) That did not notify Ally of any potential errors with the "Current Balance," and FCRA liability only attaches where the furnisher fails to reasonably investigate based on the information it receives. *See Green v. Cenlar FSB*, No. 19-CV-1555, 2021 WL 1531573, at *5 (E.D. Wis. Apr. 19, 2021). Borowski's dispute, in this instance, did not alert Ally to errors with his balance, so failure to correct that balance is not actionable. |

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.