UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

    *Plaintiffs*,

vs.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX
INFORMATION SERVICES LLC;
TRANS UNION LLC; U.S.
BANCORP; SUMMIT CREDIT
UNION,

    *Defendants*.

Case No. 2:25-cv-01386-WCG

**MEMORANDUM IN SUPPORT OF DEFENDANT U.S. BANCORP'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Brian Peterson ("Peterson" or "Plaintiff") alleges that U.S. Bancorp ("US Bancorp" or "Defendant") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") by reporting inaccurate information to credit reporting agencies and continuing to report erroneous information despite Plaintiff's dispute. Am. Compl. ¶¶ 11, 60–67, 217–52. As a threshold matter, Plaintiff incorrectly names U.S. Bancorp as a party in this action. The proper party, if any, is U.S. Bank, National Association. U.S. Bancorp is a holding company headquartered in Minnesota. U.S. Bancorp is the ultimate parent corporation of U.S. Bank, National Association. It does not service accounts, furnish credit data, or engage in the acts alleged in the Amended Complaint. The Plaintiff has not alleged sufficient facts to pierce the corporate veil. Nonetheless, even if the Plaintiff properly named U.S. Bank, National Association as the Defendant, the Plaintiff fails to state a cause of action.

Plaintiff's first and third causes of action under 15 U.S.C. § 1681s-2(b) are legally insufficient because the statute imposes duties on a furnisher only after it receives notice of a dispute from a consumer reporting agencies ("CRAs"). Allegations that the furnisher received the dispute directly from the consumer, without any allegation that a CRA provided such notice, do not trigger the obligations set forth in § 1681s-2(b). Here, Plaintiff does not allege that a CRA provided US Bancorp notice of his disputes, nor any facts showing an unreasonable investigation or continued reporting of unverified information. Similarly, Plaintiff's second claim, for a violation of § 1681e(b), fails as a matter of law because § 1681e(b) imposes duties on CRAs, not furnishers. Here, Plaintiff's own allegations identify U.S. Bancorp—albeit incorrectly—as a furnisher (Am. Compl. ¶ 6). Finally, Plaintiff's fourth "claim" is not a distinct cause of action recognized under the FCRA. Rather, it is merely a restatement of the types of relief available

under §§ 1681n and 1681o, recast as if it were an independent claim. The enforcement provisions of those sections authorize remedies for proven statutory violations; they do not themselves create separate substantive obligations that can support a standalone count.

## **LEGAL STANDARD**

US Bancorp moves to dismiss the Amended Complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b) motion is timely if—as here—it is "made before pleading if a responsive pleading is allowed." *Id.*

A complaint must include sufficient allegations to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must "take all factual allegations in the complaint as true" and draw all inferences in the plaintiff's favor when considering a motion to dismiss for failure to state a claim (*Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678)), "[c]ourts need not … accept the truth of legal conclusions, and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" (*Iqbal*, 556 U.S. at 678).

Under Rule 12(b)(6), "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452 (7th Cir. 2017). Legal conclusions and conclusory allegations not supported by specific factual assertions are not entitled to the presumption of truth and are disregarded when assessing whether the plaintiff has stated a plausible claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM AGAINST US BANCORP

#### A. Plaintiff Fails to State a Claim for Violation of §§1681s-2(b) and 1681s-2(b)(1)(E).

First, Counts I and III against US Bancorp for violation of 15 U.S.C. § 1681s-2(b) should be dismissed because the Plaintiff fails to allege facts triggering any duty under that provision. Section 1681s-2(b) imposes obligations on a furnisher only *after* it receives notice of a consumer dispute from a consumer reporting agency. *See Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023) (Section 1681s-2(b) "requires a data furnisher to investigate and review disputed information ***forwarded by a credit reporting agency***....") (emphasis added). Here, Peterson alleges that US Bancorp failed to investigate or correct information after receiving letters directly from him. (Am. Compl. ¶¶ 60–67, 218–28, 238–47). The Amended Complaint contains no allegation that any CRA notified US Bancorp of the disputes. Absent such notice, a furnisher's statutory duties under § 1681s-2(b) are not triggered, and there can be no violation for failing to respond to a consumer's direct communications. Peterson therefore fails to state a plausible claim for relief under § 1681s-2(b), and Counts I and III should be dismissed with prejudice.

Second, even if US Bancorp did receive notice from a CRA, Counts I and III should still be dismissed. The Amended Complaint offers only conclusory assertions that U.S. Bancorp furnished inaccurate information, without identifying any materially false or misleading data. (*See Am. Compl.* ¶¶ 11, 60–67, 217–52). Peterson's dispute letters challenged only peripheral account fields—such as "High Credit," "Last Reported Date," "Date Last Active," and "Date of Last Payment." *Id.* ¶ 60. None of these alleged discrepancies suggest delinquency, default, or missed payments. The FCRA requires more. An inaccuracy must be "(1) patently incorrect, or (2)

4

materially misleading . . . in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 776 (7th Cir. 2023) (citations omitted). Minor variations in account metadata, divorced from any substantive misrepresentation of creditworthiness, do not meet this standard. Plaintiff's allegations concern only technical details that would not mislead a reasonable creditor about the nature or status of his account. As such, even taking the Complaint allegations in the light most favorable to Plaintiff, Counts I and III still fail to state claims for relief under 15 U.S.C. § 1681s-2(b).

