UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT MILWAUKEE

| | |
|---|---|
| BRIAN T. PETERSON,<br>        Plaintiff,<br><br>    vs.<br><br>GREAT MIDWEST BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; U.S. BANCORP; and SUMMIT CREDIT UNION;<br>        Defendants. | CASE NO. 2:25-cv-01386-WCG<br><br>Judge William C. Griesbach |

**TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S [MOTION TO STRIKE] TRANS UNION'S AFFIRMATIVE DEFENSES**

Trans Union LLC ("Trans Union"), by counsel, hereby submits its Memorandum In Opposition to Plaintiff's Motion To Strike Trans Union's Affirmative Defenses, improperly styled as Plaintiff's Response to Trans Union's LLC's Answer to Plaintiff's First Amended Complaint and Defenses [Doc. No. 49] (the "Motion").

The Motion should be denied in this purported Fair Credit Reporting Act case where Plaintiff claims Trans Union allegedly inaccurately reported Great Midwest Bank, Summit Credit Union, and U.S. Bankcorp accounts and now improperly seeks to strike certain defenses asserted by the Trans Union in its Answers because:

    A.    Plaintiff fails to provide any legal citations to support his arguments, which alone should be treated as a basis to deny to the Motion; and

    B.    Plaintiff's Motion To Strike Should Be Denied Because Trans Union's Affirmative Defenses Are Properly Stated.

I.  **INTRODUCTION**

On September 30, 2025, Plaintiff filed his First Amended Complaint [Dkt. 11], alleging the Trans Union violated the Fair Credit Reporting Act ("FCRA") by allegedly inaccurately reported Great Midwest Bank, Summit Credit Union, and U.S. Bankcorp accounts. On October 14, 2025, Trans Union filed its Answer to Plaintiff's Complaint and Affirmative Defenses [Dkt. 25]. On October 29, 2025, Plaintiff filed the Motion [Dkt. 49] and Declaration of Brian T. Peterson in Support of Plaintiff's Opposition to Defendant Transunion LLC's Motion [Dkt. 50] ("Declaration").

II.  **LEGAL STANDARD**

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings". *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts will not strike an affirmative defense if they are sufficient as a matter of law or if they present questions of law or fact. *See Id.* Additionally, in this Court, "motions to strike are disfavored." *See Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993). A motion to strike will only be granted if the pleading at issue is "patently defective and could not succeed under any circumstances" *See* Id. Generally, courts have held that an affirmative defense is sufficient and "invulnerable to a motion to strike" as long as the pleading gives fair notice to the plaintiff regarding the nature of the defense. *See Codest Eng'g v. Hyatt Int'l Corp.,* 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. Moreover, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

III. **ARGUMENT**

   A. **Plaintiff Fails To Provide Any Legal Citations To Support His Arguments, Which Alone Should Be Treated As A Basis To Deny To The Motion.**

Plaintiff's Motion fails to cite any case law or any other citations, beyond simple citations to the FCRA, in support of his request that that Court strike or overrule Trans Union's purported defenses. *See generally* Motion. Accordingly, because Plaintiff has offered no authority to support his request, Plaintiff failed to meet his burden and Trans Union respectfully request that Plaintiff's Motion be denied.

   B. **Plaintiff's Motion To Strike Should Be Denied Because Trans Union's Affirmative Defenses Are Properly Stated.**

Plaintiff requests that all of Trans Union's affirmative defenses be stricken and overruled by the Court. *See* Motion at pp. 91 - 93. Plaintiff argues that affirmative defenses are not supported by facts and should be stricken. *See* Motion at pp. 91 – 93. However, Plaintiff fails to recognize that defenses do not have to be proven at this stage of the litigation but need only be adequately pleaded.

