# EXHIBIT A

2020 WL 4586401
Only the Westlaw citation is currently available.
United States District Court, W.D. Wisconsin.

OREGON POTATO COMPANY, doing business as Rader Farms, Plaintiff,
v.
KERRY INC., Defendant.

20-cv-92-jdp
|
Signed 08/10/2020

**Attorneys and Law Firms**

Michael A. McCaskey, Brooke Rogers, Swanson, Martin & Bell, Chicago, IL, for Plaintiff.

Jesse Leigh Jenike-Godshalk, Thompson Hine LLP, Cincinnati, OH, Peter Kocoras, Thompson Hine LLP, Chicago, IL, for Defendant.

OPINION and ORDER

JAMES D. PETERSON, District Judge

***1** Plaintiff Oregon Potato Company is suing defendant Kerry Inc. for breach of contract, alleging that Kerry failed to fulfill orders as promised. Kerry has asserted several affirmative defenses in its answer, and now Oregon Potato moves to strike two of those defenses: (1) failure to state a claim; and (2) force majeure. Dkt. 10. The court will grant the motion to strike, but Kerry may file an amended answer that fixes the problems with its force majeure defense.

BACKGROUND

Oregon Potato Company entered a licensing agreement with third party Jamba Juice, giving Oregon Potato the right to manufacture and distribute various flavors of frozen smoothie mixes that customers can use to make smoothies at home. One ingredient of the mix was a yogurt cube manufactured by defendant Kerry Inc. Oregon Potato placed eleven purchase orders with Kerry for yogurt cubes, but Kerry failed to deliver the products as promised. Some of the orders were late, and others never came. Oregon Potato alleges that it sustained damages of approximately $2,600,000.

ANALYSIS

**A. Legal standard**
Under Federal Rule of Civil Procedure 12(f), a court may strike "an insufficient defense" from the defendant's answer. The Court of Appeals for the Seventh Circuit has provided limited guidance on the standard district courts should apply under Rule 12(f). In *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), the court stated: "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement,' of the defense," pursuant to Federal Rule of Civil Procedure 8(a). *See also Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (applying Rule 8(a) standard to affirmative defense). *Heller* suggests that the pleading standard that applies to claims should also apply to defenses.

The court of appeals has not considered the standard for pleading an affirmative defense since the Supreme Court decided *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under those cases, a complaint must be plausible on its face and include allegations that raise the right to relief above a speculative level. One leading treatise argues that the plausibility standard shouldn't apply to affirmative defenses because *Twombly* and *Iqbal* relied on the language of Rule 8(a), which requires a party to "show[ ]" that it is entitled to relief, but Rule 8(c), which applies to affirmative defenses, requires only that a party "affirmatively state" a defense. 2 *Moore's Federal Practice* § 8.08[1] (3d. ed 2020). The treatise also says that *Twombly* and *Iqbal* were concerned about the burdens of discovery, but that is a less of a concern with affirmative defenses because striking an affirmative defense will not end the case, so both sides will still be subjected to discovery on the plaintiff's claim even if the defenses are struck. *Id.* Finally, the treatise says that "defendants do not have the luxury of a prefiling

investigation," and they generally only have 21 days to file an answer, so requiring plausibility "is likely to accomplish little more than encouraging a flurry a motions to strike affirmative defenses." *Id.*

***2** The arguments in the treatise have considerable appeal, and they are consistent with the view that motions to strike are typically a waste of time. *See Heller*, 883 F.2d at 894. But the plausibility standard comes from Rule 8(a), which *Heller* says also applies to affirmative defenses. Moreover, it appears that most district courts in this circuit, including this one, have applied the plausibility standard to affirmative defenses. *See Dace v. Chicago Pub. Sch.*, No. 19 C 6819, 2020 WL 1861671, at *4 (N.D. Ill. Mar. 18, 2020) (collecting cases); *Scalia v. Comfort Care 4 U*, LLC, No. 19-cv-226-jdp, 2019 WL 6174379, at *1 (W.D. Wis. Nov. 20, 2019). *But see, e.g., Eastgate Investments I, LLC v. MW Builders, Inc.*, No. 19-cv-304-jtm-jpk, 2020 WL 1887936, at *1 (N.D. Ind. Apr. 15, 2020) (concluding that plausibility standard doesn't apply to affirmative defenses because of textual differences between Rule 8(a) and Rule 8(c)).

Until the court of appeals provides additional guidance, the court will apply the plausibility standard to affirmative defenses. "But the context of an affirmative defense includes the allegations of the complaint, and thus it typically does not take a rich factual exposition to make an affirmative defense plausible." *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-jdp, 2015 WL 3407862, at *2 (W.D. Wis. May 27, 2015). And what qualifies as sufficient must take into consideration the information available to the defendant at the pleading stage. *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015).

