# EXHIBIT B

2015 WL 3407862
Only the Westlaw citation is currently available.
United States District Court,
W.D. Wisconsin.

NOUIS TECHNOLOGIES, INC., Plaintiff,
v.
POLARIS INDUSTRIES INC., Polaris Industries Inc., Polaris Industries Manufacturing LLC, Defendants.

No. 14–cv–233–jdp.
|
Signed May 27, 2015.

**Attorneys and Law Firms**

Konrad V. Sherinian, Depeng Bi, Frank W. Young, The Law Offices of Konrad Sherinian, LLC, Naperville, IL, Michael Paul Erhard, Erhard & Payette, LLC, Madison, WI, for Plaintiff.

Alyssa Nicole Lawson, Christine S. Yun Sauer, Cyrus Morton, Ronald James Schutz, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN Catherine Cetrangolo, Cetra Law Firm, LLC, Madison, WI for Defendant.

OPINION & ORDER

JAMES D. PETERSON, District Judge.

**\*1** Plaintiff Nouis Technologies, Inc. accuses the Polaris defendants of infringing its patented flyweight system for recreational vehicles. In answer to Nouis's complaint, Polaris listed 11 affirmative defenses and alleged two counterclaims. Dkt. 15. Nouis has moved to strike the affirmative defenses and to dismiss the counterclaims because each fails to plead facts and instead states only legal conclusions. Dkt. 29. Nouis is probably correct that Polaris's responsive pleadings are technically insufficient. But at this point in the case, requiring Polaris to correct its pleadings would be a waste of time and resources. The court will therefore deny the motion.

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The claim must be "plausible on its face," and include factual allegations that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Conclusory allegations that recite the elements of a claim are insufficient. Ashcroft v. IRbal, 556 U.S. 662, 678 (2009). Rule 12 allows the court to correct defective pleadings by dismissing them, striking them, or requiring that parties revise them into more definite statements. But in considering whether to grant a such a motion, this court will bear in mind that the basic function of pleading is to put a party on notice of the other side's claims and defenses.

This case is in an unusual posture. Plaintiff filed its motion to dismiss the affirmative defenses and counterclaims in August 2014. The parties later stipulated to staying this litigation to seek *inter partes* review with the Patent Trial and Appeal Board (PTAB). Dkt. 56. The court essentially granted that motion by dismissing the case without prejudice and denying all pending motions. Dkt. 57. Five months later, after PTAB declined review, the parties came back to reopen the case. Dkt. 58. On April 10, 2015, the court gave the parties a new schedule, which included new deadlines to disclose contentions of infringement (May 8) and invalidity (May 29). *See* Dkt. 65. A few days later, on April 13, Nouis moved to have the court decide its earlier motion to dismiss Polaris's pleadings. Dkt. 66. Given the posture of this case, which included the filing of a petition for *inter partes* review, plaintiff now has more actual knowledge of defendants' position than would be typical of a case at the initial pleading stage.

**A. Affirmative defenses**
Polaris's affirmative defenses are factually sparse. Although the Seventh Circuit has not yet explicitly ruled on whether the *Twombly–IRbal* standard applies to affirmative defenses, many courts in this circuit have applied it. Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, 55 F.Supp.3d 1034, 1040 (N.D.Ill.2014) (collecting cases). For the purposes of this motion, the court will assume that the *Twombly–IRbal* standard applies to defendants' affirmative defenses.

**\*2** But the context of an affirmative defense includes the allegations of the complaint, and thus it typically does not take a rich factual exposition to make an affirmative defense plausible. Traditionally, successful motions to

strike affirmative defenses are somewhat rare. "This is because motions to strike potentially serve only to delay." *Heller Fin. v. Midwhey Powder Co.,* 883 F .2d 1286, 1294 (7th Cir.1989). That is the court's concern here.

But that is not to say that Nouis is not entitled to a full explanation of the basis of Polaris's affirmative defenses. One way of calling for some additional explanation is to move for a more definite statement under Rule 12(e). *United States v. Employing Plasterers Ass'n of Chi.,* 347 U.S. 186, 189 (1954) ("If a party needs more facts, it has a right to call for them.").

