# EXHIBIT D

**2024 WL 2952372**
Only the Westlaw citation is currently available.
United States District Court, S.D. Ohio, Eastern Division.

Tevin JONES, Plaintiff,
v.
ENTERPRISE HOLDINGS, INC., et al., Defendants.

Case No. 2:23-cv-920
|
Filed: June 12, 2024

**Attorneys and Law Firms**

Tevin Jones, Columbus, OH, Pro Se.

M. Scott McIntyre, Baker & Hostetler LLP, Cincinnati, OH, for Defendants.

### OPINION AND ORDER

SARAH D. MORRISON, UNITED STATES DISTRICT JUDGE

**\*1** This matter is before the Court on *pro se* Plaintiff Tevin Jones's Motion to Strike Affirmative Defenses. (ECF No. 22.) Defendants Enterprise Holdings, Inc.; EAN Holdings, LLC dba Enterprise Rent-a-Car; Jason Pearson; and John Bowron oppose the Motion. (ECF No. 26.) For the reasons below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Mr. Jones alleges that Defendants discriminated against him when he worked at Enterprise in violation of Title VII, the Americans with Disabilities Act, the Family and Medical Leave Act, and Ohio's Fair Employment and Practices Act. (Compl., ECF No. 1.) A few months after filing his complaint, Mr. Jones sought leave to amend the complaint so that he could add a claim under 42 U.S.C. § 1981. (ECF No. 12.) The Court permitted Mr. Jones to amend his Complaint.

Defendants timely filed Answers to Mr. Jones's Amended Complaint. EAN's, Mr. Pearson's, and Mr. Bowron's Answers contain seventeen identical affirmative defenses (ECF Nos. 18, 19, 21) while Enterprise's Answer asserts the same seventeen defenses plus one more affirmative defense (ECF No. 20).

Mr. Jones moves to strike almost all of Defendants' affirmative defenses.

### II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is a drastic remedy, and motions to strike are viewed with disfavor and are not often granted because of the practical difficulty of deciding cases without a factual record. *Mapp v. Bd. of Educ.*, 319 F.2d 571, 576 (6th Cir. 1963) (citations and quotations omitted). Although motions to strike can "serve a useful purpose by eliminating insufficient defenses," a district court should strike only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (Kinneary, J.) (citation omitted).

### III. ANALYSIS

Mr. Jones argues that Defendants' affirmative defenses should be stricken because they fail to meet the pleading requirements articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In these cases, the Supreme Court held that a complaint must contain sufficient facts to state a plausible claim for relief on its face, and mere conclusory statements are insufficient to state a cause of action. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 697.

Mr. Jones also contends that Defendants' affirmative defenses are insufficient as a matter of law.

### A. The "fair notice" standard applies to affirmative defenses.

Neither the Sixth Circuit nor the Supreme Court has expressly held that the heightened pleading standard in *Iqbal* and *Twombly* applies to affirmative defenses. *See Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011); *see also Depositors Ins. Co. v. Est. of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016). District courts in this circuit and, more narrowly, within the Southern District of Ohio are split on this issue. *Compare Kirkbride v. Kroger Co.*, No. 2:21-cv-00022, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (Marbley, J.) (applying the *Iqbal* and *Twombly* standard to affirmative defenses), *with Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.) ("Because the Supreme Court and the Sixth Circuit have not expressly held that heightened pleading applies to defenses, the Court declines to do so here.").

**\*2** An affirmative defense is sufficient "so long as it gives plaintiff fair notice of the nature of the offense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). In other words, a motion to strike an affirmative defense should be granted only if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers Loc. 324 Health Care Plan v. G &W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (cleaned up). This is consistent with Federal Rule of Civil Procedure 8(c)(1), which states that a party asserting an affirmative defense need only "affirmatively state any avoidance or affirmative defense...." Therefore, stating an affirmative defense "in general terms" is enough to give the plaintiff fair notice of the defense. *See Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *7 (S.D. Ohio July 25, 2022) (Black, J.) (finding that plain statements were sufficient to fairly notice the plaintiff of the nature of the defense).

### B. Defendants' affirmative defenses give fair notice of the nature of their defenses.

Mr. Jones makes a case for why each of the challenged affirmative defenses[1] should be stricken, arguing that they are boilerplate, and lack factual support. Because the Court rejects his assertion that the *Iqbal* and *Twombly* pleading standard applies, the Court will address each defense under the fair notice standard.

#### 1. Defense One–Failure to State Claim

Defendants' first affirmative defense asserts that Mr. Jones's complaint fails to state a cause of action upon which relief can be granted.

A party may raise a failure-to-state-a claim defense in any pleading allowed, including an answer. *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.) (citation omitted); *see* Fed. R. Civ. P. 12(h)(2)(A). Defendants' failure-to-state-a-claim defense in an answer "should rarely, if ever, be stricken as legally insufficient." *Thomas v. Croft*, No. 2:10-CV-74, 2010 WL 3061596, at *3-4 (S.D. Ohio Aug. 2, 2010) (Smith, J.) (citation omitted).

