# EXHIBIT C

# *Gibson v. Am. Cyanamid Co.*

United States District Court for the Eastern District of Wisconsin

March 1, 2010, Decided; March 1, 2010, Filed

Case No. 07-C-864

**Reporter**
2010 U.S. Dist. LEXIS 146853 *

ERNEST GIBSON, Minor, by his guardian ad litem, SUSAN M. GRAMLING, Plaintiff, -vs- AMERICAN CYANAMID Co., ARMSTRONG CONTAINERS, Inc., E.I. Du PONT de NEMOURS and Co., MILLENIUM HOLDINGS LLC, NL INDUSTRIES, Inc., ATLANTIC RICHFIELD Co., THE SHERWIN WILLIAMS Co., and MILWAUKEE COUNTY DEPARTMENT OF HEALTH AND SERVICES, Defendants.

**Subsequent History:** Summary judgment denied by *Gibson v. Am. Cyanamid Co., 719 F. Supp. 2d 1031, 2010 U.S. Dist. LEXIS 59378 (E.D. Wis., June 15, 2010)*

Dismissed by *Allen v. Am. Cyanamid Co., 2019 U.S. Dist. LEXIS 194645 (E.D. Wis., Nov. 8, 2019)*

**Prior History:** *Stokes v. Am. Cyanamid Co., 2007 U.S. Dist. LEXIS 84175 (E.D. Wis., Nov. 5, 2007)*

**Counsel:** [*1] For Ernest Gibson, Minor, by his guardian ad litem, SUSAN M. GRAMLING, Plaintiff: Corey G Lorenz, Edward A Wallace, LEAD ATTORNEYS, Mark R Miller, Wexler Wallace LLP, Chicago, IL; Frank T Crivello, II, Keith E Trower, LEAD ATTORNEYS, Victor C Harding, Warshafsky Rotter Tarnoff & Bloch SC, Milwaukee, WI; Jonathan D Orent, Michael G Rousseau, LEAD ATTORNEYS, Motley Rice LLC, Providence, RI; Peter G Earle, LEAD ATTORNEY, Law Offices of Peter Earle LLC, Milwaukee, WI.

For Milwaukee County Department of Health and Human Services, Plaintiff: Timothy R Schoewe, LEAD ATTORNEY, Milwaukee County Corporation Counsel, Milwaukee, WI.

For American Cyanamid Co, Defendant: Beth Ermatinger Hanan, Ralph A Weber, LEAD ATTORNEYS, Daniel J Kennedy, Gass Weber Mullins LLC, Milwaukee, WI; Daniel S Elger, LEAD ATTORNEY, Kasdorf Lewis & Swietlik SC, Milwaukee, WI; Elyse D Echtman, LEAD ATTORNEY, Orrick Herrington & Sutcliffe LLP, New York, NY; Richard W Mark, LEAD ATTORNEY, Gibson Dunn & Crutcher LLP, New York, NY.

For Armstrong Containers Inc, Defendant: Jeffrey K Douglass, Robert P Alpert, LEAD ATTORNEYS, Eric A Larson, Hilary H Houston, Morris Manning & Martin LLP, Altanta, GA; Timothy Andrew Bascom, LEAD ATTORNEY, [*2] Jacob A Sosnay, Bascom Budish & Ceman SC, Wauwatosa, WI.

For E I du Pont de Nemours and Company, Defendant: Christian E Henneke, Jontille D Ray, Lisa MacKinnon Sharp, R Trent Taylor, LEAD ATTORNEYS, Jessica A Brumberg, Joy C Fuhr, Steven R Williams, Virginia Leigh Hudson, McGuireWoods LLP, Richmond, VA; Collin J Hite, LEAD ATTORNEY, HIrschler Fleischer PC, Richmond, VA; Jonathan J Strasburg, Paul E Benson, LEAD ATTORNEYS, Michael Best & Friedrich LLP, Milwaukee, WI; Chris J Trebatoski, Weiss Berzowski LLP, Milwaukee, WI; Nathaniel Cade, Jr, Richard H Porter, Gonzalez Saggio & Harlan LLP, Milwaukee, WI.

For Millenium Holdings LLC, Defendant: Cortney G Sylvester, Courtney E Ward-Reichard, Dana M Lenahan, Michael T Nilan, LEAD ATTORNEYS, Nilan Johnson Lewis PA, Minneapolis, MN; James R Clark, Trevor J Will, Brian P Keenan, LEAD ATTORNEYS, Foley & Lardner LLP, Milwaukee, WI.

For NL Industries Inc, Defendant: James T Murray, Jr, LEAD ATTORNEY, J Ryan Maloney, Michael J Wirth, Peterson Johnson & Murray SC, Milwaukee, WI; Jennifer G Levy, Karen McCartan DeSantis, Michael D Jones, LEAD ATTORNEYS, Kirkland & Ellis LLP, Washington, DC; Timothy S Hardy, LEAD ATTORNEY, Timothy Hardy PC, Denver, CO; [*3] Andre M Pauka, Donald E Scott, Bartlit Beck Herman Palenchar & Scott, Denver, CO.

For Atlantic Richfield Company, Defendant: Anthony S Baish, David G Peterson, Karen A Waple, William H Levit, Jr, Godfrey & Kahn SC, Milwaukee, WI; Bruce R Kelly, Philip H Curtis, Arnold & Porter LLP, New York, NY; Daniel T Flaherty, Godfrey & Kahn SC, Appleton, WI.

