UNITED STATES DISTRICT COURT
EASTERN DISTRICT of WISCONSIN

NOV 24 2025

BRIAN T. PETERSON,

    Plaintiff,

v.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES LLC;
TRANSUNION LLC; U.S.
BANCORP, and SUMMIT CREDIT
UNION,

    Defendants.

Case No. **2:25-cv-01386-WCG-SCD**

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

## DECLARATION OF BRIAN T. PETERSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANCORP'S MOTION

I, Brian T. Peterson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned matter and make this declaration in support of my opposition to U.S. Bancorp's pending motion.

2. On June 8, 2025, I mailed a formal dispute to U.S. Bancorp concerning multiple inaccuracies on my credit report related to a tradeline they furnished. The letter was delivered and signed for on June 13, 2025, in St. Louis, Missouri, by a representative identified as Eric Harnetiaux.

1

3. On July 8, 2025, U.S. Bancorp issued a vague response stating that they had requested an update with the credit reporting agencies. However, they did not specify what information was verified, corrected, or deleted, nor did they provide documentation to support any findings.

4. On July 14, 2025, I mailed a second dispute letter, delivered and signed for on July 21, 2025. This letter reiterated the inaccuracies and requested a proper reinvestigation and supporting documentation in compliance with 15 U.S.C. § 1681s-2(b).

5. That same week, I filed complaints with both the Better Business Bureau and the Consumer Financial Protection Bureau, outlining U.S. Bancorp's failure to provide a meaningful response or conduct a reasonable reinvestigation.

6. On July 29, 2025, U.S. Bancorp issued another response acknowledging that an update to the consumer reporting agencies was appropriate and confirming that they had requested updates to reflect the corrected account information. Despite this acknowledgment, my credit reports continued to reflect the same misinformation, with no visible updates or corrections made.

7. On August 4, 2025, Sterling Bank denied my application for a $1,000,000 land loan. The denial letter cited unresolved credit disputes and inconsistent reporting, directly attributing to their decision. This denial resulted in significant financial loss and emotional distress.

8. On August 13, 2025, I sent a Notice of Intent to Sue to U.S. Bancorp's registered agent, Yvonne Siira, located in Milwaukee, Wisconsin. Although the USPS tracking system reported that the delivery attempt failed on August 16, 2025, because the business was closed, Ms. Siira later confirmed by phone that she had received the notice and forwarded it to U.S. Bancorp's legal department as standard protocol.

9. On August 25, 2025, U.S. Bancorp sent a letter refusing to investigate my dispute, falsely claiming the submission lacked sufficient information. This was untrue, as my disputes included my full name, account number, mailing address, dispute grounds, and supporting documentation.

10. On September 2, 2025, I resent the Notice of Intent to Sue to U.S. Bancorp Cardmember Services in St. Louis, Missouri. USPS confirmed successful delivery on September 5, 2025.

11. To date, U.S. Bancorp has failed to correct the inaccurate information or provide any third-party or original creditor documentation substantiating its reporting. Their continued failure

to meet their obligations under the Fair Credit Reporting Act has damaged my credit, reputation, and well-being.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 11th day of November, 2025, in Dousman, Wisconsin.

Respectfully submitted,

Brian T. Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
Rzu1947@gmail.com
(612) 812-0135