UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

BRIAN T. PETERSON,

       *Plaintiffs*,

vs.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX
INFORMATION SERVICES LLC;
TRANS UNION LLC; U.S.
BANCORP; SUMMIT CREDIT
UNION,

       *Defendants*.

Case No. 2:25-cv-01386-WCG

---

### REPLY IN SUPPORT OF DEFENDANT U.S. BANCORP'S
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**INTRODUCTION**

Plaintiff's reliance on *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) is misplaced. *Krupski* addressed the relation-back doctrine when a plaintiff sues the wrong party and the statute of limitations has expired. *Id.* That circumstance is not present here. While Plaintiff theoretically could seek leave to amend to name the correct party, any such amendment would be futile because, as set forth in U.S. Bancorp's opening memorandum, Plaintiff's substantive claims fail as a matter of law.

Further, the Amended Complaint does not allege that U.S. Bancorp was "acting through its operational affiliate," as needed to support Plaintiff's claims against U.S. Bank's ultimate holding corporation, U.S. Bancorp. Nor does it allege that U.S. Bancorp received notice of

Plaintiff's disputes via a consumer reporting agency ("CRA"). Instead, Plaintiff's own pleading confirms that he mailed dispute letters directly to U.S. Bancorp. (Am. Compl. ¶¶ 220, 222, 232, 241). Direct consumer disputes do not trigger the duties imposed by § 1681s-2(b).

Plaintiff's § 1681e(b) theory fails because that provision applies only to CRAs, while the Amended Complaint describes U.S. Bancorp as a furnisher. Furnishers are governed by § 1681s-2 and transmitting or updating account data does not convert a furnisher into a CRA subject to § 1681e(b)'s accuracy duties.

Finally, to the extent Defendant "misconstrued" the presentation of Plaintiff's fourth cause of action, Defendant acknowledges Plaintiff's clarification that Count IV was intended as an articulation of remedies rather than a separate substantive claim. Nonetheless, its form and labeling mirror the substantive counts and understandably led Defendant to treat it as such.

## **LEGAL STANDARD**

Plaintiff's reliance on *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012) is misplaced. The quotation that Plaintiff attributes to that case ("a plaintiff is not required to plead legal theories") is not found anywhere in the *Geinosky* opinion. In any event, Plaintiff's failure is not one of imperfect legal labeling—it is the failure to allege facts sufficient to plausibly state a claim under the statutes he cites. In evaluating a motion to dismiss, the court must "take all factual allegations in the complaint as true" and draw all reasonable inferences in the plaintiff's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[c]ourts need not … accept the truth of legal conclusions, and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678. Legal conclusions and conclusory assertions lacking specific factual support are not entitled to the presumption of truth and must be disregarded when

determining whether the plaintiff has pled a plausible claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

A. **Plaintiff Fails to State a Plausible Claim Under 15 U.S.C. §§ 1681s-2(B) and 1681s-2(B)(1)(E)**

Plaintiff claims that "[t]he Amended Complaint expressly alleges that U.S. Bancorp continued to furnish inaccurate credit data 'after receiving notice of dispute from the consumer reporting agencies.'" That is incorrect. In fact, the quoted language does not appear in the Amended Complaint at all—much less within the 37-paragraph range Plaintiff cites (¶¶ 217–252). Instead, Plaintiff alleges direct disputes sent to U.S. Bancorp, which do not activate the statutory duties under § 1681s-2(b). *See Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023) (Section 1681s-2(b) "requires a data furnisher to investigate and review disputed information ***forwarded by a credit reporting agency***....") (emphasis added); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 640 (5th Cir. 2002) (affirming judgment in favor of a defendant because plaintiff had "not pleaded nor proffered evidence that [defendant] received the notice pursuant to Section 1681i(a)(2) that would give rise to duties under Section 1681s–2(b)"). Even if Plaintiff did allege that he sent direct disputes to U.S. Bancorp, he would have sent them to the wrong entity because U.S. Bancorp did not originate or service his account at issue.

Plaintiff also mischaracterizes *Scheel-Baggs v. Bank of Am.*, 575 F. Supp. 2d 1031 (W. D. Wis. 2008). Contrary to Plaintiff's assertion, the Court in *Scheel-Baggs* did not find that it is premature to dismiss a § 1681s-2(b) claim based on disputed factual questions of notice. *Id.* Instead, the Court discussed that "the facts plaintiff proposed regarding [her own phone] calls do little to help her case" because §1681s-2(b) "applies after a furnisher receives notice of a dispute … which is a provision involving notice provided by 'consumer reporting agencies,' not individual consumers." *Id.* at 1040. The court's denial of summary judgment in *Scheel-Baggs* turned on the

defendant's continued reporting after an arbitration award in the plaintiff's favor—not on any factual dispute about notice from a CRA. Critically, the opinion contains no holding that "whether a CRA notified the furnisher is a factual issue" as Plaintiff asserts.

