UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

    Plaintiff,

v.                                                                    Case No. 25-C-1386

GREAT MIDWEST BANK, et al.,

    Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S REQUESTS TO STRIKE

Plaintiff Brian T. Peterson, who is representing himself, filed this action against Defendants Great Midwest Bank, Experian Information Solutions, Inc., Equifax Information Services LLC, TransUnion LLC, Summit Credit Union, and US Bancorp, alleging violations of the Fair Credit Reporting Act. On September 30, 2025, Plaintiff filed an amended complaint, and Experian, Equifax, and TransUnion filed answers and affirmative defenses to the amended complaint. Plaintiff subsequently filed "responses" to the answers in which he requests that the court strike the answers and affirmative defenses. Dkt. Nos. 49, 51 & 53.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Rule 8(b) governs a defendant's admissions and denials of allegations in a complaint and provides that, in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Courts generally

deny motions to strike where affirmative defenses are adequately pled and provide the moving party with sufficient notice of the claim. *See Williams*, 944 F.2d at 1400. Indeed, a motion to strike will not be granted "unless the defect in the pleading causes some prejudice to the party bringing the motion." *Gibson v. Am. Cyanamid Co.*, No. 07-C-864, 2010 WL 11432610, at *1 (E.D. Wis. Mar. 1, 2010) (citation omitted).

Defendants' answers meet the Rule 8 pleading standard and put Plaintiff on notice of the grounds for Defendants' defenses to Plaintiff's allegations. As for striking the affirmative defenses, Plaintiff has not explained why the parties and the court should undertake a searching examination of the affirmative defenses in Defendants' pleadings at this stage in the litigation, when those defenses will very likely never have any impact in the case. As this court previously observed in *Illinois Tool Works Inc. v. ESAB Group, Inc.*:

> Plaintiffs often forget that they are in the driver's seat: they have been marshaling their facts and legal theories for months, while the defendant is given only a limited period of time in which it must respond to the complaint's allegations. Thus . . . "many defendants commonly plead every conceivable defense to a given action because, at the origin of a case, they might not have a firm grasp on the subject matter and would rather be over-inclusive than risk waiver of a potentially valid defense. By the time of summary judgment or trial, however, many of the defenses originally pled simply fall away, even without a formal withdrawal being made."

No. 16-C-201, 2016 WL 8224331, at *1 (E.D. Wis. Sept. 13, 2016) (quoting *Marine Travelift Inc. v. ASCOM SpA*, No. 14-C-443, 2015 WL 461549, at *3 (E.D. Wis. Feb. 3, 2015)).

Although Plaintiff asserts that Defendants' affirmative defenses are conclusory, a defendant need only provide fair notice of the affirmative defense. *See id.* In this case, Defendants provided fair notice to Plaintiff of the affirmative defenses they are asserting. Plaintiff has not shown that the affirmative defenses are "insufficient on the face of the pleadings" or that it appears to a "certainty" that he would "succeed despite any state of the facts which could be proved in support of the defense." *Williamson v. Herzing Univ.*, No. 25-CV-497, 2025 WL 1650372, at *2

(E.D. Wis. June 11, 2025). Nor has he identified any actual prejudice he could expect to suffer if the court allows the affirmative defenses to remain in Defendants' pleadings. Discovery is needed to explore the facts which may support the allegations in the amended complaint and the answers. Accordingly, Plaintiff's requests that the court strike Experian, Equifax, and TransUnion's answers and affirmative defenses (Dkt. Nos. 49, 51 & 53) are **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of December, 2025.

William C. Griesbach
United States District Judge