# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# AT MILWAUKEE

BRIAN T. PETERSON,
          Plaintiff,

    vs.

GREAT MIDWEST BANK; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; U.S. BANCORP; and
SUMMIT CREDIT UNION;
          Defendants.

CASE NO. 2:25-cv-01386-WCG

Judge William C. Griesbach

---

## JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO RULE 26(f)

Defendants Trans Union LLC ("Trans Union"), Great Midwest Bank; Experian Information Solutions, INC., U.S. Bancorp; and Summit Credit Union ("Defendants"), jointly submit the following Rule 26(f) report in the above-captioned matter. Contrary to Plaintiff's cover letter titled Rule 26(f) Case Management Report – Unilateral Submission, which was filed by Plaintiff on December 29, 2025 [Dkt. 77-1], Trans Union responded to Plaintiff request to hold a Rule 26(f) planning conference and advised Plaintiff that Trans Union would review and get back to Plaintiff regarding such once the Court sets a timeframe to do so. *See* Exhibit A. Due to Plaintiff's unilaterally submission of the Rule 26(f) report filed on December 29, 2025 [Dkt. 77], the Defendants submit this report without Plaintiff joining.

    1.    <u>Nature of the Case</u>.

**Trans Union.** Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union

complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by TransUnion.

**Experian.** This is an action for damages brought by an individual consumer against Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) for violations of the FCRA. Defendant Experian denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damages as a result of any alleged wrongful actions or inactions of Experian. Discovery has not yet begun, and Experian bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein.

**Great Midwest Bank**. Plaintiff alleges Great Midwest Bank, as a furnisher under 15 U.S.C. § 1681s-2, failed to investigate his disputes, failed to ensure maximum possible accuracy of the information furnished, and negligently and/or willfully failed to comply with either obligation. Great Midwest Bank filed a motion to dismiss all three claims (ECF No. 40), which motion is now fully briefed and is awaiting the Court's ruling.

**Summit Credit Union**. Plaintiff alleges Summit Credit Union, as a furnisher under 15 U.S.C. § 1681s-2, failed to investigate Peterson's disputes and failed to investigate, delete and correct the allegedly inaccurate information furnished. Summit filed a motion to dismiss Peterson's three claims against Summit (ECF No. 16). The motion is now fully briefed and is awaiting the Court's ruling.

**US Bancorp.** Plaintiff alleges that US Bancorp violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by reporting inaccurate information to credit reporting agencies and continuing to report erroneous information despite Plaintiff's dispute. As a threshold matter, Plaintiff incorrectly names U.S. Bancorp as a party in this action. Additionally, Plaintiff does not allege that a consumer reporting agency ("CRA") provided US Bancorp notice of his disputes, nor any facts showing an unreasonable investigation or continued reporting of unverified information. Furthermore, Plaintiff's § 1681e(b) claim fails as a matter of law because § 1681e(b) imposes duties on CRAs, not furnishers. Plaintiff's own allegations identify U.S. Bancorp—albeit incorrectly—as a furnisher. US Bancorp filed a Motion to Dismiss Plaintiff's claims against it (ECF No. 70). The motion is now fully briefed and is awaiting the Court's ruling.

    2.    <u>Legal Issues</u>.

**Trans Union**.

    1. Whether Plaintiff was the cause of any alleged reporting of factually inaccurate information by Trans Union.

    2. Whether Plaintiff can demonstrate, as required, that Trans Union reported factually inaccurate information about Plaintiff to third parties.

    3. Whether Trans Union maintained reasonable procedures to ensure maximum possible accuracy of the information it reports to third parties.

    4. Whether any unreasonable procedure was the cause of any factually inaccurate information being reported about Plaintiff to a third party.

    5. The nature and basis of Plaintiff's alleged disputes to Trans Union and whether Trans Union conducted a reasonable reinvestigation of a dispute of factually information submitted directly to Trans Union by Plaintiff.

6. Whether Plaintiff can demonstrate, as required, that they suffered any damages and that such damages were causally related to any violation of the FCRA.

7. Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA.

