**UNITED STATES DISTRICT COURT
EASTERN DISTRICT of WISCONSIN**

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 FEB -9 A 10 21

CLERK OF COURT

BRIAN T. PETERSON,

    Plaintiff,

v.

GREAT MIDWEST BANK;
U.S. BANK NATIONAL
ASSOCIATION;
SUMMIT CREDIT UNION;
TRANSUNION LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC,

    Defendants.

Case No. 2:25-cv-01386-WCG-SCD

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

## SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., relating to inaccurate credit reporting and failure to conduct reasonable investigations of Plaintiff's consumer disputes.
2. Plaintiff seeks actual, statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o, along with injunctive relief and a trial by jury on all issues so triable.
3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.
4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as all Defendants do business in Wisconsin and a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff BRIAN T. PETERSON is a natural person residing in Wisconsin and is a "consumer" as defined in 15 U.S.C. § 1681a(c).
6. Defendant GREAT MIDWEST BANK ("Great Midwest") is a financial institution and a furnisher of consumer credit information to consumer reporting agencies (CRAs) within the meaning of 15 U.S.C. § 1681s-2.
7. Defendant SUMMIT CREDIT UNION ("Summit") is a financial institution and furnisher of consumer credit information to CRAs.
8. Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank") is a national banking association and furnisher of consumer credit information to CRAs.
9. Defendant TRANSUNION, LLC ("TransUnion") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).
10. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is also a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

11. In June 2025, Plaintiff reviewed his credit reports from TransUnion, Experian, and Equifax and discovered material inaccuracies in tradeline information provided by Great Midwest, Summit, and U.S. Bank.
12. Plaintiff confirms the following accounts were open and are the subject of the formal disputes:
    1. U.S. Bank; Credit Card account number: 414778857959****
    2. Great Midwest Bank; home mortgage account number: 420035002****
    3. Summit Credit Union; HELOC account number: 342684263****
13. For example, TransUnion reported Great Midwest's loan balance as $733,413 while Experian and Equifax reported $724,061. Equifax incorrectly reported the loan term as 0 months rather than 348 months. These discrepancies materially affected Plaintiff's creditworthiness.
14. Similar discrepancies were found in tradelines for Summit reporting a credit limit as $0 for Equifax while Experian and TransUnion show $233,700 as well as Date of Last Payment and Date Last Active showing a difference of almost an entire month. U.S.

Bank reported a High Credit of $31,120 on TransUnion and Experian while Equifax reported $0. U.S. Bank also had multiple weeks difference in reporting on Last Reported, Date Last Active and Date of Last Payment. These discrepancies materially affected Plaintiff's creditworthiness.

15. Between June and August 2025, Plaintiff submitted formal written disputes to Equifax, TransUnion, and Experian regarding these tradelines, specifically identifying the inaccurate data and requesting reinvestigation pursuant to 15 U.S.C. § 1681i(a).
16. Upon information and belief, TransUnion, Equifax, and Experian notified Great Midwest, Summit, and U.S. Bank of Plaintiff's disputes as required under § 1681i(a)(2).
17. The furnishers responded, but failed to conduct reasonable investigations, failed to correct or delete inaccurate information, and continued to report false or misleading data.
18. In support of his disputes, Plaintiff provided copies of prior billing statements, loan documentation, and public records showing the correct data, yet the inaccurate information remained.
19. On August 4, 2025, Plaintiff was denied a $1,000,000 land loan from Sterling Bank which cited "Sterling Bank pulled your credit report and found inconsistencies leading us to deny your request for a loan at this time."
20. Plaintiff suffered actual damages including financial loss, emotional distress, reputational harm, and loss of credit expectancy.
21. Each Defendant acted willfully or negligently in failing to comply with its obligations under the FCRA.

## SUPPLEMENTAL ALLEGATIONS: CONTINUOUS INACCURACY FROM JUNE TO SEPTEMBER 2025

22. Plaintiff reviewed his full three-bureau credit report on June 2, 2025, and again on September 9, 2025. A comparison of these reports confirms that the same materially inaccurate tradeline information remained unchanged during this entire period.
23. Specifically, the Great Midwest mortgage account continued to reflect inconsistent balances, incorrect last payment dates, and erroneous loan terms across bureaus.

24. These inconsistencies show that neither TransUnion nor Great Midwest Bank corrected the erroneous information until after Plaintiff's formal disputes and post-complaint investigation.
25. The persistence of these inaccuracies further demonstrates the failure of both the consumer reporting agency and the furnisher to maintain reasonable procedures or conduct reasonable investigations under 15 U.S.C. §§ 1681e(b) and 1681s-2(b).

