| | |
|---|---|
| BRIAN T. PETERSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>GREAT MIDWEST BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; U.S. BANCORP; and SUMMIT CREDIT UNION;<br>　　　　Defendants. | CASE NO. 2:25-cv-01386-WCG<br><br>Judge William C. Griesbach |

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEFENSES**

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### INTRODUCTION

1.  This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., relating to inaccurate credit reporting and failure to conduct reasonable investigations of Plaintiffs consumer disputes.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

2.  Plaintiff seeks actual, statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o, along with injunctive relief and a trial by jury on all issues so triable.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as all Defendants do business in Wisconsin and a substantial part of the events or omissions giving rise to the claims occurred here.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## PARTIES

5. Plaintiff BRIAN T. PETERSON is a natural person residing in Wisconsin and is a "consumer" as defined in 15 U.S.C. § 168 la(c).

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Defendant GREAT MIDWEST BANK ("Great Midwest") is a financial institution and a furnisher of consumer credit information to consumer reporting agencies (CRAs) within the meaning of 15 U.S.C. § 1681s-2.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Defendant SUMMIT CREDIT UNION ("Summit") is a financial institution and furnisher of consumer credit information to CRAs.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank") is a national banking association and furnisher of consumer credit information to CRAs.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Defendant TRANSUNION, LLC ("TransUnion") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

10. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is also a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## FACTUAL ALLEGATIONS

11. In June 2025, Plaintiff reviewed his credit reports from TransUnion, Experian, and Equifax and discovered material inaccuracies in tradeline information provided by Great Midwest, Summit, and U.S. Bank.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. Plaintiff confirms the following accounts were open and are the subject of the formal disputes:

1. U.S. Bank; Credit Card account number: 414778857959****
2. Great Midwest Bank; home mortgage account number: 420035002****
3. Summit Credit Union; HELOC account number: 342684263****

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. For example, TransUnion reported Great Midwest's loan balance as $733,413 while Experian and Equifax reported $724,061. Equifax incorrectly reported the loan term as 0 months rather than 348 months. These discrepancies materially affected Plaintiff's creditworthiness.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14. Similar discrepancies were found in tradelines for Summit reporting a credit limit as $0 for Equifax while Experian and TransUnion show $233,700 as well as Date of Last Payment and Date Last Active showing a difference of almost an entire month. U.S. Bank reported a High Credit of $31,120 on TransUnion and Experian while Equifax reported $0. U.S. Bank also had multiple weeks difference in reporting on Last Reported, Date Last Active and Date of Last Payment. These discrepancies materially affected Plaintiff's creditworthiness.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. Between June and August 2025, Plaintiff submitted formal written disputes to Equifax, TransUnion, and Experian regarding these tradelines, specifically identifying the inaccurate data and requesting reinvestigation pursuant to 15 U.S.C. § 1681i(a).

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16. Upon information and belief, TransUnion, Equifax, and Experian notified Great Midwest, Summit, and U.S. Bank of Plaintiff's disputes as required under § 1681i(a)(2).

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17. The furnishers responded, but failed to conduct reasonable investigations, failed to correct or delete inaccurate information, and continued to report false or misleading data.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. In support of his disputes, Plaintiff provided copies of prior billing statements, loan documentation, and public records showing the correct data, yet the inaccurate information remained.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On August 4, 2025, Plaintiff was denied a $1,000,000 land loan from Sterling Bank which cited "Sterling Bank pulled your credit report and found inconsistencies leading us to deny your request for a loan at this time."

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20. Plaintiff suffered actual damages including financial loss, emotional distress, reputational harm, and loss of credit expectancy.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

21. Each Defendant acted willfully or negligently in failing to comply with its obligations under the FCRA.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### SUPPLEMENTAL ALLEGATIONS: CONTINUOUS INACCURACY FROM JUNE TO SEPTEMBER 2025

22. Plaintiff reviewed his full three-bureau credit report on June 2, 2025, and again on September 9, 2025. A comparison of these reports confirms that the same materially inaccurate tradeline information remained unchanged during this entire period.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. Specifically, the Great Midwest mortgage account continued to reflect inconsistent balances, incorrect last payment dates, and erroneous loan terms across bureaus.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. These inconsistencies show that neither TransUnion nor Great Midwest Bank corrected the erroneous information until after Plaintiff's formal disputes and post-complaint investigation.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25. The persistence of these inaccuracies further demonstrates the failure of both the consumer reporting agency and the furnisher to maintain reasonable procedures or conduct reasonable investigations under 15 U.S.C. §§ 1681e(b) and 1681s-2(b).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SUPPLEMENTAL ALLEGATIONS: POST-COMPLAINT INVESTIGATION RESULTS

26. On or about October 9, 2025, TransUnion completed its investigation into Plaintiff's formal dispute regarding materially inaccurate mortgage account information furnished by Great Midwest.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. In its investigation results, TransUnion stated: "The disputed item(s) was verified as accurate; however, we updated: Balance; Date Updated; Last Payment Made; Rating."

