UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRAIN T. PETERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GREAT MIDWEST BANK; U.S. BANK NATIONAL ASSOCIATION; SUMMIT CREDIT UNION; TRANSUNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 2:25-cv-01386-WCG<br><br>Judge William C. Griesbach<br><br>Magistrate Judge Stephen C. Dries |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S
RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DAMAGES AND JURY DEMAND**

COMES NOW Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), by and through its undersigned counsel, and answers, Plaintiff Brian T. Peterson's ("Plaintiff") Second Amended Complaint (the "Complaint") as follows. By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth herein. Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below

**INTRODUCTION**

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian further admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. In response to the remaining allegations in paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, Experian admits that the Complaint seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to admission or denial. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to admission or denial. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**PARTIES**

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

**FACTUAL ALLEGATIONS**

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, including each of its subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the

3

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian admits that Plaintiff purports to summarize and/or characterize portions of a document he claims he received from Experian in June 2025. Experian affirmatively states that the referenced document speaks for itself and, on that basis, denies any allegations of paragraph 13 of the Complaint inconsistent therewith. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Experian admits that Plaintiff purports to summarize and/or characterize portions of a document he claims he received from Experian in June 2025. Experian affirmatively states that the referenced document speaks for itself and, on that basis, denies any allegations of paragraph 14 of the Complaint inconsistent therewith. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Experian admits that Plaintiff purports to summarize and/or characterize portions of a document, or documents, he claims he sent to Experian in June and August 2025. Experian affirmatively states that the referenced

documents speak for themselves and, on that basis, denies any allegations of paragraph 15 of the Complaint inconsistent therewith. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian admits that Plaintiff purports to summarize and/or characterize portions of a document, or documents, he claims he sent to Experian in June and August 2025. Experian affirmatively states that the referenced documents speak for themselves and, on that basis, denies any allegations of paragraph 18 of the Complaint inconsistent therewith. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that it is liable to Plaintiff for any alleged damages. As to the allegations in paragraph 20 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 21 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**SUPPLEMENTAL ALLEGATIONS: CONTINUOUS INACCURACY FROM JUNE TO SEPTEMBER 2025**

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 23 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 25 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**SUPPLEMENTAL ALLEGATIONS: POST-COMPLAINT INVESTIGATION RESULTS**

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**CLAIMS FOR RELIEF**

**COUNT 1 – VIOLATION OF 15 U.S.C. § 1681s-2(b)**
**Against Great Midwest, Summit, U.S. Bank**

33. Experian realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, including each of its subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT II – VIOLATION OF 15 U.S.C. § 1681e(b)**
**Against TransUnion and Experian**

38. Experian realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

39. In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 39 of the Complaint that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

40. In response to paragraph 40 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 40 of the Complaint that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that it is liable to Plaintiff for any alleged damages. As to the allegations in paragraph 41 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 42 of the Complaint that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**COUNT III – FAILURE TO DELETE OR BLOCK UNVERIFIABLE INFORMATION**
**Against Great Midwest, Summit, U.S. Bank**

43. Experian realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 44 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 45 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 46 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 47 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 48 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

49. In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that it is liable to Plaintiff for any alleged damages. As to the allegations in paragraph 49 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**PRAYER FOR RELIEF**

In response to the unnumbered paragraph immediately following paragraph 49 of the Complaint and beginning with "WHEREFORE," including all subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO DEMAND FOR JURY TRIAL**

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit [and attorneys' fees] herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: February 23, 2026

    Respectfully submitted,

    */s/ Lauren E. Lacey*
    Lauren E. Lacey
    Troutman Pepper Locke LLP
    401 9th Street NW, Suite 1000
    Washington, DC 20004
    Telephone: (202) 274-2950
    Email: Lauren.Lacey@troutman.com

    *Attorney for Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to:

Brian T. Peterson
590 Mill Pond Road
Dousman, WI 53118
*Pro se plaintiff*

                                          */s/ Lauren E. Lacey*
                                          Lauren E. Lacey

                                          *Attorney for Defendant Experian Information Solutions, Inc.*