U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

'25 MAR -? A 10 39

CLERK OF COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT of WISCONSIN

CASE NO. 2:25-cv-01386-WCG

BRIAN T. PETERSON,

  Plaintiff,

v.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION
LLC; U.S. BANK NATIONAL
ASSOCIATION; SUMMIT CREDIT
UNION

  Defendants.

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

---

## PLAINTIFF'S REPLY TO DEFENDANT TRANS UNION LLC'S AFFIRMATIVE DEFENSES

Plaintiff Brian T. Peterson, appearing pro se, replies to Defendant Trans Union LLC's Affirmative Defenses as follows:

**GENERAL RESPONSE**

Plaintiff denies each and every allegation contained in Trans Union's Affirmative Defenses and denies that Trans Union has asserted any legally sufficient defense that bars or limits Plaintiff's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

**RESPONSE TO FIRST AFFIRMATIVE DEFENSE**

**("Reports were true or substantially true")**

Plaintiff denies this defense. As alleged in the Second Amended Complaint, Sterling Bank denied Plaintiff's $1,000,000 land loan on August 4, 2025 after pulling Plaintiff's

TransUnion credit report and identifying reporting inconsistencies that made it "difficult to determine [Plaintiff's] debt service requirements and resulting ability to repay."

TransUnion's report included disputed and inconsistent data fields relating to loan balances, payment dates, and credit terms. Further, after verifying the disputed account as "accurate," TransUnion subsequently updated substantive fields including balance, last payment made, rating, and date updated. These post-dispute updates undermine any assertion that the reporting was "true or substantially true."

Defendant bears the burden of proving this defense.

## RESPONSE TO SECOND AFFIRMATIVE DEFENSE
### ("Reasonable procedures")

Plaintiff denies this defense. As alleged, TransUnion reported inconsistent account information that directly impacted a seven-figure underwriting decision. Sterling Bank relied on a TransUnion Classic 04 score derived from TransUnion's file data.

Whether Defendant followed reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) presents a factual question not resolved at the pleading stage. Plaintiff expressly denies that Defendant's procedures were reasonable.

## RESPONSE TO THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff denies this defense. The violations at issue were discovered in 2025, and this action was filed within the two-year limitations period set forth in 15 U.S.C. § 1681p. Defendant's statute of limitations defense is unsupported by the timeline alleged in the operative complaint.

## RESPONSE TO FOURTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, Laches)

Plaintiff denies this defense. Plaintiff timely disputed the inaccurate reporting, provided supporting documentation, and timely initiated this action. No conduct by Plaintiff gives rise to estoppel, waiver, or laches.

## RESPONSE TO FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff denies this defense. Plaintiff exercised reasonable diligence by promptly disputing inaccuracies, providing documentary support, and pursuing correction prior to filing suit. Defendant bears the burden of proving any alleged failure to mitigate.

## RESPONSE TO SIXTH AFFIRMATIVE DEFENSE
(Damages Caused by Plaintiff)

Plaintiff denies this defense. The August 4, 2025 denial letter confirms that Sterling Bank denied Plaintiff's loan request after pulling TransUnion's report and identifying inconsistencies in reported debt information. Plaintiff's damages were directly and proximately caused by Defendant's reporting.

## RESPONSE TO SEVENTH AND EIGHTH AFFIRMATIVE DEFENSE
(Damages Caused by Other Parties or Non-Parties)

Plaintiff denies these defenses. Defendant's statutory duties under the Fair Credit Reporting Act are independent. To the extent other parties may also bear responsibility, such allegations do not relieve Defendant of liability for its own violations.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to challenge the legal sufficiency of any affirmative defense at summary judgment or trial and to seek appropriate relief as permitted under the Federal Rules of Civil Procedure.

## WHEREFORE

Plaintiff respectfully requests that the Court deny Defendant Trans Union LLC's affirmative defenses and grant such further relief as the Court deems just and proper.

Dated: February 28, 2026

Respectfully submitted,

*/s/ Brian T. Peterson*
Brian Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
rzu1947@gmail.com
(612) 812-0135

## VERIFICATION

I, Brian T. Peterson, am the Plaintiff and pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I am the Plaintiff in the foregoing *PLAINTIFF'S REPLY TO DEFENDANT TRANS UNION LLC'S AFFIRMATIVE DEFENSES*, that I have read the foregoing Reply, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

**I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 28th day of February 2026.          */s/ Brian T. Peterson*