CASE NO. 2:25-cv-01386-WCG

BRIAN T. PETERSON,

    Plaintiff,

v.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC; TRANS UNION
LLC; U.S. BANK NATIONAL
ASSOCIATION; SUMMIT CREDIT
UNION

    Defendants.

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

---

## PLAINTIFF'S REPLY TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AFFIRMATIVE DEFENSES

Plaintiff Brian T. Peterson, proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(b) and 8(c), hereby replies to the Affirmative Defenses asserted by Defendant Experian Information Solutions, Inc. ("Experian") and states as follows:

**GENERAL RESPONSE**

Except as expressly admitted herein, Plaintiff denies each and every allegation contained in Experian's Affirmative Defenses and denies that Experian has asserted any legally sufficient defense that bars or limits Plaintiff's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## RESPONSE TO FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff denies the First Affirmative Defense.

Plaintiff's Second Amended Complaint pleads specific, detailed factual allegations establishing that Experian is a consumer reporting agency under 15 U.S.C. § 1681a(f); that Experian published materially inaccurate information regarding Plaintiff's mortgage, credit card, and HELOC accounts; that Plaintiff submitted formal written disputes; that Experian failed to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b); and that Plaintiff suffered actual damages including denial of credit.

See Second Amended Complaint ¶¶ 10–15, 19–21, 38–42.

Under Federal Rule of Civil Procedure 8(a) and controlling Seventh Circuit precedent, these allegations plausibly state a claim for relief. Experian's conclusory assertion to the contrary is unsupported and insufficient as a matter of law.

## RESPONSE TO SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff denies the Second Affirmative Defense.

Plaintiff's claims do not depend solely on whether the information reported by Experian was "literally true." Under 15 U.S.C. § 1681e(b), a consumer reporting agency must follow reasonable procedures to assure maximum possible accuracy, and liability exists where information is materially misleading, incomplete, internally inconsistent, or reported without reasonable verification.

Plaintiff has alleged that Experian published materially inaccurate and inconsistent information regarding balances, loan terms, credit limits, and payment dates. See Second Amended Complaint ¶¶ 13–14, 23–32, 39–42.

Plaintiff further alleges that these inaccuracies caused denial of credit. Id. ¶ 19.

Whether the information was accurate, materially misleading, or reported pursuant to reasonable procedures presents factual questions inappropriate for resolution as an affirmative defense.

Accordingly, this defense is denied.

## RESPONSE TO THIRD AFFIRMATIVE DEFENSE
## (Indemnification / Acts of Third Parties)

Plaintiff denies the Third Affirmative Defense.

The Fair Credit Reporting Act imposes independent statutory duties upon consumer reporting agencies, including the duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) and the duty to conduct a reasonable reinvestigation under § 1681i(a).

Plaintiff's claims against Experian are based upon Experian's own conduct, including its publication of materially inaccurate information and failure to follow reasonable procedures. See Second Amended Complaint ¶¶ 13–15, 38–42.

Experian cannot avoid liability by attributing fault to furnishers or other third parties, as its obligations under the FCRA are independent and non-delegable.

Accordingly, this defense is denied.

## RESPONSE TO FOURTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate Damages)

Plaintiff denies the Fourth Affirmative Defense.

Plaintiff took reasonable and timely steps to mitigate any alleged damages, including reviewing his credit reports, submitting formal written disputes pursuant to 15 U.S.C. § 1681i(a), providing supporting documentation, and pursuing regulatory remedies.

See Second Amended Complaint ¶¶ 11, 15, 18–20.

The Fair Credit Reporting Act places the duty to ensure maximum possible accuracy and to conduct reasonable reinvestigations upon consumer reporting agencies. Plaintiff cannot independently correct inaccurate reporting and was not required to forgo legitimate credit applications in order to mitigate damages.

Experian bears the burden of proof on this defense, and its conclusory assertion is unsupported by specific factual allegations.

Accordingly, this defense is denied.

## RESPONSE TO FIFTH AFFIRMATIVE DEFENSE
## (Contributory / Comparative Fault)

Plaintiff denies the Fifth Affirmative Defense.

The Fair Credit Reporting Act imposes independent statutory duties upon consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy and to conduct reasonable reinvestigations upon notice of dispute. 15 U.S.C. §§ 1681e(b), 1681i(a). Plaintiff reviewed his credit reports, submitted formal written disputes identifying specific inaccuracies, provided supporting documentation, and pursued available remedies. See Second Amended Complaint ¶¶ 11, 15, 18–20.

Experian has identified no negligent act by Plaintiff that caused the publication of inaccurate or materially misleading information. Any alleged contributory or comparative fault is unsupported and does not bar Plaintiff's claims, particularly those asserted under 15 U.S.C. § 1681n for willful violations.

Accordingly, this defense is denied.

## RESPONSE TO SIXTH AFFIRMATIVE DEFENSE
## (Estoppel)

Plaintiff denies the Sixth Affirmative Defense.

Experian has not alleged facts sufficient to establish the elements of estoppel, including any representation, reliance, or detrimental change in position attributable to Plaintiff.

Plaintiff's claims are based on Experian's independent statutory duties under the Fair Credit Reporting Act to follow reasonable procedures and to conduct reasonable reinvestigations. See 15 U.S.C. §§ 1681e(b), 1681i(a). Plaintiff alleges that Experian published materially inaccurate and inconsistent information and failed to correct it after formal dispute. See Second Amended Complaint ¶¶ 13–15, 38–42.

Experian cannot avoid liability for its own statutory obligations by asserting that Plaintiff's conduct caused the reporting of inaccurate information.

Accordingly, this defense is denied.

## RESPONSE TO SEVENTH AFFIRMATIVE DEFENSE
## (Arbitration)

Plaintiff denies the Seventh Affirmative Defense.

Experian has failed to identify any specific arbitration agreement applicable to the claims

asserted in this action. Plaintiff's claims arise from Experian's statutory obligations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., not from any contractual relationship.

To the extent Experian contends that an arbitration agreement exists, Experian bears the burden of proving the existence, validity, and applicability of such agreement. Experian's speculative assertion that Plaintiff's claims "may be" subject to arbitration is insufficient as a matter of law.

Accordingly, this defense is denied.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to challenge the legal sufficiency of any affirmative defense at summary judgment or trial and to seek appropriate relief as permitted under the Federal Rules of Civil Procedure.

## WHEREFORE

Plaintiff respectfully requests that the Court deny Defendant *Experian Information Solution Inc.'s* affirmative defenses and grant such further relief as the Court deems just and proper.

Dated: February 28, 2026

Respectfully submitted,

*/s/ Brian T. Peterson*
Brian Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
rzu1947@gmail.com
(612) 812-0135

## <u>VERIFICATION</u>

I, Brian T. Peterson, am the Plaintiff and pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I am the Plaintiff in the foregoing *PLAINTIFF'S REPLY TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. 'S AFFIRMATIVE DEFENSES*, that I have read the foregoing Reply, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

**I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 28th day of February 2026.            */s/ Brian T. Peterson*