UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

        Plaintiff,

  v.

GREAT MIDWEST BANK, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC,
TRANS UNION LLC, U.S. BANK
NATIONAL ASSOCIATION, and SUMMIT
CREDIT UNION,

        Defendants.

Case No. 25-cv-1386

**DEFENDANT GREAT MIDWEST BANK'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves under Fed. R. Civ. P. 59(e) to alter or amend the Court's January 15, 2026 Decision and Order (ECF No. 79). The motion should be denied.

### I. The Motion is Moot.

The Court dismissed the prior complaint but granted Plaintiff leave to file a Second Amended Complaint within thirty days. (ECF No. 79 at 10-11.) Plaintiff filed a Second Amended Complaint (ECF No. 81), which is now the operative pleading. *Riley v. Elkhart Cmty. Schools*, 829 F.3d 886, 890 (7th Cir. 2016) ("an amended complaint supersedes any prior complaint, and becomes the operative complaint.") Great Midwest Bank has responded with a motion to dismiss addressing the sufficiency of that complaint. (ECF No. 87.)

Because the dismissed complaint has been replaced, there is no practical relief the Court can grant under Rule 59(e). The sufficiency of Plaintiff's claims will be resolved through the pending Rule 12 motion directed at the operative pleading.

Plaintiff chose to file a Second Amended Complaint rather than stand on his prior pleading. Having done so, there is no need to reconsider the order that permitted amendment.

## II.     Plaintiff Identifies No Manifest Error.

Even if the motion were not moot, Plaintiff has not satisfied the Rule 59(e) standard. Reconsideration is appropriate only to correct a manifest error of law or fact or to consider newly discovered evidence. *Caisee Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not a vehicle for re-argument. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Plaintiff identifies no newly discovered evidence and no manifest legal error.

The Court dismissed the § 1681s-2(b) claims because Plaintiff failed to plausibly allege that Great Midwest Bank furnished "patently incorrect" or "materially misleading" information under controlling Seventh Circuit precedent. (ECF No. 79 at 5-8.) Plaintiff's motion simply disagrees with that conclusion. Disagreement is not manifest error. *See Oto*, 224 F.3d at 606 ("A 'manifest error' is not demonstrated by the disappointment of the losing party.")

The Court also held that § 1681e(b) applies to consumer reporting agencies, not furnishers. (ECF No. 79 at 8–9.) Plaintiff now concedes that point. That concession confirms the correctness of the Court's ruling.

Finally, because no viable FCRA violation was pleaded, dismissal of the derivative §§ 1681n and 1681o claims necessarily followed. (ECF No. 79 at 9–10.) Plaintiff identifies no error in that analysis.

Rule 59(e) does not permit a party to relitigate issues the Court has already addressed. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Plaintiff's motion simply repeats arguments the Court previously considered and rejected.

### III. The Pending Motion to Dismiss Makes Reconsideration Unnecessary.

Plaintiff's Second Amended Complaint attempts to reframe the same theory the Court previously rejected—inter-bureau discrepancies and subsequent "updates." (*See* ECF No. 81 ¶¶ 13-15, 22-23.) Great Midwest Bank's pending motion to dismiss demonstrates why those additions still fail to allege a furnisher-level inaccuracy under *Frazier v. Dovenmuehle Mortg. Inc.*, 72 F.4th 769 (7th Cir. 2023). (ECF No. 88 at 4-5.)

The Court need not revisit its prior reasoning to address those issues. It can evaluate the sufficiency of the operative pleading directly under Rule 12(b)(6). Rule 59(e) does not exist to provide advisory review of an order that has been superseded by amendment.

For these reasons, Plaintiff's motion for reconsideration should be denied.

Dated: March 2, 2026

 *s/ Theresa M. Correa McMichen*
Erin M. Cook
State Bar No. 1074294
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: mcook@gklaw.com
    tcorreamcmichen@gklaw.com

*Attorneys for Defendant Great Midwest Bank*

37955200.2