UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

BRIAN T. PETERSON,

        Plaintiff,

   v.

GREAT MIDWEST BANK, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, U.S. BANCORP, and SUMMIT CREDIT UNION,

        Defendants.

Case No. 25-cv-1386

**DEFENDANT GREAT MIDWEST BANK'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY DEADLINE TO RESPOND TO DISCOVERY**

    Defendant Great Midwest Bank moves to stay its deadline to respond to Plaintiff's discovery requests until 30 days after the Court resolves the Bank's pending Motion to Dismiss the Second Amended Complaint (ECF No. 87), if that motion is denied. The case remains at the pleading stage. The Court has already dismissed the prior complaint in full, and dispositive motions directed at the Second Amended Complaint are now pending. The parties have not conducted a Rule 26(f) conference, and the Court has not issued a scheduling order. Even so, Plaintiff has served written discovery. Requiring Great Midwest Bank to engage in full discovery under these circumstances would impose unnecessary cost and burden before the Court determines whether any claim against the Bank will proceed. A brief stay will conserve party and judicial resources without prejudicing Plaintiff.

    **Background.** Plaintiff filed his original complaint on September 10, 2025 (ECF No. 1), and amended it on September 30, 2025. (ECF No. 11.) The Bank moved to dismiss the First Amended Complaint on October 17, 2025. (ECF No. 40.) At a telephone conference three days

later, the Court advised that it would set a case schedule after resolving the motions to dismiss. (ECF No. 44.) The parties completed briefing on those motions. (ECF Nos. 59, 63.)

Before the Court ruled, however, Plaintiff filed a unilateral Rule 26(f) Case Management Report without conducting a Rule 26(f) conference. (ECF No. 77.) In response, Defendants filed their own report, noting that at least one Defendant had advised Plaintiff it would confer once the Court established a timeframe for doing so. (ECF No. 78 at 1.) Because the motions to dismiss remained pending, the Court had set no such timeframe. (ECF No. 44.)

On January 15, 2026, the Court granted Great Midwest Bank's motion to dismiss without prejudice and permitted Plaintiff to amend. (ECF No. 79.) Plaintiff filed a Second Amended Complaint on February 9, 2026 (ECF No. 81) and moved for reconsideration of the dismissal order. (ECF No. 80.) One week later, before any Rule 26(f) conference and before the Court issued a scheduling order, Plaintiff served the Great Midwest Bank with interrogatories, requests for admission, and requests for production. (Decl. of T. Correa McMichen ("McMichen Decl." ¶¶ 2-3.)

On February 23, 2026, the Bank moved to dismiss the Second Amended Complaint and shortly thereafter opposed Plaintiff's motion for reconsideration. (ECF Nos. 87, 102.) Other defendants have also filed dispositive motions or responsive pleadings. (ECF Nos. 83, 85.) Briefing on the Bank's motion remains ongoing. The Court has not issued a scheduling order, and the parties still have not conducted a Rule 26(f) conference. (McMichen Decl. ¶ 2.)

**Argument.** District courts have broad discretion to stay discovery while dispositive motions are pending. *Orlando Residence, Ltd. v. GP Credit Co.*, No. 04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006) (recognizing courts' broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined). In this district,

courts consider whether the case is at an early stage, whether a stay may simplify the issues, and whether a stay would unduly prejudice the nonmoving party. *Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847, 856 (E.D. Wis. 2015). Each factor favors a stay here.

First, the pleadings remain unsettled. The Court has already determined that Plaintiff's prior complaint failed to state a claim. The Bank's pending motion challenges the Second Amended Complaint in its entirety. If the Court grants that motion, discovery directed to the Bank will be unnecessary. Even if any claim survives, the Court's ruling may narrow the issues and define the scope of any appropriate discovery.

Second, the case remains at the earliest stage. No Rule 26(f) conference has occurred, and the Court has not issued a scheduling order. Rule 26(d)(1) prohibits discovery before the parties confer absent court order or stipulation. The Court previously indicated that scheduling would follow resolution of the motions to dismiss. (ECF No. 44.) Plaintiff nevertheless served written discovery. Staying the Bank's response deadline would align the case with Rule 26 and the Court's stated approach.

Third, the balance of burdens favors a brief pause. Responding to written discovery requires collecting documents, reviewing records, and preparing sworn responses. Those efforts impose real cost. If the Court dismisses the operative complaint, those costs will have been unnecessary. Plaintiff, by contrast, faces no meaningful prejudice from a short delay. The Bank seeks only to extend its response deadline until 30 days after the Court resolves its motion, and only if that motion is denied.

In short, this case presents the precise circumstance in which courts in this district exercise their discretion to stay discovery: the pleadings are unsettled, dispositive motions are pending, and

3

early discovery risks unnecessary expense. A limited stay will promote efficiency without prejudicing Plaintiff.

**Requested Relief.** Great Midwest Bank respectfully requests that the Court enter an order staying its obligation to respond to Plaintiff's interrogatories, requests for production, and requests for admission until 30 days after the Court resolves the Bank's Motion to Dismiss the Second Amended Complaint (ECF No. 87), and only if any claim against the Bank survives.

Dated:  March 6, 2026

 s/ Theresa M. Correa McMichen
Erin M. Cook
State Bar No. 1074294
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
Email: mcook@gklaw.com
            tcorreamcmichen@gklaw.com

*Attorneys for Defendant Great Midwest Bank*

38007813.2