BRIAN T. PETERSON,

        Plaintiff,

        v.

Case No. 25-cv-1386

GREAT MIDWEST BANK, EXPERIAN
INFORMATION SOLUTIONS, INC., TRANS
UNION LLC, U.S. BANCORP, and SUMMIT
CREDIT UNION,

        Defendants.

## DEFENDANT GREAT MIDWEST BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I.     INTRODUCTION

The Court previously dismissed Plaintiff's claims against Great Midwest Bank after concluding that he failed to plausibly allege that the Bank furnished patently inaccurate or materially misleading information. (ECF No. 79 at 5-8.) The Court granted leave to amend so that Plaintiff could attempt to cure that deficiency, but the Second Amended Complaint does not do so. Instead, it advances the same theory the Court has already rejected: that differences among credit bureau reports establish furnisher liability. The amended pleading still does not plausibly allege that the Bank transmitted false information to any consumer reporting agency, conducted an unreasonable investigation, or caused Plaintiff harm. The legal defect identified in the Court's prior order therefore remains and warrants dismissal with prejudice.

## II.     ARGUMENT

### A.     Count I still fails to plausibly allege furnisher-level inaccuracy.

The Second Amended Complaint still does not plausibly allege that Great Midwest Bank furnished inaccurate information to any consumer reporting agency. Plaintiff now characterizes

his claim as involving "a single, specific defect," namely an allegedly inflated mortgage balance. (ECF No. 96 at 1.) He compares a $733,413 figure displayed on a June 2, 2025 TransUnion credit report with a $724,061.56 principal balance reflected in the Bank's internal records as of May 30, 2025. (*Id.* at 1-2.) The figure he challenges is what appeared on a TransUnion report, not what the Bank's records reflected or what the Bank transmitted. Whether the difference reflects amortization timing or bureau processing does not matter at this stage; Plaintiff must plausibly allege that the Bank transmitted inaccurate information, and he has not done so.

Plaintiff acknowledges that his "actual outstanding principal balance" was "reflected in [the Bank's] own loan records." (ECF No. 96 at 1.) He does not allege that those records were incorrect, that the Bank transmitted $733,413 to TransUnion, or that the Bank's reporting tape contained a false balance. Nor does he allege that the Bank admitted any reporting error. The pleading does not allege that the Bank's reporting data differed from its internal loan records at the time of transmission. Instead, he relies on differences among credit bureau reports. The Court has already held that a furnisher is not responsible for how consumer reporting agencies display or process accurate data. (ECF No. 79 at 7-8.) Section 1681s-2(b) concerns the information a furnisher provides to a consumer reporting agency, not how that information is later displayed. *See Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 776-77 (7th Cir. 2023).

Plaintiff further alleges that TransUnion's reinvestigation verified the disputed information as "accurate." (ECF No. 81 ¶¶ 26-27.) That allegation underscores the absence of any furnisher-level inaccuracy. The pleading does not identify what balance the Bank actually transmitted to any credit reporting agency. Without a plausible allegation that the Bank furnished inaccurate information, there can be no liability under § 1681s-2(b). *See Borowski v. Ally Fin., Inc.*, No. 22-cv-0394, 2023 WL 4207784, at *3 (E.D. Wis. June 27, 2023) ("The inaccuracy of reported

2

information is a necessary predicate of Section 1681s-2(b) liability."). Count I therefore fails as a matter of law.

**B.      The alleged "update" by TransUnion does not establish inaccuracy.**

Although Plaintiff did not meaningfully develop this point in his opposition, the Second Amended Complaint alleges that TransUnion stated the disputed item was "verified as accurate" but "updated: Balance; Date Updated; Last Payment Made; Rating." (ECF No. 81 ¶¶ 26-27.) That allegation does not alter the analysis.

TransUnion expressly stated that the tradeline was verified as accurate. Section 1681s-2(b)(1)(E) requires modification or deletion only if a reinvestigation determines that the information is inaccurate, incomplete, or unverifiable. Plaintiff does not allege that any such determination was made.

