**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**AT MILWAUKEE**

BRIAN T. PETERSON,
      Plaintiff,

   vs.

GREAT MIDWEST BANK; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; U.S. BANCORP; and
SUMMIT CREDIT UNION;
      Defendants.

CASE NO. 2:25-cv-01386-WCG

Judge William C. Griesbach

## TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S [MOTION TO STRIKE] TRANS UNION'S DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, hereby submits its Memorandum In Opposition to Plaintiff's Motion To Strike Trans Union's Defenses, improperly styled as Plaintiff's Reply to Defendant's Trans Union's LLC's Affirmative Defenses [Doc. No. 98] (the "Second Motion").

The Motion should be denied in this purported Fair Credit Reporting Act case where Plaintiff claims Trans Union allegedly inaccurately reported Great Midwest Bank, Summit Credit Union, and U.S. Bankcorp accounts and now improperly seeks to strike certain defenses asserted by the Trans Union in its Answers because:

A.     Plaintiff Fails To Provide Any Legal Citations To Support His Arguments, Which Alone Should Be Treated As A Basis To Deny The Motion; And

B.     Plaintiff's Motion To Strike Should Be Denied Because Trans Union's Defenses Are Properly Stated.

Case 2:25-cv-01386-WCG   Filed 03/19/26   Page 1 of 9   Document 112

## I.     INTRODUCTION

On September 30, 2025, Plaintiff filed his First Amended Complaint [Dkt. 11], alleging the Trans Union violated the Fair Credit Reporting Act ("FCRA") by allegedly inaccurately reported Great Midwest Bank, Summit Credit Union, and U.S. Bankcorp accounts. On October 14, 2025, Trans Union filed its Answer to Plaintiff's Complaint and Defenses [Dkt. 25]. On October 29, 2025, Plaintiff filed his Response to Defendant's Trans Union LLC's Affirmative Defenses Motion [Dkt. 49] ("the First Motion") and Declaration of Brian T. Peterson in Support of Plaintiff's Opposition to Defendant Transunion LLC's Motion [Dkt. 50]. On November 19, 2025, Trans Union filed its Response to Plaintiff's [Motion to Strike] Trans Union's Affirmative Defenses [Dkt. 64]. On December 3, 2025, Plaintiff filed his Reply in Support of the Motion to Strike Trans Union LLC's Affirmative Defenses [Dkt. 73]. On December 4, 2025, the Court denied Plaintiff's First Motion [Dkt.74].

On February 9, 2026, Plaintiff filed his Second Amended Complaint [Dkt. 81], alleging the Trans Union violated the Fair Credit Reporting Act ("FCRA") by allegedly inaccurately reported Great Midwest Bank, Summit Credit Union, and U.S. Bankcorp accounts. On February 23, 2026, Trans Union filed its Answer to Plaintiff's Second Amended Complaint and Defenses [Dkt. 82]. On March 2, 2026, Plaintiff filed his Second Motion and Declaration of Brian T. Peterson in Support of Plaintiff's Opposition to Defendant Transunion LLC's Motion [Dkt. 98] ("Declaration").

## II.     LEGAL STANDARD

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings". *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts will not strike an defense if they are sufficient as a matter of law or if they present questions

of law or fact. *Id*. Additionally, in this Court, "motions to strike are disfavored." *See Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993). A motion to strike will only be granted if the pleading at issue is "patently defective and could not succeed under any circumstances" *Id.* Generally, courts have held that an defense is sufficient and "invulnerable to a motion to strike" as long as the pleading gives fair notice to the plaintiff regarding the nature of the defense. *See Codest Eng'g v. Hyatt Int'l Corp.,* 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. Moreover, motions to strike will generally be denied unless the portion of the pleading at issue is prejudicial. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### III.   ARGUMENT

**A. Plaintiff Fails To Provide Any Legal Citations To Support His Arguments, Which Alone Should Be Treated As A Basis To Deny The Motion.**

Plaintiff's Second Motion fails to cite any case law or any other citations, beyond simple citations to the FCRA, in support of his request that that Court strike or overrule Trans Union's purported defenses. *See generally* Second Motion. Accordingly, because Plaintiff has offered no authority to support his request, Plaintiff failed to meet his burden and Trans Union respectfully request that Plaintiff's Motion be denied.

