**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

BRAIN T. PETERSON,

        Plaintiff,

    vs.

GREAT MIDWEST BANK; U.S. BANK
NATIONAL ASSOCIATION; SUMMIT
CREDIT UNION; TRANSUNION LLC; and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

        Defendants.

Case No.  2:25-cv-01386-WCG

Judge William C. Griesbach

Magistrate Judge Stephen C. Dries

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S AND
TRANS UNION LLC'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Experian Information Solutions, Inc. (hereinafter "Experian"), and Trans Union LLC ("Trans Union"), by and through their respective undersigned counsel, and hereby file this Memorandum of Law in Support of their Joint Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c).

**CIVIL LOCAL RULE 12 STATEMENT**

Pursuant to Civil Local Rule 12, Experian and Trans Union ("Movants") provide notice to Plaintiff that any factual assertion in Movant's affidavit (not applicable to this motion), declaration (not applicable to this motion), or other admissible documentary evidence will be accepted by the Court as being true unless the pro se party submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

1

<u>RELEVANT FACTUAL BACKGROUND</u>

Plaintiff, Brian Peterson ("Plaintiff"), proceeding *pro se*, brings this action against Experian and Trans Union for alleged violations of § 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[1] The operative Complaint – Plaintiff's second Amended Complaint – alleges that Experian, Trans Union, and fellow consumer reporting agency, Equifax Information Services, LLC ("Equifax," collectively, the "CRAs"), reported inconsistent and/or conflicting information about a U.S. Bank credit card account, a Great Midwest Bank home mortgage account, and a Summit Credit Union Home Equity Line of Credit ("HELOC") in Plaintiff's name. *See* Second Amended Complaint ("SAC"), ¶ 12, Dkt. No. 81.

With respect to the Great Midwest Bank loan, Plaintiff alleges Trans Union reported the outstanding balance as $733,413, while Experian and Equifax reported the balance as $724,061. SAC at ¶ 13. Plaintiff also alleges that Equifax incorrectly reported the loan term as 0 months rather than 348 months. *Id.* With respect to the Sumit Credit Union HELOC, Plaintiff alleges Equifax was reporting a credit limit of $0 while Experian and Trans Union were reporting a credit limit of $233,700. *Id.* at ¶ 14.[22] Plaintiff also appears to allege the CRAs were reporting "Date[s] of Last Payment" and "Date[s] Last Active" that differed by "almost an entire month." *Id.* With respect to the U.S. Bank account, Plaintiff claims Experian and Trans Union reported a "High

---

[1] Section 1681e(b) of the FCRA requires a consumer reporting agency to follow "reasonable procedures to assure the maximum possible accuracy of" information contained in a consumer report. *See* 15 U.S.C. § 1681e(b).

[2] Plaintiff alleges later in the SAC that "Summit furnished a tradeline that misstated the $233,700 credit limit and showed erroneous payment dates." *See* SAC at ¶ 36. Based on the phrasing of this allegation, it appears Plaintiff is alleging that the $233,700 credit limit was correct and Equifax's reporting of a $0 credit limit was inaccurate.

2

Credit" amount of $31,120, but Equifax reported an amount of $0. *Id.*[3] Plaintiff also alleges there were "multiple weeks difference in reporting on Last Reported, Date Last Active and Date of Last Payment." *Id.*

Plaintiff alleges that he submitted disputes regarding these purported discrepancies to the CRAs but the allegedly inaccurate information was not corrected. SAC at ¶¶ 15, 17, 18. As a result of these discrepancies in his credit reports, Plaintiff claims he was denied a $1,000,000 land loan by Sterling Bank. *Id.* at ¶ 19.

In amending his Complaint a second time, Plaintiff removed certain claims against the CRAs. In his first Amended Complaint, Plaintiff asserted several claims against Experian and Trans Union under § 1681i(a) of the FCRA. *See* First Amended Complaint, ¶¶ 95-153, Dkt. No. 11. Those claims were not included in Plaintiff's SAC. Instead, Plaintiff now brings a single count against Experian and Trans Union under § 1681e(b) for their alleged failure to maintain reasonable procedures to assure the maximum possible accuracy regarding the information reported about the U.S. Bank, Summit, and Great Midwest Bank accounts.