### B. Plaintiff fails to state a claim for violation of §1681e(b) because that section of the FCRA governs only consumer reporting agencies, and Plaintiff concedes US Bancorp is a furnisher.

Count II must be dismissed because it relies on an FCRA provision that has no application to US Bancorp. Section 1681e(b) obligates *consumer reporting agencies* to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of consumer reports. *See* 15 U.S.C. § 1681e(b). The statutory language, structure, and case law make clear that the obligation under §1681e(b) is exclusive to CRAs, not on entities that merely furnish information to them. *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020) ("Consumer reporting agencies and furnishers, though interrelated, serve discrete functions: furnishers report data to incentivize the repayment of debts, while consumer reporting agencies compile and report that data for a fee."). In short, § 1681e(b) governs CRAs; furnishers are regulated instead under § 1681s-2.

Plaintiff alleges that Defendant is a furnisher, not a consumer reporting agency. (Am. Compl. ¶ 6). As such, because the statute invoked in Count II does not apply to furnishers, Plaintiff fails to state any cognizable claim under § 1681e(b), and dismissal with prejudice is warranted.

### C. Plaintiff's Count IV is not a distinct cause of action recognized under the FCRA.

Count IV should also be dismissed in its entirety. In Count IV, Plaintiff seeks actual and punitive damages under 15 U.S.C. § 1681n for alleged willful violations of the FCRA, and, alternatively, actual damages under 15 U.S.C. § 1681o for alleged negligent violations. (*See* Am. Compl. ¶¶ 248–52). Both sections are purely remedial in nature: they prescribe available damages and liability in the event a substantive FCRA violation is proven. Neither imposes independent duties, and neither can serve as the basis for a stand-alone cause of action.

The statutory text confirms their derivative character. Each section imposes liability only when a person fails "to comply with any requirement imposed under this subchapter." 15 U.S.C. §§ 1681n(a), 1681o(a). Without a violation of another substantive FCRA duty—such as those imposed on consumer reporting agencies by § 1681e(b) or on furnishers by § 1681s-2(b)—there is no predicate for invoking §§ 1681n or 1681o. Plaintiff has already cited these provisions properly as remedies for his other counts (see Am. Compl. ¶¶ 227, 236, 246). He cannot repackage those remedial sections as a separate "cause of action."

Even if §§ 1681n and 1681o could somehow stand alone, dismissal would still be required because Plaintiff fails to plausibly allege that U.S. Bancorp committed any substantive FCRA violation, as explained above. Without such a violation, the damages provisions cannot be triggered.

Plaintiff's damages theory suffers from an additional fatal defect: he seeks compensation for the "loss of opportunity" to obtain credit. Courts interpreting the FCRA have consistently held that speculative injuries of this type are not compensable. *See, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473–74 (2d Cir. 1995) (rejecting lost-opportunity damages unsupported by

proof). The statute allows recovery only for actual, proven harm—such as documented out-of-pocket losses or substantiated emotional distress—not conjectural possibilities.

For all of these reasons, Count IV does not state a cognizable claim and should be dismissed with prejudice.

## **CONLUSION**

This Court should dismiss all four of Plaintiff's claim against US Bancorp. U.S. Bancorp is merely a holding company for U.S. Bank National Association and has no role in servicing accounts, furnishing credit data, or engaging in the conduct alleged. Even setting that defect aside, each FCRA count fails as a matter of law. Counts I and III under § 1681s-2(b) are deficient because that section applies only when a furnisher receives notice of a dispute from a consumer reporting agency—something not alleged here. Count II under § 1681e(b) fails because that provision governs CRAs, not furnishers, and Plaintiff's own pleading confirms U.S. Bancorp is a furnisher. Count IV is not a standalone cause of action at all, but simply a request for damages under §§ 1681n and 1681o, which cannot proceed absent a substantive FCRA violation. For these reasons, all claims against U.S. Bancorp should be dismissed with prejudice.

Dated this 7th day of November 2025.

                                            Respectfully submitted,

                                            */s/ Andrew C. Gresik*
                                            Andrew C. Gresik
                                            WI Bar Number: 1104650

                                            FOLEY & LARDNER LLP
                                            150 East Gilman Street, Suite 5000
                                            Madison, WI 53703
                                            Telephone: (608) 257-5035
                                            Facsimile: (608) 258-4258

Email: agresik@foley.com

*Attorney for U.S. Bancorp*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document was electronically filed with the Clerk of Court and served on all parties and counsel of record using the Court's CM/ECF system.


Dated: November 7, 2025                                   */s/ Andrew C. Gresik*
                                                                                       Andrew C. Gresik