Although "most district courts in this circuit …. have applied the plausibility standard to affirmative defenses," *Or. Potato Co. v. Kerry Inc.*, No. 20-cv-92-jdp, 2020 WL 4586401, *2 (W.D. Wis. Aug. 10, 2020), it typically does not "take a rich factual exposition to make an affirmative defense plausible" because "the context of an affirmative defense includes the allegations of the complaint." *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-jdp, 2015 WL 3407862, *2 (W.D. Wis. May 27, 2015). "To warrant court intervention, the offending defense must give rise to some kind of prejudice, such as actual confusion, or it must at a minimum be shown how striking the matter would streamline the case." *See Hartwig v. Experian Info. Sols. Inc.*, No. 23-CV-8-WMC, 2023 WL 3301253, *2 (W.D. Wis. May 8, 2023). Plaintiff's Motion

make no arguments regarding that Trans Union's affirmative defenses prejudice Plaintiff or that striking any defense would streamline the case. *See* Motion at pp. 91 – 93.

Further, as long as Trans Union's affirmative defenses give fair notice to Plaintiff of the nature of the defenses, the Court should not strike them. *See Codest Eng'g v. Hyatt Int'l Corp.* at 1228. Trans Union has fully complied with the Federal Rules of Civil Procedure in the preparation of its affirmative defenses, as specifically discussed below. The Court will take each contested affirmative defense in turn.

1. <u>Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.</u>

Plaintiff arguments that "Plaintiff's claims are properly pled under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and supported by detailed factual allegations demonstrating Trans Union's willful and/or negligent violations of 15 U.S.C. §§ 1681e(b) and 1681i." *See* Motion at 92. Trans Union responds that this affirmative defense complies with the Federal Rules of Civil Procedure.

As one Court recently explained:

> A party may raise a failure-to-state-a claim defense in any pleading allowed, including an answer. [*Sprint Solutions, Inc. v. Shoukry,* No. 2:14-cv-127, 2014 WL 5469877, *2 (S.D. Ohio Oct. 28, 2014)] (citation omitted); *see* Fed. R. Civ. P. 12(h)(2)(A). Defendants' failure-to-state-a-claim defense in an answer "should rarely, if ever, be stricken as legally insufficient." *Thomas v. Croft*, No. 2:10-cv-74, 2010 WL 3061596, *3-4 (S.D. Ohio Aug. 2, 2010) (Smith, J.) (citation omitted).

*Jones v. Enter. Holdings, Inc.*, No. 2:23-cv-920, 2024 WL 2952372, *2 (S.D. Ohio June 12, 2024). Defendant has given fair notice of this affirmative defense. Plaintiff's motion is overruled as to this affirmative defense.

2. <u>Trans Union's reports concerning Plaintiff were true or substantially true.</u>

Plaintiff argues that "[t]he pleadings and evidence demonstrate that Trans Union reported inaccurate, incomplete, and unverifiable information despite receiving multiple written disputes and supporting documentation from Plaintiff." *See* Motion at p. 92. Plaintiff has not presented to the Court that, with further factual development, this defense would not allow Trans Union to prevail on at least some of Plaintiff's claims. *See Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) (the first element of a § 1681e(b) claim requires a plaintiff to show that a credit reporting agency reported either patently incorrect information or information so misleading that it would be expected to have an adverse effect on the consumer). The fact that Plaintiff disagrees with Trans Union's defense is immaterial. Defendant has given fair notice of this defense. Plaintiff's motion is overruled as to this affirmative defense.

   3. <u>Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.</u>

Plaintiff argues that the "Trans Union's continued publication of inaccurate tradelines and its issuance of boilerplate dispute responses constitute violations of 15 U.S.C. § 1681e(b)." *See* Motion at p. 92. Plaintiff's opinion about Trans Union's dispute responses is irrelevant to this defense. Trans Union's defense of reasonable procedures being maintained does address 15 U.S.C. § 1681e(b), but handling consumer disputes instead involves 15 U.S.C. § 1681i, and, thus, requires a different analysis. As Plaintiff's objection is premised on a complete misunderstanding of the elements of his claims, he has provided no basis for striking this defense. Trans Union has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

4. <u>At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.</u>

Without providing any legal basis, Plaintiff argues that "No such privileges shield a consumer reporting agency from liability for publishing false and damaging credit information or for failing to reinvestigate properly disputed data." *See* Motion at p. 92. Trans Union's affirmative defense fully complies with the Federal Rules of Civil Procedure. The fact that Plaintiff disagrees that any privileges or protections exist for consumer reporting agencies, such as Trans Union, is not a basis for striking this defense. Plaintiff fails to allege that Trans Union has not given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