**B. Failure to state a claim**
Oregon Potato moves to strike Kerry's first affirmative defense, which is for failure to state a claim upon which relief can be granted. As other courts have noted, "failure to state a claim" isn't an affirmative defense. *See Dace*, 2020 WL 1861671, at *3 (collecting cases). An affirmative defense is something that limits or excuses the defendant's "liability even if the plaintiff establish[es] a prima facie case." *Tober v. Graco Children's Products, Inc.*, 431 F.3d 572, 579 n.9 (7th Cir. 2005). And an affirmative defense is an issue that the *defendant* bears the burden of proving. *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019). The plaintiff has the burden of proving that it has stated a claim, and Rule 12(h)(2) allows a party to raise failure to state a claim at any time until trial, which is inconsistent with a view that the defendant must plead the defense.

So the court will grant the motion to strike this defense, but it doesn't prevent Kerry from challenging the sufficiency of the complaint later in the case.

**C. Force majeure**
Oregon Potato also contends that the court should strike Kerry's fourth affirmative defense, force majeure. In support of that defense, Kerry alleges in its answer that "any nonperformance or delay on the part of Kerry, Inc. was caused by factors outside of Kerry Inc.'s control, including, but not limited to, a breakdown of equipment used to manufacture the yogurt chips." Dkt. 8, at 9.

Oregon Potato contends that Kerry's force majeure defense is insufficient for four reasons: (1) the defense is "redundant" to Kerry's fifth affirmative defense of commercial impossibility and impracticability; (2) the defense doesn't apply to mechanical breakdowns; (3) the defense doesn't apply unless the contract at issue includes a force majeure clause, and Kerry hasn't identified a contract with such a provision; and (4) Kerry didn't provide enough factual detail explaining the basis for the defense.

***3** Oregon Potato's contentions raise questions about the scope of a force majeure defense, which, in turn, raises the question of which state's law applies to this case. Neither side includes a choice-of-law discussion in their brief, which generally means that Wisconsin law applies. *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state."). But both sides cite case law from throughout the country, suggesting that neither side believes that Wisconsin law meaningfully differs from other jurisdictions on this issue.

As a general matter, a force majeure is a "superior or irresistible force which keeps parties from performing under a contract due to causes which are outside the control of the parties and could not be avoided by exercise of due care." *State v. Noyes*, 149 Wis. 2d 401, 439 N.W.2d 646 (Ct. App. 1989) (quoting Black's Law Dictionary 581 (5th ed. 1979)). But the general rule is that the scope of a force majeure *defense* is dependent on the language of a contractual provision. *See Wisconsin Elec. Power Co. v. Union Pac. R. Co.*, 557 F.3d 504, 507 (7th Cir. 2009) ("[A] force majeure clause must always be interpreted in accordance with its language and context,

like any other provision in a written contract."). It follows that a party doesn't have the right to raise the defense unless a contract creates that right. Kerry acknowledges this in its brief. Dkt. 15, at 5 ("[F]orce majeure is a defense based on the particular language used in parties' contracts.").

In contrast, impossibility is a common-law defense that "excuses performance when it would be unreasonably costly (and sometimes downright impossible) for a party to carry out its contractual obligations." *Wisconsin Elec. Power,* 557 F.3d at 505. "[T]he proper question in an 'impossibility' case is whether the promisor's nonperformance should be excused because the parties, if they had thought about the matter, would have wanted to assign the risk of the contingency that made performance impossible or uneconomical to the promisor or to the promisee; if to the latter, the promisor is excused." *Id.* (internal quotation marks and alterations omitted).

So force majeure and impossibility are distinct defenses, but they both relate to a party's ability to perform the contract. If a force majeure clause is included in a contract, it supersedes the common law doctrine of impossibility. *Commonwealth Edison Co. v. Allied-Gen. Nuclear Servs.,* 731 F. Supp. 850, 855 (N.D. Ill. 1990) (citing *Northern Indiana Public Service Co. v. Carbon County Coal Corp.,* 799 F.2d 265, 276 (7th Cir. 1986)). This means that Kerry can't prevail on both defenses, but Rule 8(d)(2) and (3) allow a party to plead defenses in the alternative, even if the defenses are inconsistent. So the court won't strike the force majeure defense as "redundant" of the impossibility defense.

The question remains whether Kerry has adequately pleaded a force majeure defense. Mechanical breakdown can be a force majeure, but only if the contract at issue defines it as such. *See, e.g., IPF/Ultra Ltd. Partnership v. UP Improvements, LLC,* No. 2:08-CV-21, 2008 WL 3896746 (N.D. Ind. Aug. 19, 2008). So the important questions for a force majeure defense are whether the relevant contract includes a force majeure clause, and, if so, what the clause says. In this case, Kerry doesn't allege that it has a contract with Oregon Potato that includes a force majeure clause, so the defense is insufficient on its face. The court will grant the motion to strike this defense, but Kerry may have an opportunity to file an amended answer that includes the necessary allegations.

ORDER

**\*4** IT IS ORDERED that plaintiff Oregon Potato Company's motion to strike defendant Kerry Inc.'s first and fourth affirmative defenses, Dkt. 10, is GRANTED, and those two defenses are DISMISSED. Kerry may have until August 24, 2020, to file an amended answer that identifies a force majeure clause in a relevant contract. If Kerry fails to respond, the dismissal with be with prejudice.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 4586401

End of Document                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.