The court has no doubt that Nouis is entitled to additional information. In its answer, Polaris asserts the following affirmative defenses: non-infringement, invalidity, disclaimer, prosecution history estoppel, equitable defenses (laches, waiver, estoppel), limitation on damages, adequate remedy at law, unexceptional case (to limit potential damages), failure to state a claim of willfulness, failure to state a claim of indirect infringement, and reservation of additional defenses. Dkt. 15. Polaris states each defense in one conclusory sentence. For example: "Nouis Tech's claims for relief are barred, in whole or in part, by the equitable doctrine of laches, waiver, and/or estoppel." *Id.* at 15. Without more, these assertions are "nothing but bare bones conclusory allegations." *Heller,* 883 F.2d at 1295. Although Polaris argues that the facts in Nouis's complaint are sufficient to support its allegations, Polaris fails to specify which facts apply to which particular defenses. Polaris's eleventh defense, reserving the right to add more defenses at a later time, is particularly inappropriate and unnecessary. *Dresser Indus., Inc. v. Pyrrhus AG,* 936 F.2d 921, 928 n. 6 (7th Cir.1991) ("[T]here is no procedure for reserving a right to plead affirmative defenses at a later date."). If Polaris decides to add defenses later in the case, it may move to amend its answer under Rule 15, but as the case goes on, amendments under Rule 15 will require progressively greater justification.

Polaris's defenses may well be insufficient under Rule 8, but Nouis has other more effective means of getting the information it needs. Striking the defenses is unnecessary and requiring Polaris to correct them at this point would be a waste of time and resources. Nouis now has the benefit of the disclosures made in discovery and in Polaris's court-ordered disclosure of its contentions. These exchanges have surely given Nouis far more sufficient notice of Polaris's defenses than a revised answer would.

**B. Counterclaims**

In response to Nouis's complaint alleging that Polaris infringed the ′056 patent, Polaris counterclaimed first that it did not infringe, and second that the patent is invalid. Dkt. 15. In its first counterclaim, Polaris asserts that "Polaris does not infringed [sic] and has not infringed (directly, indirectly, by inducement, contributorily, willfully, or otherwise) any valid claim of the ′056 Patent, either literally or under the doctrine of equivalents." Dkt. 15, at 18. In its second counterclaim, Polaris asserts that "the ′056 Patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112." *Id.* Nouis alleges that the two counterclaims fail to meet the pleading requirements and must be dismissed under Rule 12(b). Dkt. 29.

**\*3** The court is not entirely sympathetic to Nouis's criticism of the non-infringement counterclaim. In patent litigation, a counterclaim for a declaration of non-infringement is largely a placeholder in case the plaintiff were to try to dismiss the case. But the burden to prove infringement is on always on the patent holder, in this case Nouis. *Under Sea Indust., Inc. v. Dacor Corp.,* 833 F.2d 1551, 1557 (Fed.Cir.1987) ("The burden is always on the patentee to show infringement."). Although the pleading standards for direct and indirect infringement may differ somewhat, *see In re Bill of Lading Transmission & Processing System Patent Litigation,* 681 F.3d 1323, 1336 (Fed.Cir.2012), generally, denying the allegation of infringement more or less inherently sets up a plausible counterclaim for non-infringement. Thus, Polaris's bare-bones non-infringement counterclaim may pass muster under Rule 8.

Again, however, Nouis is entitled to know Polaris's non-infringement theory. But Nouis has better means of getting at that theory than a motion to strike or even a motion for a more definite statement. Nouis can get what it needs through Polaris's infringement contentions and through contention interrogatories.

Polaris's counterclaim of invalidity requires a slightly different analysis because it is Polaris's burden to prove invalidity, *Microsoft Corp. v. i4i Ltd. P'ship,* 131 S.Ct. 2238, 2242–43 (2011). An adequately pleaded counterclaim of invalidity requires more supporting facts than Polaris has provided. Polaris fails to provide any factual support for its counterclaim, and fails to specify the statute on which it relies, instead citing to all of federal patent law.

WESTLAW  © 2025 Thomson Reuters. No claim to original U.S. Government Works.    2

However, for the same reasons identified above, efficiency counsels against dismissing the claims or requiring Polaris to revise. Nouis already has very detailed information about the basis of Polaris's invalidity counterclaim from the petition for *inter partes* review. Polaris's invalidity contentions are due in a few days, and at that point Nouis will have a complete articulation of the basis of Polaris's claim that the patent-in-suit is invalid.

The court reiterates that all parties will be bound by their disclosures and discovery responses. If those disclosures and responses are insufficient, an aggrieved party should promptly move the court for appropriate relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Nouis Technologies, Inc.'s motion to strike defendants Polaris Industries Inc., Polaris Industries Inc., and Polaris Industries Manufacturing LLC's affirmative defenses and to dismiss their counterclaims, Dkt. 29, is DENIED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3407862

© 2025 Thomson Reuters. No claim to original U.S. Government Works. 3