#### 2. Defenses Two and Ten–Failure to Exhaust Administrative Remedies

Defense Two asserts that Mr. Jones failed to exhaust his administrative remedies, and Defense Ten asserts that his allegations exceed the scope of his Equal Employment Opportunities Commission ("EEOC") charge.

A Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC or the appropriate state commission. *Crowder v. Railcrew Xpress*, 557 F. App'x 487, 491 (6th Cir. 2014). Although Mr. Jones argues that he timely filed his EEOC charge, Defendants' failure-to-exhaust affirmative defense and whether his allegations fall outside his EEOC charge are more appropriately the subject of dispositive motion practice.

#### 3. Defense Three–Statute of Limitations

Defense Three states that Mr. Jones's claims are barred by statute of limitations. Defendants have given fair notice to Mr. Jones that his causes of action may be barred by the applicable statutes of limitations.

#### 4. Defense Four–Equitable Doctrines

Defense Four asserts that the doctrines of laches, waiver, accord and satisfaction, estoppel, and unclean hands bar Mr. Jones's Complaint. While these defenses lack factual detail, they provide Mr. Jones with fair notice of the nature of Defendants' defenses.

### 5. Defenses Six and Seven–Punitive Damages

*3 Defense Six asserts that Mr. Jones's claim for punitive damages is barred by the Constitution, and Defense Seven states that punitive damages are not appropriate.

Mr. Jones seeks punitive damages, which is available under at least one of his claims. Because the issues of punitive damages are directly related to the controversy, are contested by the parties, and may require additional factual and legal development, Mr. Jones is on fair notice of these defenses.

### 6. Defenses Eight, Nine, and Eleven–Causation and Mitigation

Defense Eight alleges that Mr. Jones's complaint is barred because there is no causal relationship between Defendants' actions and Mr. Jones's alleged injuries, Defense Nine asserts that Mr. Jones's actions are the sole proximate cause of his injuries, and Defense Eleven states that Mr. Jones failed to mitigate his injuries. The Answers provide Mr. Jones with fair notice of the nature of these defenses.

### 7. Defenses Twelve, Thirteen, and Fourteen–Mr. Jones's Conduct

Defense Twelve asserts that Mr. Jones does not have a qualified disability, Defense Thirteen claims that any accommodation he sought would have been unreasonable, and Defense Fourteenth states that he was disqualified based on business necessity. Although Defendants' defenses are brief, they are enough to give Mr. Jones fair notice of the nature of these defenses.

### 8. Defense Fifteen–Doctrine of After-Acquired Evidence

Mr. Jones challenges Defense Fifteen, which states that his damages are barred by the doctrine of after-acquired evidence. These allegations have put Mr. Jones on notice of Defendants' interest in proving that he participated in additional wrongful conduct that could give rise to an affirmative defense based on the after-acquired evidence doctrine.

### 9. Defense Seventeen–Reservation of Rights

In Defense Seventeen, Defendants seek to "reserve the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise."

Courts in this circuit have held that a defendant's right to reserve affirmative defenses is improper because such a right is a legally nullity. *Barkley v. Nationwide Agribusiness Ins. Co.*, No. 2:22-CV-4458, 2024 WL 1142177, at *6 (S.D. Ohio Mar. 15, 2024) (Marbley, J.); *see also Taylor v. City of Saginaw*, No. 17-CV-11067, 2020 WL 376453, at *7 (E.D. Mich. Jan. 23, 2020). Defendants are bound by the limits of Federal Rule of Civil Procedure 15 and cannot provide themselves any greater rights by setting forth such assertions in their Answer. The Court will strike this defense.

### 10. Enterprise's Defense Seventeen–Lack of Personal Jurisdiction

Finally, Enterprise alleges that this Court lacks personal jurisdiction. Mr. Jones retorts that Enterprise has waived its lack of personal jurisdiction defense. But Enterprise has appropriately raised this defense in its first responsive pleading as permitted by the Rules. *See* Fed. R. Civ. P. 12(h)(2)(A). Thus, Mr. Jones's argument is without merit.

### IV. CONCLUSION

For the reasons above, Mr. Jones's Motion to Strike Affirmative Defenses is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 22.) EAN's, Mr. Pearson's, and Mr. Bowron's Defense Seventeen (Enterprise's Defense Sixteen) is **STRICKEN**.

*4 IT IS SO ORDERED.

**All Citations**  Not Reported in Fed. Supp., 2024 WL 2952372

## Footnotes

[1] The Court refers to each affirmative defense as they are numbered in EAN's, Mr. Pearson's, and Mr. Bowron's identical Answers. (ECF Nos. 18, 19, 21.) Enterprise's affirmative defenses are numbered differently. (ECF No. 20.) EAN's, Mr. Pearson's, and Mr. Bowron's Defenses One through Four correspond to Enterprise's Defenses One, Three, Four and Five, respectively; Defenses Six through Fifteen correspond to Enterprise's Seven through Sixteen, respectively; and Defense Seventeen corresponds to Enterprise's Eighteen.

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.