For The Sherwin Williams Company, Defendant: Eric W Matzke, Jeffrey K Spoerk, LEAD ATTORNEYS, Cheri L McCourt, Christopher G Meadows, Steven M DeVougas, Quarles & Brady LLP, Milwaukee, WI; Hayley A Haldeman, Laura E Ellsworth, LEAD ATTORNEYS, Charles H Moellenberg, Jr, Jennifer B Flannery, Jerome J Kalina, Laura A Meaden, Leon F DeJulius, Jr, Paul Michael Pohl, Jones Day, Pittsburgh, PA; Richard H Deane, Jr, Jones Day, Atlanta, GA.

**Judges:** HON. RUDOLPH T. RANDA, United States District Judge.

**Opinion by:** RUDOLPH T. RANDA

## Opinion

**DECISION AND ORDER**

This matter is a childhood lead poisoning case brought under theories of negligence and strict product liability pursuant to the risk contribution theory adopted by the Wisconsin Supreme Court. On March 1, Judge Adelman denied plaintiff's motion to consolidate this case with three other cases that are currently pending in this judicial [*4] district. *Burton v. American Cyanamid et al.*, No. 07-C-303 (E.D. Wis.); *Owens v. American Cyanamid*, No. 07-C-441 (E.D. Wis.); *Stokes v. American Cyanamid et al.*, No. 07-C-865 (E.D. Wis.) Now that the consolidation issue is resolved, the Court will address some of the pending motions in this case.

Plaintiff moves to strike certain constitutional affirmative defenses asserted by defendants Sherwin Williams and Atlantic Richfield Company. Atlantic Richfield pleaded as its eleventh affirmative defense that the retroactive application of Wisconsin's "risk contribution" rule would violate Due Process. Similarly, Sherwin Williams asserts constitutional affirmative defenses based upon the First Amendment, Due Process, and the Commerce Clause.

Motions to strike must be made "within 20 days after service of the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff's motion is untimely by a wide margin, but Rule 12(f) allows courts to strike pleadings on their own initiative. Fed. R. Civ. P. 12(f)(1). Therefore, courts can "consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion." *Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991)*.

Rule 12(f) provides that a court may "strike from a pleading an insufficient defense [*5] or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, although they may be granted if they remove unnecessary clutter from the case and serve to expedite, not delay. See *Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)*. Courts generally do not grant motions to strike unless the defect in the pleading causes some prejudice to the party bringing the motion. *Rivertree Landing LLC v. Murphy, 246 F.R.D. 667, 667 (N.D. Ill. 2007)*. "A motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." *Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005)*.

Plaintiff's motion to strike essentially amounts to the argument that the constitutional affirmative defenses are insufficient as a matter of law. This may turn out to be the case, but a more appropriate vehicle for deciding the merits of these affirmative defenses is in the context of dispositive motions or trial. Notably, Atlantic Richfield moved for summary judgment on due process grounds, and that motion is fully briefed. Furthermore, the plaintiff fails to make a sufficient showing of prejudice. Plaintiff does not claim that any matters in the pleadings are "redundant, immaterial, impertinent, [*6] or scandalous." Plaintiff's argument is premised upon relevance, and at this stage, the

Court cannot say with certainty that the affirmative defenses will have no bearing upon the litigation at hand. Suffice it to say that irrelevant matters will not be presented to the jury and will not be considered by the Court. *Cf. Godfredson, 387 F. Supp. 2d at 557*.

In June of 2008, this matter was stayed, and the Court's scheduling order was vacated, pending a decision by the Wisconsin Supreme Court in *Godoy ex rel. Gramling v. E.I. du Pont de Nemours and Co., 2009 WI 78, 319 Wis. 2d 91, 768 N.W.2d 674 (Wis. 2009)* (decided July, 2009). The stay was entered only five months after the initial scheduling order, so it is unclear how far discovery progressed in this matter (not very far, the Court surmises). The Court will conduct another scheduling conference to guide the balance of this case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. American Cyanamid's motion for joinder in opposition to the motion to strike [D. 83] is **GRANTED**;

2. Plaintiff's motion to strike [D. 62] is **DENIED**;

3. Pursuant to *Federal Rule of Civil Procedure 16(b)*, a telephonic scheduling conference is scheduled for **April 27, 2010** at **10:30 a.m** (Central Time). Please be available at that time. All parties must dial number **1-866-360-7333** and provide the Sprint Telephone Operator with Conference **[*7]** ID # **60448345**.

4. The purpose of the conference call is to establish a Scheduling Order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; and (c) to complete discovery. The Scheduling order may also (a) modify the timing for disclosure under *Rules 26(a)* and *26(e)(1)* and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. *Fed. R. Civ. P. 16(b)(4)*.

6. Special attention should be given to *Rule 26(f)*, which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. *Rule 26* also mandates that the parties, within fourteen (14) days of their conference: **[*8]** (1) file a written report outlining the proposed discovery plan they have developed at their *Rule 26(f)* conference; and (2) make the required initial disclosures under *Rule 26(a)* regarding witnesses and documents.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2010.

**SO ORDERED**,

**/s/ Rudolph T. Randa**

**HON. RUDOLPH T. RANDA**

**U.S. District Judge**

**End of Document**