Plaintiff's reliance on *Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014) is likewise misplaced. In Seamans, the disputed "date of delinquency" was outcome-determinative because it directly affected the CRA's ability to calculate the statutory seven-year "aging-off" period. *Id.* at 860. Here, Plaintiff challenges "last payment" and "last active" dates—fields that lack the statutory significance of a "date of delinquency" and, therefore, do not carry the same potential to mislead creditors under the prevailing materiality standard.

Similarly, in *Taylor v. JPMorgan Chase Bank, N.A.*, 2014 WL 66513 (N.D. Ill. Jan. 8, 2014), the court did not hold "[w]hether the inaccuracy is materially misleading is an issue of fact inappropriate for resolution on a motion to dismiss." Rather, the *Taylor* court dismissed all claims in both the complaint and amended complaint, denied leave to file a second amended complaint, and dismissed the action from the Court's docket. *Id.* at *1.

In addition to mischaracterizing case law, Plaintiff bases his claims on inconsequential reporting details that he repeatedly disputes without any supporting explanation. He fails to identify a single inaccuracy of material significance, instead offering only bare assertions that certain account fields were "wrong" without clarifying how or why the alleged inaccuracies cause him any harm. The differences he points to reflect nothing more than the ordinary timing of monthly credit bureau updates, not actual mistakes. The FCRA imposes no liability for such trivial, technical variances in the furnished information.

B. **Plaintiff Fails to State a Claim for Violation of §1681e(b) Because That Section of the FCRA Governs Only CRAs, and Plaintiff Concedes US Bancorp is a Furnisher** [1]

Plaintiff concedes that § 1681e(b) "typically governs CRAs" but attempts to plead (for the first time) an "alternative" theory that U.S. Bancorp's alleged data formatting functions rendered it a "de facto CRA." This theory has no support in the statutory text or controlling precedent.

The Seventh Circuit in *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020) reaffirmed that furnishers and CRAs "serve discrete functions" under the FCRA. Furnishers report data; CRAs compile and sell it. Section 1681e(b) obligations apply only to CRAs. Plaintiff's own Amended Complaint (¶ 6) alleges U.S. Bancorp is a furnisher. Furnishers are regulated under § 1681s-2—not § 1681e(b). Courts have repeatedly rejected attempts to re-characterize furnishers as CRAs merely because they standardize or transmit their data to CRAs. Accordingly, Count II fails as a matter of law because § 1681e(b) imposes no duties on furnishers like U.S. Bancorp.

C. **Plaintiff is Not Entitled to Any Damages Under the FCRA**

Even acknowledging Plaintiff's clarification that Count IV is intended as a remedial count, Plaintiff still fails to plausibly allege any predicate FCRA violation by U.S. Bancorp to support damages under §§ 1681n or 1681o. Without a substantive violation, damages are not available. Plaintiff's damages theories—particularly his claim for "loss of opportunity" to obtain credit—remain legally deficient because speculative, hypothetical injuries are not compensable under the FCRA. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473–74 (2d Cir. 1995).

---

[1] Despite Plaintiff's title that the claim addresses Summit's de facto CRA role, U.S. Bancorp assumes this section applies to U.S. Bancorp.

## CONCLUSION

For the reasons set forth in Defendant's opening memorandum and reinforced herein, all claims against U.S. Bancorp should be dismissed with prejudice. Plaintiff sued the wrong corporate entity, failed to allege facts triggering duties under § 1681s-2(b), improperly invoked § 1681e(b) against a non-CRA, and asserted remedial provisions (§§ 1681n, 1681o) without any underlying substantive violation. No amendment could cure these defects, and dismissal with prejudice is warranted.

Dated this 1st day of December 2025.

    Respectfully submitted,

*/s/ Andrew C. Gresik*

Andrew C. Gresik
WI Bar Number: 1104650
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
Email: agresik@foley.com

*Attorney for U.S. Bancorp*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, the foregoing document was electronically filed with the Clerk of Court and served on all parties and counsel of record using the Court's CM/ECF system.


Dated: December 1, 2025                               */s/ Andrew C. Gresik*
                                                                                    Andrew C. Gresik