**Experian**.

1. Whether Plaintiff was the cause of any alleged reporting of factually inaccurate information by Experian.

2. Whether Plaintiff can demonstrate that Experian reported factually inaccurate information about Plaintiff to third parties.

3. Whether Experian maintained reasonable procedures to ensure maximum possible accuracy of the information it reports to third parties.

4. Whether any unreasonable procedure was the cause of any factually inaccurate information being reported about Plaintiff to a third party.

5. The nature and basis of Plaintiff's alleged disputes to Experian and whether Experian conducted a reasonable reinvestigation of a dispute of factually information submitted directly to Experian by Plaintiff.

6. Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA by Experian.

7. Whether the aforementioned factual issues establish the basis for any claims against Experian pursuant to Sections 1681e(b) and 1681i of the FCRA.

**Great Midwest Bank**.

1. Whether Plaintiff can prove the existence of a materially inaccurate or misleading tradeline as opposed to immaterial, technical, or timing-related variations that does not affect creditworthiness.

2. Whether Great Midwest Bank conducted a reasonable investigation, given the nature of the disputes, the information provided, and the Bank's review of its internal records.

3. Whether Plaintiff seeks to impose duties on the Bank that exceed those imposed on furnishers by statute.

4. Whether Plaintiff can establish a causal nexus between any alleged furnisher conduct by Great Midwest Bank and the claimed harms, including credit denial, reputational injury, or emotional distress.

5. Whether Plaintiff can prove actual damages attributable to the Bank's conduct, as required for negligent violations, or whether the absence of concrete harm bars recovery altogether.

6. Whether the Bank's conduct via documented investigations and verification of internal records precludes any finding of willful noncompliance, defeating claims for statutory or punitive damages.

7. Whether Plaintiff's claims premised on statutory sections that do not apply to furnishers (e.g., § 1681e(b)) fail as a matter of law.

8. Whether Plaintiff improperly pleads remedial provisions (§§ 1681n and 1681o) as independent causes of action.

9. Whether Plaintiff failed to mitigate alleged damages by, among other things, continuing to pursue repetitive disputes without identifying any actual inaccuracy or by attributing credit decisions to non-derogatory information.

10. Whether any alleged harm resulted from actions or decisions of third parties, such as lenders or consumer reporting agencies, rather than from any conduct by Great Midwest Bank.

Summit Credit Union

1. Whether Peterson's complaint fails to state a claim against Summit Credit Union for the reasons specified in Summit's Motion to Dismiss;

2. Whether Summit is a furnisher of information for purposes of the FCRA;

3. Whether Summit conducted a reasonable investigation;

4. Whether Peterson suffered any damages resulting from Summit's actions or inactions.

**US Bancorp.**

1. Whether US Bancorp is properly named as a party in this action;

2. Whether Peterson's complaint fails to state a claim against US Bancorp for the reasons specified in US Bancorp's Motion to Dismiss;

3. Whether US Bancorp is a furnisher of information or CRA for purposes of the FCRA;

4. Whether Plaintiff improperly pleads remedial provisions (§§ 1681n and 1681o) as independent causes of action;

5. Whether US Bancorp conducted a reasonable investigation;

6. Whether Plaintiff suffered any damages resulting from US Bancorp's actions or inactions.

3. <u>Trial Length</u>. The estimated length of trial is not more than 3 days.

4. <u>Amendment to the Pleadings</u>. The parties agree that they can file amended pleadings on or before February 27, 2026.

5. <u>Motions</u>. The Defendants anticipate filing dispositive motions. A proposed briefing schedule for dispositive motions is set forth in paragraph 9.

6. <u>Electronically Stored Information</u>. At this time, the parties do not anticipate any special issues related to the discovery of electronic information but will promptly address any issues that do arise during the course of discovery. The parties agree to produce electronically stored information in hard copy or PDF format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary.

7. <u>Confidentiality</u>. The Parties will make a good faith effort to resolve any disputes concerning confidentiality or claims of privilege. The parties anticipate that confidential information will be exchanged in discovery and will submit an appropriate Protective Order to the Court for review. The Parties also agree no privilege log is required for any communications or work product documents created after Plaintiff filed this lawsuit.