## SUPPLEMENTAL ALLEGATIONS: POST-COMPLAINT INVESTIGATION RESULTS

26. On or about October 9, 2025, TransUnion completed its investigation into Plaintiff's formal dispute regarding materially inaccurate mortgage account information furnished by Great Midwest.
27. In its investigation results, TransUnion stated: "The disputed item(s) was verified as accurate; however, we updated: Balance; Date Updated; Last Payment Made; Rating."
28. This proves that while the account was labeled "accurate," critical account details — including the balance and last payment — were in fact corrected and changed after Plaintiff's dispute, meaning the information previously reported was inaccurate or incomplete under 15 U.S.C. § 1681s-2(b)(1)(D)-(E).
29. These updates contradict the court's earlier conclusion that Plaintiff's dispute was over "trivial" discrepancies. Instead, they confirm that Great Midwest had furnished materially inaccurate or outdated data and that TransUnion updated this data only after Plaintiff's formal dispute and investigation.
30. These facts directly rebut Great Midwest's June 2025 response claiming it had no responsibility for correcting the inaccuracies.
31. Plaintiff asserts that Great Midwest failed to ensure the accuracy of its reporting, failed to reasonably investigate following notice from the CRA, and allowed inaccurate data to persist, in violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).
32. TransUnion's publication of inaccurate information and failure to ensure accuracy until after Plaintiff's complaint supports liability under 15 U.S.C. § 1681e(b) and shows unreasonable procedures.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF 15 U.S.C. § 1681s-2(b)
**Against Great Midwest, Summit, U.S. Bank**

33. Plaintiff incorporates all prior paragraphs.
34. Great Midwest, Summit, and U.S. Bank furnished inaccurate or misleading account information to TransUnion and Experian.
35. Upon receiving notice of Plaintiff's dispute from the CRAs, each furnisher failed to conduct a reasonable investigation, and failed to correct, delete, or block the inaccurate information.
36. A reasonable investigation would have revealed that:
    - Great Midwest furnished a materially inflated balance to TransUnion ($733,413 vs. actual $724,061).
    - Summit furnished a tradeline that misstated the $233,700 credit limit and showed erroneous payment dates.
    - U.S. Bank reported an inaccurate High Credit of $0 vs $31,1200 and multiple erroneous payment dates.
37. These actions violate 15 U.S.C. § 1681s-2(b)(1)(A)-(E), as construed by *Frazier v. Dovenmuehle Mortgage, Inc.*, 72 F.4th 769, 775 (7th Cir. 2023).

### COUNT II – VIOLATION OF 15 U.S.C. § 1681e(b)
**Against TransUnion and Experian**

38. Plaintiff incorporates all prior paragraphs.
39. TransUnion and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports.
40. These failures caused materially inaccurate information to remain on Plaintiff's reports, including conflicting loan balances, dates, and credit terms.
41. These inaccuracies caused Plaintiff to be denied credit and suffer financial and reputational harm.
42. This violates 15 U.S.C. § 1681e(b), as interpreted by *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004).

## COUNT III – FAILURE TO DELETE OR BLOCK UNVERIFIABLE INFORMATION
**Against Great Midwest, Summit, U.S. Bank**

43. Plaintiff incorporates by reference all preceding paragraphs.
44. After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, Defendants were required, under 15 U.S.C. § 1681s-2(b)(1)(E), to delete, modify, or permanently block the reporting of any information that was inaccurate, incomplete, or could not be verified.
45. Despite Plaintiff providing documentation and despite internal inconsistencies across consumer reporting agencies, Defendants continued to report disputed tradelines without confirming the accuracy of key data fields, including balances, payment status, loan terms, and dates of last activity.
46. Defendants continued reporting of this information demonstrates that the disputed data was, at minimum, **not verifiable** within the meaning of § 1681s-2(b)(1)(E).
47. Defendants nevertheless failed to delete, modify, or block the reporting of the disputed tradelines and instead continued furnishing the same information to consumer reporting agencies.
48. This failure is independent of Defendants' duty to conduct a reasonable investigation and constitutes a separate violation of 15 U.S.C. § 1681s-2(b)(1)(E).
49. As a direct and proximate result of Defendants' failure to block or delete unverifiable information, Plaintiff suffered actual damages, including denial of credit, financial loss, emotional distress, and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Award actual damages in an amount to be proven at trial;
C. Award statutory damages under 15 U.S.C. § 1681n(a)(1)(A);
D. Award punitive damages under 15 U.S.C. § 1681n(a)(2);
E. Award costs and attorney's fees under 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);
F. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by

jury on all issues so triable.

**VERIFICATION**

I, Brian T. Peterson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 28th day of January, 2026

Respectfully submitted,

*[signature: Brian T Peterson]*

Brian T. Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
Rzu1947@gmail.com
(612) 812-0135

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January 2026, I caused to be placed in the United States Mail, first-class postage prepaid, the foregoing *PLAINTIFF'S SECOND AMENDED COMPLAINT* addressed to:

Clerk of the Court
U.S. District Court
Eastern District of Wisconsin
517 E Wisconsin Ave.
Milwaukee, WI 53202

Also, notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Mary C. Turke, Esq. mary@turkelaw.com | Erin M Cook mcook@gklaw.com |
|---|---|
| Lauren Elizabeth Lacey lauren.lacey@troutman.com | Andrew C Gresik agresik@foley.com |
| William M Huse whuse@qslwm.com | |

*[signature: Brian T Peterson]*

Brian T. Peterson