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. This proves that while the account was labeled "accurate," critical account details — including the balance and last payment — were in fact corrected and changed after Plaintiff's dispute, meaning the information previously reported was inaccurate or incomplete under 15 U.S.C. § 1681s-2(b)(1)(D)-(E).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. These updates contradict the court's earlier conclusion that Plaintiff's dispute was over "trivial" discrepancies. Instead, they confirm that Great Midwest had furnished materially

inaccurate or outdated data and that TransUnion updated this data only after Plaintiff's formal dispute and investigation.

**ANSWER**: DEN LIA Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30. These facts directly rebut Great Midwest's June 2025 response claiming it had no responsibility for correcting the inaccuracies.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31. Plaintiff asserts that Great Midwest failed to ensure the accuracy of its reporting, failed to reasonably investigate following notice from the CRA, and allowed inaccurate data to persist, in violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32. TransUnion's publication of inaccurate information and failure to ensure accuracy until after Plaintiff's complaint supports liability under 15 U.S.C. § 1681e(b) and shows unreasonable procedures.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF 15 U.S.C. § 1681s-2(b) Against Great Midwest, Summit, U.S. Bank

33. Plaintiff incorporates all prior paragraphs.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

34. Great Midwest, Summit, and U.S. Bank furnished inaccurate or misleading account information to TransUnion and Experian.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Upon receiving notice of Plaintiff's dispute from the CRAs, each furnisher failed to conduct a reasonable investigation, and failed to correct, delete, or block the inaccurate information.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. A reasonable investigation would have revealed that:

- Great Midwest furnished a materially inflated balance to TransUnion ($733,413 vs. actual $724,061).

- Summit furnished a tradeline that misstated the $233,700 credit limit and showed erroneous payment dates.

- U.S. Bank reported an inaccurate High Credit of $0 vs $31,1200 and multiple erroneous payment dates.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. These actions violate 15 U.S.C. § 1681s-2(b)(1)(A)-(E), as construed by *Frazier v. Dovennmehle Mortgage, Inc.,* 72 F.4th 769, 775 (7th Cir. 2023).

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT II - VIOLATION OF 15 U.S.C. § 1681e(b) Against TransUnion and Experian**

38. Plaintiff incorporates all prior paragraphs.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

39. TransUnion and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. These failures caused materially inaccurate information to remain on Plaintiff's reports, including conflicting loan balances, dates, and credit terms.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. These inaccuracies caused Plaintiff to be denied credit and suffer financial and reputational harm.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42. This violates 15 U.S.C. § 1681e(b), as interpreted by *Sarver v. Experian Info. Sols.,* 390 F.3d 969, 971 (7th Cir. 2004).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT III - FAILURE TO DELETE OR BLOCK UNVERIFIABLE INFORMATION**

**Against Great Midwest, Summit, U.S. Bank**

43. Plaintiff incorporates by reference **all** preceding paragraphs.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

44. After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, Defendants were required, under 15 U.S.C. § 1681s-2(b)(1)(E), to delete, modify, or permanently block the reporting of any information that was inaccurate, incomplete, or could not be verified.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. Despite Plaintiff providing documentation and despite internal inconsistencies across consumer reporting agencies, Defendants continued to report disputed tradelines without confirming the accuracy of key data fields, including balances, payment status, loan terms, and dates of last activity.

ANSWER: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. Defendants continued reporting of this information demonstrates that the disputed data was, at minimum, **not verifiable** within the meaning of § 1681s-2(b)(1)(E).

ANSWER: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Defendants nevertheless failed to delete, modify, or block the reporting of the disputed tradelines and instead continued furnishing the same information to consumer reporting agencies.

ANSWER: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. This failure is independent of Defendants' duty to conduct a reasonable investigation and constitutes a separate violation of 15 U.S.C. § 1681s-2(b)(1)(E).

ANSWER: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49. As a direct and proximate result of Defendants' failure to block or delete unverifiable information, Plaintiff suffered actual damages, including denial of credit, financial loss, emotional distress, and reputational harm.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award actual damages in an amount to be proven at trial;

C. Award statutory damages under 15 U.S.C. § 168 ln(a)(1)(A);

D. Award punitive damages under 15 U.S.C. § 168 ln(a)(2);

E. Award costs and attorney's fees under 15 U.S.C. § 168 ln(a)(3) and § 168 lo(a)(2);

F. Grant such other and further relief as the Court deems just and proper.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1. Trans Union's reports concerning Plaintiff were true or substantially true.

2. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC,

be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **23rd day of February, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Mary C. Turke, Esq.<br>mary@turkelaw.com | Erin M. Cook, Esq.<br>mcook@gklaw.com<br><br>Theresa M. Correa McMichen, Esq.<br>tcorreamcmichen@gklaw.com |
| Lauren Elizabeth Lacey, Esq.<br>Lauren.lacey@troutman.com | Mary C. Turke, Esq.<br>mary@turkelaw.com |
| Andrew C. Gresik, Esq.<br>agresik@foley.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **23rd day of February, 2026**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Brian T. Peterson<br>590 Mill Pond Road<br>Dousman, WI 53118 | |

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*