A subsequent update to certain display fields does not plausibly establish that the Bank previously furnished inaccurate information. The Court has already held that differences among credit bureau displays do not create furnisher liability. (ECF No. 79 at 6-8.) The amended pleading does not change that conclusion.

**C.      Plaintiff does not plausibly allege an unreasonable investigation.**

Plaintiff's investigation theory depends entirely on his assertion that the reported balance was inaccurate. He alleges that the Bank received notice of dispute and that the $733,413 figure remained after reinvestigation. From that premise, he concludes that the investigation must have been unreasonable. That is not sufficient.

To state a claim under § 1681s-2(b), Plaintiff must plausibly allege not only that inaccurate information was furnished, but that a reasonable investigation would have uncovered that inaccuracy. *See Frazier*, 72 F.4th at 775-76; *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

The pleading does not identify what the Bank failed to review, what contrary records it ignored, or what additional investigative steps were required. Plaintiff does not allege that the Bank's internal records reflected a different balance or that the Bank possessed information contradicting its reporting. Instead, he infers unreasonableness solely from the continued appearance of the disputed figure on a TransUnion report. The Fair Credit Reporting Act requires a reasonable investigation. It does not require a furnisher to alter accurate information.

Plaintiff also argues that discovery is needed to determine the origin of the discrepancy. Rule 12(b)(6), however, requires a plausible allegation that the Bank furnished inaccurate information. The Second Amended Complaint does not identify what balance the Bank transmitted to any consumer reporting agency. Discovery cannot supply a missing element of the claim. In the absence of a plausible allegation that the Bank furnished inaccurate information, the investigation claim fails as a matter of law.

**D.     Plaintiff again fails to plausibly allege causation.**

Plaintiff alleges that Sterling Bank denied him a $1 million loan. (ECF No. 81 ¶ 19.) He does not allege that Sterling Bank relied on inaccurate information furnished by Great Midwest Bank. He does not identify a specific false field that affected the decision. He refers only to unspecified "inconsistencies."

To state a claim for damages, Plaintiff must plausibly allege a causal connection between the alleged statutory violation and the injury. *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194 (7th Cir. 2021); *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004). In the absence of a plausible allegation that inaccurate information furnished by the Bank caused the denial of credit, Count I cannot proceed.

**E.      Count III necessarily fails.**

Count III asserts a failure to modify, delete, or block information under § 1681s-2(b)(1)(E). That duty arises only if a reinvestigation determines that the information is inaccurate, incomplete, or unverifiable. *Frazier*, 72 F.4th at 775-76. Here, Plaintiff alleges that TransUnion verified the information as accurate. (ECF No. 81 ¶ 27.) The Bank confirmed that its reporting matched its loan records. (ECF No. 42., Exs. B, D.) The Court previously held that Plaintiff failed to plausibly allege inaccuracy. (ECF No. 79 at 5-8.) Absent a plausible inaccuracy, there was nothing to modify, delete, or block. Count III therefore fails.

**F.      Further amendment would be futile.**

Plaintiff has now amended twice. The Court identified the governing deficiency in clear terms. (*Id.*) The Second Amended Complaint repeats the same legal theory: that differences among credit bureaus establish furnisher liability.

The defect is not one of missing detail. It is one of legal theory. No additional factual allegation could transform accurate reporting and a confirmed investigation into a violation of § 1681s-2(b). Plaintiff has already been afforded an opportunity to cure the defect and has not done so. Further amendment would be futile.

**III.      CONCLUSION**

The Second Amended Complaint does not cure the deficiencies the Court previously identified. Plaintiff does not plausibly allege that Great Midwest Bank furnished inaccurate information, conducted an unreasonable investigation, or caused him harm. For these reasons, and those stated in the Bank's opening memorandum (ECF No. 88), the Court should dismiss all claims against Great Midwest Bank with prejudice.

Dated:  March 16, 2026.

 **s/ Erin M. Cook**
Erin M. Cook
State Bar No. 1074294
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
Email: mcook@gklaw.com
  tcorreamcmichen@gklaw.com

*Attorneys for Defendant Great Midwest Bank*

38063288.2