**B. Plaintiff's Motion To Strike Should Be Denied Because Trans Union's Defenses Are Properly Stated.**

Plaintiff requests that the Court deny Trans Union's defenses. *See* Second Motion at p. 3. Plaintiff argues that the defenses are not supported by facts or law and should be stricken. *See generally* Second Motion.  However, Plaintiff fails to recognize that defenses do not have to be proven at this stage of the litigation but need only be adequately pleaded.

Although "most district courts in this circuit …. have applied the plausibility standard to affirmative defenses," *Or. Potato Co. v. Kerry Inc.*, No. 20-cv-92-jdp, 2020 WL 4586401, *2 (W.D. Wis. Aug. 10, 2020), it typically does not "take a rich factual exposition to make an affirmative defense plausible" because "the context of an affirmative defense includes the allegations of the complaint." *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-jdp, 2015 WL 3407862, *2 (W.D. Wis. May 27, 2015). "To warrant court intervention, the offending defense must give rise to some kind of prejudice, such as actual confusion, or it must at a minimum be shown how striking the matter would streamline the case." *See Hartwig v. Experian Info. Sols. Inc.*, No. 23-CV-8-WMC, 2023 WL 3301253, *2 (W.D. Wis. May 8, 2023). Plaintiff's Motion make no arguments regarding that Trans Union's defenses prejudice Plaintiff or that striking any defense would streamline the case. *See generally* Second Motion.

Further, as long as Trans Union's defenses give fair notice to Plaintiff of the nature of the defenses, the Court should not strike them. *See Codest Eng'g v. Hyatt Int'l Corp.* at 1228. Trans Union has fully complied with the Federal Rules of Civil Procedure in the preparation of its defenses, as specifically discussed below. The Court will take each contested defense in turn.

1. Trans Union's reports concerning Plaintiff were true or substantially true.

Plaintiff argues that "TransUnion's report included disputed and inconsistent data fields relating to loan balances, payment dates, and credit terms. Further, after verifying the disputed account as 'accurate,' TransUnion subsequently updated substantive fields including balance, last payment made, rating, and date updated. These post-dispute updates undermine any assertion that the reporting was 'true or substantially true.'" *See* Second Motion at p. 2. Plaintiff has not presented to the Court that, with further factual development, this defense would not allow Trans Union to prevail on at least some of Plaintiff's claims. *See Twumasi-Ankrah v. Checkr, Inc.*, 954

F.3d 938, 942 (6th Cir. 2020) (the first element of a § 1681e(b) claim requires a plaintiff to show that a credit reporting agency reported either patently incorrect information or information so misleading that it would be expected to have an adverse effect on the consumer). The fact that Plaintiff disagrees with Trans Union's defense is immaterial. Defendant has given fair notice of this defense. Plaintiff's motion is overruled as to this defense.

2. <u>Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.</u>

Plaintiff argues that the "Trans Union reported inconsistent account information that directly impacted a seven-figure underwriting decision. Sterling Bank relied on a TransUnion Classic 04 score derived from TransUnion's file data. Whether Defendant followed reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 168le(b) presents a factual question not resolved at the pleading stage." *See* Second Motion at p. 2. Plaintiff's opinion about Trans Union's reporting and reasonable procedures is irrelevant to this defense. As Plaintiff's correctly states whether Trans Union followed reasonable procedures is a factual question, Trans Union is not asking the Court to resolve this issue at the pleading stage, instead Trans Union states this defense simply to assert it's right to use this defense as needed. Plaintiff has not presented to the Court that, with further factual development, this defense would not allow Trans Union to prevail on at least some of Plaintiff's claims. Trans Union has given fair notice of this defense. Plaintiff's motion should be overruled as to this defense.