Experian and Trans Union filed their respective Answers to the SAC, denying all liability, on February 23, 2026. *See* Dkt. Nos. 82 & 90. Equifax resolved the claims Plaintiff brought against it and was dismissed from this action on December 22, 2025. *See* Dkt. No. 76.

---

[3] Plaintiff alleges later in the SAC that "U.S. Bank reported an inaccurate High Credit of $0 vs $31,1200 and multiple erroneous payment dates." See SAC at ¶ 36. Per this allegation it appears Plaintiff is alleging that the proper "High Credit" amount for the U.S. Bank account was $31,200.

## LEGAL STANDARD

Rule 12(c) permits a party to file a motion for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." *See* Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *See Wallace v. Parker*, No. 24-C-1572, 2025 U.S. Dist. LEXIS 217015, at *1-2 (E.D. Wis. Nov. 4, 2025) (citation and internal quotation marks omitted). Accordingly, the court accepts all well pleaded factual allegations as true and "draws all reasonable inferences and views all facts in the light most favorable to the plaintiff." *Id.* (citation omitted). However, the court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Id.* (citation and internal quotation marks omitted). "Like Rule 12(b) motions, a Rule 12(c) motion is to be granted 'only if it appears beyond doubt that [the plaintiffs] cannot prove any facts that would support [their] claim for relief.'" *Sartin v. Chula Vista, Inc.*, No. 18-CV-1890, 2019 U.S. Dist. LEXIS 109537, at *7 (E.D. Wis. July 1, 2019) (citation omitted).

Finally, in ruling on a motion for judgment on the pleadings, the court may also review and consider "documents that a plaintiff fails to attach to the complaint, but which are referred to in the plaintiff's complaint and are central to his claim." *See Wallace*, 2025 U.S. Dist. LEXIS 217015, at *2-3 (citation omitted).

## ARGUMENT

### A. Plaintiff's § 1681e(b) Claim Fails as a Matter of Law because he has Failed to Allege an Inaccuracy in Experian's and Trans Union's Reporting

Plaintiff fails to adequately plead a threshold element of his § 1681e(b) claim against Experian and Trans Union, an inaccuracy in either entity's reporting of his Great Midwest Bank, U.S. Bank, and Summit Credit Union accounts.

4

"A threshold requirement for claims under both sections [1681e(b) and 1681i(a)(1)(A)] is that there must be an inaccuracy in the consumer's credit report." *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021). Courts have held that allegations regarding discrepancies between the CRAs' reporting of the same account, in and of itself, are insufficient to allege an inaccuracy sufficient to meet the threshold requirement of § 1681e(b). *See Allen v. Experian Info. Sols., Inc.*, No. 2:25-cv-00404-BLW, 2025 U.S. Dist. LEXIS 251718, at *7-8 (D. Idaho Dec. 4, 2025) (collecting cases standing for the proposition, and holding, that "[a]llegations of inconsistencies or discrepancies among credit reports, standing alone, do not permit an inference that any of the reports contains 'false or materially misleading' information."). "The reason is straightforward: when one CRA reports a balance of $18,606 and another reports $135,019, both figures could be accurate as of different reporting dates, or one could be accurate and the other not." *Id.* at *8. However, "[w]ithout an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone." *Id.*

In this case, Plaintiff makes several claims that the CRAs were reporting different data for his U.S. Bank and Summit Credit Union accounts. *See* SAC at ¶ 14 (alleging the CRAs were reporting "Date[s] of Last Payment" and "Date[s] Last Active" that differed by "almost an entire month" for the Summit Credit Union account and "multiple weeks difference in reporting on Last Reported, Date Last Active and Date of Last Payment" for the U.S. Bank account). Notably, however, the SAC does not include any allegations regarding which "Date[s] of Last Payment" and "Date[s] Last Active" for the Summit Credit Union account were inaccurately reported or which of the "Last Reported, Date Last Active and Date of Last Payment" for the U.S. Bank were inaccurately reported. Plaintiff's identification of a discrepancy, alone, is insufficient to establish an inaccuracy. *See Allen*, 2025 U.S. Dist. LEXIS 251718, at *7-8. To the extent Plaintiff's §

1681e(b) relies on these allegations, Experian and Trans Union are entitled to judgment in their favor and dismissal of that claim due to Plaintiff's failure to plead an inaccuracy.