5. <u>Plaintiff has failed to take reasonable steps to mitigate his damages, if any.</u>

Plaintiff argues that "Plaintiff took all reasonable steps to minimize harm, including submitting timely disputes, providing documentation, and notifying the credit reporting agencies and furnishers of inaccuracies." *See Id.* Again, the fact that Plaintiff disagrees with the ultimate outcome of this defense is not a basis for striking it. Simply, Plaintiff does not argue that Trans Union has not given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

6. <u>Plaintiff's damages are the result of acts or omissions committed by Plaintiff.</u>

Plaintiff argues that "Plaintiffs damages were directly and proximately caused by Trans Union's willful and/or negligent conduct in violation of the FCRA." *See Id*. Defendant argues that it is entitled to test the sufficiency of plaintiff's causation allegations, which are necessary to sustain his claim for actual damages. *See Ferrarelli v. Federated Fin. Corp. of Am.*, No. 07-cv-685, 2009 WL 116972, *7 (S.D. Ohio Jan. 16, 2009) ("Without a causal relation between the

violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages,' . . . which is one of the remedies under the FCRA.") (quoting *Crabill v. TransUnion*, 259 F.3d 662, 664 (7th Cir. 2001)).

Defendant has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

7. <u>Plaintiff's damages are the result of acts or omissions committed by other parties to this action over whom Trans Union has no responsibility or control.</u>

Plaintiff argues that "[w]hile other entities may share liability, Trans Union's independent duties under the FCRA render it separately and concurrently liable for its violations." *See* Motion at p. 93. Trans Union argues that this defense presents the possibility that other parties (e.g., creditors) might have caused Plaintiff's damages. Discovery will show who is responsible for any alleged damages asserted by Plaintiff. For the reasons explained with respect to the affirmative defense above, Trans Union has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

8. <u>Plaintiff's damages are the result of acts or omissions committed by the non-parties over whom Trans Union has no responsibility or control.</u>

Plaintiff makes the same argument as above that "[w]hile other entities may share liability, Trans Union's independent duties under the FCRA render it separately and concurrently liable for its violations." *See Id.* Again, Trans Union argues that this defense presents the possibility that non-parties (e.g., creditors) might have caused Plaintiff's damages. For the reasons explained with respect to the affirmative defense above, Trans Union has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

9. <u>Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.</u>

Plaintiff argues that "[p]unitive damages are expressly authorized under 15 U.S.C. § 1681n(a)(2) for willful noncompliance and are consistent with the Due Process Clause and controlling Supreme Court precedent. *See Id*. Although Plaintiff is authorized under the FCRA to assert punitive damages claims, Plaintiff argument does not address Trans Union's defense that such assertions violate Trans Union's rights, nor does Plaintiff assert he does not have fair notice of this defense. For the reasons explained with respect to the affirmative defense above, Trans Union has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

10. <u>Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.</u>

Plaintiff objections to this defense but does not offer any reason for it to be stricken. *See Id.* For the reasons explained with respect to the affirmative defense above, Trans Union has given fair notice of this affirmative defense. Plaintiff's motion should be overruled as to this affirmative defense.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court deny Plaintiff's Motion to Strike Trans Union's Affirmative Defenses, improperly styled as Plaintiff's Response to Trans Union's LLC's Answer to Plaintiff's First Amended Complaint and Defenses and award Trans Union' fees in preparing a response to the Motion, and for all other just and proper relief.

Page 8 of 10
Case 2:25-cv-01386-WCG    Filed 11/19/25    Page 8 of 10    Document 64

Respectfully submitted,

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **19th day of November, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Mary C. Turke, Esq. <br> mary@turkelaw.com | Erin M. Cook, Esq. <br> mcook@gklaw.com |
| Theresa M. Correa McMichen, Esq. <br> tcorreamcmichen@gklaw.com | Lauren E. Lacey, Esq. <br> lauren.lacey@troutman.com |
| Nathan Grzegorek, Esq. <br> ngrzegorek@polsinelli.com | Andrew C. Gresik, Esq. <br> agresik@foley.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **19th day of November, 2025**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** <br> Brian T. Peterson <br> 590 Mill Pond Road <br> Dousman, WI 53118 | |

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*