8. <u>Relief</u>.

<u>Trans Union</u>. Trans Union is not currently seeking any relief, reserves its rights to seek its fees under any applicable statutes or Federal Rules of Civil Procedure and denies that Plaintiff is entitled to any relief from Trans Union.

Experian. Experian is not currently seeking any damages or other relief but it reserves the right to seek its fees under any applicable statutes or the Federal Rules of Civil Procedure. Experian denies that Plaintiff is entitled to any relief whatsoever from Experian.

Great Midwest Bank. Great Midwest Bank is not currently seeking damages or any other relied but reserves the right to seek fees under any applicable rules or statutes and denies that Plaintiff is entitled to any relief from Great Midwest Bank.

Summit Credit Union. Summit does not seek damages or any other relief but reserves the right to see fees under any applicable rules or statutes.

US Bancorp. US Bancorp is not currently seeking any relief, but it reserves its rights to seek its fees under any applicable statutes or Federal Rules of Civil Procedure and denies that Plaintiff is entitled to any relief from US Bancorp.

8.    Change to Limitations on Discovery Imposed by Federal Rules. Interrogatories per party 30. Requests for Admission per party 40. Requests for Production per party 30.

9.    Proposed Schedule.

| | |
|---|---|
| Proponent expert disclosures (liability and damages) | November 9, 2026 |
| Rebuttal expert disclosures (liability and damages) | December 9, 2026 |
| Dispositive motions | January 23, 2027 |
| Discovery cutoff | October 9, 2026 |
| Rule 26(a) disclosures | January 16, 2026 |
| (1) motions in limine; (2) proposed voir dire questions, jury instructions, and verdict forms | TBD after dispositive motions |

| | |
|---|---|
| (1) Responses to 26(a)(3) disclosures; (2) responses to motions in limine; (3) responses to proposed voir dire questions, proposed jury instructions, and proposed verdict forms | TBD after dispositive motions |
| Final pretrial conference | TBD after dispositive motions |
| First Day of Trial | TBD after dispositive motions |

10. <u>Other Matters Affecting Scheduling</u>. The parties have no other matters for the Court to consider when scheduling this case.

11. <u>Alternative Dispute Resolution (ADR)</u>: The Parties request ADR after conducting written discovery.

Dated this 6th day of January, 2026.

Respectfully submitted,


*/s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union
LLC*


*/s/ Lauren E. Lacey (with consent)*
Lauren E. Lacey
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-2950
Email: Lauren.Lacey@troutman.com

*Attorney for Experian Information
Solutions, Inc.*

*/s/ Erin M. Cook (with consent)*
Erin M. (Maggie) Cook, SBN 1074294
Theresa Correa McMichen, SBN 1122184
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
Telephone: (414) 273-3500
Email: mcook@gklaw.com
tcorreamcmichen@gklaw.com

*Attorneys for Great Midwest Bank*


*/s/ Mary C. Turke (with consent)*
Mary C. Turke, SBN: 1027045
Amber M. Heidenreich, SBN: 1126685
613 Williamson Street Suite 201
Madison, WI 53703
Ph: (608) 237-1775
Email: mary@turkelaw.com
Email: amber@turkelaw.com

*Attorneys for Defendant Summit Credit
Union*


*/s/ Andrew C. Gresik (with consent)*
Andrew C. Gresik
WI Bar Number: 1104650
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
Email: agresik@foley.com

*Attorney for U.S. Bancorp*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **6th day of January, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Erin M. Cook, Esq.<br>mcook@gklaw.com | Theresa M. Correa McMichen, Esq.<br>tcorreamcmichen@gklaw.com |
|---|---|
| Lauren E. Lacey, Esq.<br>lauren.lacey@troutman.com | Mary C. Turke, Esq.<br>mary@turkelaw.com |
| Andrew C. Gresik, Esq.<br>agresik@foley.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **6th day of January, 2026**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Brian T. Peterson<br>590 Mill Pond Road<br>Dousman, WI 53118 | |
|---|---|

*/s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*