3. <u>Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.</u>

Without conceding any issues and leaving Plaintiff to his proofs, Trans Union agrees to withdraw this defense. Trans Union will file an amended answer to reflect such withdrawal if the Court so directs.

4.  Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

Without conceding any issues and leaving Plaintiff to his proofs, Trans Union agrees to withdraw this defense. Trans Union will file an amended answer to reflect such withdrawal if the Court so directs.

5.  Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

Plaintiff argues that "Plaintiff exercised reasonable diligence by promptly disputing inaccuracies, providing documentary support, and pursuing correction prior to filing suit." *Id* at 3. Again, the fact that Plaintiff disagrees with the ultimate outcome of this defense is not a basis for striking it.  Simply, Plaintiff does not argue that Trans Union has not given fair notice of this defense. Plaintiff's Second Motion should be overruled as to this defense.

6.  Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

Plaintiff argues that "Plaintiffs damages were directly and proximately caused by Defendant's reporting." *Id*. Trans Union argues that it is entitled to test the sufficiency of plaintiff's causation allegations, which are necessary to sustain his claim for actual damages. *See Ferrarelli v. Federated Fin. Corp. of Am.*, No. 07-cv-685, 2009 WL 116972, *7 (S.D. Ohio Jan. 16, 2009) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages,' . . . which is one of the remedies under the FCRA.") (quoting *Crabill v. TransUnion*, 259 F.3d 662, 664 (7th Cir. 2001)).

Defendant has given fair notice of this defense. Plaintiff's motion should be overruled as to this defense.

7.  Plaintiff's damages are the result of acts or omissions committed by other parties to this action over whom Trans Union has no responsibility or control.

Plaintiff argues that "Defendant's statutory duties under the Fair Credit Reporting Act are independent. To the extent other parties may also bear responsibility, such allegations do not relieve Defendant of liability for its own violations." *See* Second Motion at p. 3. Trans Union argues that this defense presents the possibility that the other parties to this action might have caused Plaintiff's damages. Discovery will show who is responsible for any alleged damages asserted by Plaintiff. For the reasons explained with respect to the defense above, Trans Union has given fair notice of this defense. Plaintiff's motion should be overruled as to this defense.

8. Plaintiff's damages are the result of acts or omissions committed by the non-parties over whom Trans Union has no responsibility or control.

Plaintiff argues that "Defendant's statutory duties under the Fair Credit Reporting Act are independent. To the extent other parties may also bear responsibility, such allegations do not relieve Defendant of liability for its own violations." *Id*. Again, Trans Union argues that this defense presents the possibility that non-parties (e.g., creditors) might have caused Plaintiff's damages. For the reasons explained with respect to the defense above, Trans Union has given fair notice of this defense. Plaintiff's motion should be overruled as to this defense.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court deny Plaintiff's Second Motion, improperly styled as Plaintiff's Reply to Defendant's Trans Union's LLC's Affirmative Defenses and award Trans Union' fees in preparing a response to the Motion, and for all other just and proper relief.

Case 2:25-cv-01386-WCG    Filed 03/19/26    Page 7 of 9    Document 112

Respectfully submitted,

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union
LLC*

Case 2:25-cv-01386-WCG    Filed 03/19/26    Page 8 of 9    Document 112

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **19th day of March, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Mary C. Turke, Esq. mary@turkelaw.com | Erin M. Cook, Esq. mcook@gklaw.com |
| Theresa M. Correa McMichen, Esq. tcorreamcmichen@gklaw.com | Lauren E. Lacey, Esq. lauren.lacey@troutman.com |
| Nathan Grzegorek, Esq. ngrzegorek@polsinelli.com | Andrew C. Gresik, Esq. agresik@foley.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **19th day of March, 2026**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff** Brian T. Peterson 590 Mill Pond Road Dousman, WI 53118 | |

*s/ William M. Huse*

William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*