With respect to the amount of outstanding debt reported by the CRAs for the Great Midwest Bank account, the "credit limit" for the Summit Credit Union account, and the "high credit" amount for the U.S. Bank account, while Plaintiff includes allegations regarding purportedly inaccurate amounts reported by the CRAs, a close examination of the Complaint and Plaintiff's dispute letter reveal that Experian's and Trans Union's reporting of these amounts was indisputably accurate. Experian and Trans Union address the reporting of these amounts in the following section. *See* Section B, *infra*.

Plaintiff makes an additional inaccuracy claim that:

> Great Midwest reflected inconsistent balances, incorrect last payments dates, and errors loan terms across bureaus. These inconsistencies show that neither Trans Union and Great Midwest Bank corrected erroneous information until after Plaintiff's formal disputes and post-complaint investigation. The persistence of these inaccuracies further demonstrates the failure of the consumer reporting agency and furnisher to maintain reasonable procedures or conduct reasonable investigations under 15 U.S.C. §§ 1681e(b) and 1681s-2(b).

*See* SAC at ¶¶ 22-25. To the extent Plaintiff attempts to make an additional inaccuracy claim under 1681e(b) against Trans Union and Experian, the SAC lacks plausible factual allegations to support his FCRA claims beyond vague, conclusory statements. Plaintiff does not describe any information regarding what the reporting of the Great Midwest account entails including what the balances are, what payments dates are, and what loan terms are, much less how they were inaccurate.

Furthermore, Plaintiff alleges that during Trans Union's October 9, 2025 investigation into Plaintiff's dispute concerning the Great Midwest account, Trans Union confirmed the account was accurate while simultaneously updating certain account information, including the "Balance; Date

6

Updated; Last Payment Made; Rating." *Id.* at ¶¶ 26-28. Plaintiff contends these updates demonstrate that such information previously reported was inaccurate and proves unreasonable procedures under 15 U.S.C. § 1681e(b). *Id.* at ¶¶ 28-32.

An account balance, date updated, last payment made and rating could change simply with the passage of time. Again, Plaintiff does not describe any information regarding what the reporting of the Great Midwest account entails. Additionally, under Plaintiff's theory, however, Trans Union's efforts to comply with the FCRA itself constitute violations of the FCRA. In essence, Plaintiff argues that any dispute automatically creates liability for Trans Union and that whenever Trans Union verifies disputed information as accurate while also making updates to information with which Plaintiff disagrees, Trans Union has effectively admitted to a § 1681e(b) violation. This overbroad interpretation of § 1681e(b) is unsupported, unreasonable, and without merit.

### B. Plaintiff's § 1681e(b) Claim Fails as a Matter of Law because the Information Experian and Trans Union were Reporting was Indisputably Accurate

The allegations in the SAC and Plaintiff's own dispute letter reflect that Experian and Trans Union were reporting the proper figures for the amount of outstanding debt for the Great Midwest Bank account, the "credit limit" for the Summit Credit Union account, and the "high credit" amount for the U.S. Bank account. Plaintiff has thus failed to plead an inaccuracy with respect to either Defendants' reporting of these accounts and his § 1681e(b) claim fails as a matter of law.

With respect to the "credit limit" for the Summit Credit Union account, Plaintiff alleges that Equifax was reporting a credit limit of $0 while Experian and Trans Union were reporting a credit limit of $233,700. *See* SAC at ¶ 14. However, later in the Complaint, Plaintiff alleges that "Summit furnished a tradeline that misstated the $233,700 credit limit and showed erroneous payment dates." *See id.* at ¶ 36. In doing so, Plaintiff acknowledges and admits that the proper

7

credit limit for the Summit Credit Union account was $233,700, which is the amount Experian and Trans Union were reporting. Plaintiff has thus failed to allege an inaccuracy regarding Experian's and Trans Union's reporting of this amount.

With respect to the "high credit" amount for the U.S. Bank account, Plaintiff Experian and Trans Union reported a "High Credit" amount of $31,120, but Equifax reported an amount of $0. *See* SAC at ¶ 14. However, as with the Summit Credit Union account, Plaintiff then alleges "U.S. Bank reported an inaccurate High Credit of $0 vs $31,1200[.]" *See id.* at ¶ 36. Per this allegation it appears Plaintiff is alleging that the proper "High Credit" amount for the U.S. Bank account was $31,200, which was the amount he admits Experian and Trans Union were reporting. Plaintiff has thus failed to allege an inaccuracy regarding Experian's and Trans Union's reporting of this amount.

With respect to the outstanding balance for the Great Midwest Bank account, Plaintiff alleges Trans Union reported the outstanding balance as $733,413, while Experian and Equifax reported the balance as $724,061. SAC at ¶ 13.[4] Again, however, Plaintiff claims later in the SAC that the correct balance for the Great Midwest Bank account was $724,061. *See id.* at ¶ 36. This is the balance Plaintiff claims Experian was reporting, which forecloses any finding that Experian reported an inaccuracy with respect to the Great Midwest Bank account.

However, Plaintiff's allegation that the correct balance was $724,061 does not automatically render Trans Union's reporting of the balance inaccurate. Indeed, as the *Allen* Court recognized, when CRAs report different balances for the same account, "both figures could be

_____

[4] Plaintiff also alleges that Equifax incorrectly reported the loan term as 0 months rather than 348 months. *Id.* Since this allegation pertains to Equifax, only, and since Equifax has been dismissed from the case, this allegation cannot support Plaintiff's § 1681e(b) claim against Experian and Trans Union.

accurate as of different reporting dates." 2025 U.S. Dist. LEXIS 251718, at *8. A review of Plaintiff's June 8, 2025 dispute letter – which is attached as Exhibit A to the Declaration of Lynn Torcivia, submitted in support of Great Midwest Bank's Motion to Dismiss the FAC, *see* Dkt. No. 42 at 4-8, and incorporated by reference via the allegations in the SAC, *see* SAC at ¶ 15 (alleging that "[b]etween June and August 2025, Plaintiff submitted formal written disputes to Equifax, TransUnion, and Experian regarding these tradelines, specifically identifying inaccurate data and requesting reinvestigation pursuant to 15 U.S.C. § 1681i(a)."); *see also Wallace*, 2025 U.S. Dist. LEXIS 217015, at *2-3 (noting "documents that a plaintiff fails to attach to the complaint, but which are referred to in the plaintiff's complaint and are central to his claim" can be considered in connection with a Rule 12(c) motion) (citation omitted) – reflects that what the *Allen* Court described (*i.e.*, the reporting of different balances due to different reporting dates) is precisely what happened here. That document overrides any contrary allegations in the SAC, see *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."), and shows that Trans Union reported an outstanding amount of debt of 733,413.00 for a reporting period of "4/30/2025." *See* Dkt. No. 42 at 7-8. Experian and Equifax were reporting an outstanding amount of debt of $764,000.00 for a reporting period of May 2025. *Id.* There are no allegations in the SAC that Trans Union's reporting of the outstanding balance of $733,413 for the Great Midwest Bank account was inaccurate as of the date of Trans Union's reporting on "4/30/2025." All the Court is left with is a discrepancy, which alone is insufficient and which is explained by the different "last reported" dates reflected on the three-bureau report attached to

9

Plaintiff's June 8, 2025 dispute letter.[5] Accordingly, Plaintiff has failed to allege facts sufficient to establish that Trans Union was reporting an inaccurate balance and Plaintiff specifically admits that Experian was reporting an accurate balance. Plaintiff's § 1681e(b) claim fails as a matter of law.

Plaintiff has either failed to allege facts sufficient to establish an inaccuracy or has specifically pled that the information Experian and Trans Union reported about his Great Midwest Bank, Summit Credit Union, and U.S. Bank accounts was accurate. Plaintiff's claim under § 1681e(b) fails as a matter of law and that claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants Experian Information Solutions, Inc. and Trans Union LLC respectfully request the Court enter judgment in their favor with respect to Plaintiff's § 1681e(b) claim and dismiss that claim with prejudice.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Lauren E. Lacey*
Lauren E. Lacey
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-2950
Email: Lauren.Lacey@troutman.com
*Attorney for Experian Information Solutions, Inc.*

---

[5] A potential creditor reviewing Plaintiff's report would undoubtedly recognize that the different values for the outstanding balance of the Great Midwest loan occurred because the values were reported on different dates.

<span>/s/ William M. Huse</span>
William M. Huse
Quilling Selander Lownds Winslett & Moser PC
10333 N Meridian St - Ste 200
Indianapolis, IN 46290
Telephone: 317-497-5600
Fax: 317-899-9348
Email: whuse@qslwm.com
*Attorney for Trans Union LLC*

11