UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

BRIAN T. PETERSON,

    *Plaintiffs*,        Case No. 2:25-cv-01386-WCG

vs.

GREAT MIDWEST BANK;
U.S. BANK NATIONAL
ASSOCIATION; SUMMIT CREDIT
UNION; TRANS UNION LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC,

    *Defendants*.

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT U.S. BANK, NATIONAL
ASSOCIATION'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

<u>**INTRODUCTION**</u>

This Court previously dismissed Plaintiff Brian Peterson's ("Peterson" or "Plaintiff") claims in this action through its Decision and Order dated January 15, 2026 (ECF No. 79) ("MTD Order"). In Plaintiff's Response in Opposition to U.S. Bank National Association's Motion to Dismiss (ECF No. 116) ("Response"), Plaintiff belabors the same points disposed of by the MTD Order. Plaintiff continues to advance his legally deficient theory that U.S. Bank, National Association ("U.S. Bank") is somehow liable for inter bureau discrepancies between Credit Reporting Agencies ("CRAs").

Plaintiff still fails to acknowledge that his Second Amended Complaint is completely devoid of any facts, beyond bare conclusions, plausibly alleging that U.S. Bank furnished inaccurate or misleading information to CRAs, that U.S. Bank failed to conduct a reasonable investigation into Plaintiff's disputes, or that U.S. Bank is causally connected to any harm suffered by Plaintiff.

Plaintiff's Reply instead demonstrates his misunderstanding of the Fair Credit Reporting Act ("FCRA") at every turn. Plaintiff incessantly attempts to work backward from CRA reporting to contrive an argument that U.S. Bank is somehow responsible for the reporting practices of each CRA, completely ignoring this Court's previous holding that "a data furnisher has neither the duty nor the authority to correct errors made by the CRAs." (MTD Order at 7).

Moreover, Plaintiff's Response continuously mischaracterizes U.S. Bank as asking this Court to resolve factual disputes at the pleadings stage.[1] Plaintiff conflates U.S. Bank holding him

---

[1] Plaintiff further mischaracterizes U.S. Bank's position with the statement that "U.S. Bank next argues that Plaintiff failed to allege notice from a CRA sufficient to trigger duties under 15 U.S.C. § 1681s-2(b)." (Resp. at 4). Nowhere in U.S. Bank's Motion to Dismiss Plaintiff's Second Amended Complaint does it make that argument. Accordingly, it will not be addressed in this Reply Memorandum.

1

to the proper pleading standard as asking for findings of fact. Simply put, highlighting that Plaintiff did not and cannot plead appropriate facts to state a claim against U.S. Bank is not a request for the Court to resolve those facts, it is a request to acknowledge the dearth of sufficient allegations in Plaintiff's Second Amended Complaint.

Accordingly, Plaintiff fails to demonstrate that his Second Amended Complaint cures the defects identified in the MTD Order, and all claims against U.S. Bank should be dismissed with prejudice.

## ARGUMENT

I. **PLAINTIFF'S OPPOSITION IGNORES THAT THE PLEADED FACTS FAIL TO STATE A CLAIM AGAINST U.S. BANK.**

### A. *Count I is Devoid of Any Facts Alleging a Furnisher-Level Inaccuracy.*

Plaintiff paradoxically argues that "Plaintiff does not allege formatting differences attributable to CRAs," (Resp. at 3), while basing his entire argument on formatting differences attributable to CRAs. Plaintiff completely ignores that he has failed to allege any facts, beyond bare conclusions, that plausibly show U.S. Bank furnished patently incorrect or materially misleading information. Plaintiff has not alleged that U.S. Bank's internal records reflected incorrect or misleading account data or that U.S. Bank reported incorrect or misleading account data that differed from its internal records.

Instead, Plaintiff relies on the fact that the CRAs displayed different values for the high credit, date of last payment, date of last activity, and reporting dates and argues that "these are core data fields supplied by the furnisher." (Resp. at 3). This demonstrates Plaintiff's misunderstanding of the relationship between furnishers and CRAs under the FCRA. While these values are initially supplied by the furnisher, variations in CRA reporting practices can and do lead to inter-bureau discrepancies that are not at all attributable to the furnisher. Therefore, Plaintiff cannot rely on

2

inter-bureau discrepancies to draw the erroneous inference that CRA reporting practices somehow show that U.S. Bank furnished incorrect or misleading information. *See Wade v. Equifax, Inc.*, No. 02 C 3205, 2003 WL 22089694 at *3 (N.D. Ill. Sept. 8, 2003) (granting summary judgment to a furnisher where it appeared the plaintiff targeted the furnisher for a CRA's failure to remove an account for her credit report).

Plaintiff's misunderstanding of the FCRA is further underscored by his argument that "U.S. Bank cannot simultaneously maintain: 1. that its reporting was accurate; and 2. that the reporting required updates after investigation." (Resp. at 3). On the contrary, U.S. Bank can quite easily determine that the account information displayed by a CRA is not in line with the latest information furnished by U.S. Bank, and request that the CRA update its reporting to reflect the latest information. Plaintiff labors under the mistaken impression that U.S. Bank requesting CRAs update reporting is somehow an admission that it furnished inaccurate information, rather than a simple request to have CRA reporting reflect the information furnished by U.S. Bank.

Despite Plaintiff's characterization of its position, U.S. Bank does not ask the Court to resolve any facts at this stage. Rather, U.S. Bank simply requests that this Court apply its previous ruling to find that Plaintiff has failed to plausibly allege a furnisher-level inaccuracy from U.S. Bank; and therefore, his claims against U.S. Bank should be dismissed with prejudice.

### B. U.S. Bank Asks the Court to Acknowledge Plaintiff Has Failed to Allege an Unreasonable Investigation, Not Resolve Investigative Reasonableness.

In addition to Plaintiff's general misunderstanding of the FCRA, Plaintiff's Reply demonstrates he fundamentally misunderstands U.S. Bank's argument relating to its duty to investigate Plaintiff's dispute. Plaintiff claims that "U.S. Bank repeatedly argues that its investigation was 'reasonable.'" (Resp. at 5). This is a gross mischaracterization of U.S. Bank's position. U.S. Bank does not ask the Court to hold that its investigation was reasonable as a matter

3

of fact. Rather, U.S. Bank emphasizes that Plaintiff further fails to state a claim against U.S. Bank, because Plaintiff fails to allege any facts plausibly showing U.S. Bank did not conduct a reasonable investigation.

Plaintiff argues that his allegations claiming, "multiple disputes were submitted; conflicting information persisted; and U.S. Bank failed to eliminate the inconsistencies" are enough to "plausibly support an inference that [U.S. Bank's] investigation was inadequate." (Resp. at 5). This could not be further from the truth. Discrepancies in credit reports do not lead to a plausible inference that a furnisher did not conduct a reasonable investigation. *See Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 776 (7th Cir. 2023) ("[T]he text of § 1681s-2(b) says nothing about a credit report, let alone a duty of a data furnisher with respect to credit reports produced using its amended data."); *see also* (MTD Order at 7).

In making this argument, Plaintiff continues to ignore what this Court explained in its MTD Order: "a data furnisher has neither the duty nor the authority to correct errors made by the CRAs." (MTD Order at 7). U.S. Bank did not fail to eliminate the inconsistencies in CRA reporting, because U.S. Bank never had "the duty nor the authority" to eliminate these inconsistencies in the first place. Plaintiff cannot possibly work backwards from inter-bureau discrepancies to somehow allege U.S. Bank did not conduct a reasonable investigation when U.S. Bank has absolutely no authority to correct CRA reporting. All U.S. Bank must do is conduct a reasonable investigation into Plaintiff's dispute, then request CRAs update their reporting if appropriate.

Accordingly, Plaintiff fails to plausibly allege that U.S. Bank did not conduct a reasonable investigation into his disputes; and therefore, his claims against U.S. Bank should be dismissed with prejudice.

### C. Plaintiff's Cited Authority Does Not Causally Connect Any Alleged Violation to Concrete Harm.

Plaintiff argues that his allegation stating, "he was denied a $1,000,000 loan because of inconsistencies in his credit report" (Resp. at 5), is sufficient to plead causation. To support this argument, Plaintiff cites *Persinger v. Southwest Credit Systems, L.P.*, seemingly for the proposition that "[a]n FCRA violation may inflict pecuniary harm, like lost income or out-of-pocket expenses caused by denials of credit, housing, or insurance." 20 F.4th 1184, 1194 (7th Cir. 2021). Beyond this bare statement of law, *Persinger* does little to help Plaintiff's argument, especially since the plaintiff in *Persinger*, "dis-avowed any loss of credit, housing, employment, money, or insurance" and then failed to prevail on her claim for emotional damages. *Id.*

Plaintiff then further misconstrues U.S. Bank's position by claiming U.S. Bank argues "that Plaintiff must isolate a single tradeline as the sole cause of denial," because this argument "seeks proof–not plausibility." (Resp. at 5). Plaintiff cites *Sarver v. Experian Information Solutions*, to support this proposition. It is unclear why Plaintiff cites *Sarver*, because Plaintiff specifically cites to a discussion of why the *Sarver* plaintiff's FCRA claim fails on summary judgment for "a lack of evidence of damages," even noting that a denial of credit letter cannot be a basis for damages in that case. 390 F.3d 969, 971 (7th Cir. 2004).

While a denial of credit may be recoverable as actual damages in an FCRA claim, Plaintiff must first plead facts alleging U.S. Bank caused the denial of credit. *See id.* (quoting *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001)) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages,'" which is one of the remedies under the Fair Credit Reporting Act."). To support his alleged denial of credit damages, Plaintiff offers a statement he received explaining "'Sterling Bank pulled your credit report and found inconsistencies leading us to deny your request

5

for a loan at this time.'" (2nd Am. Compl. ¶ 19). Plaintiff offers no facts plausibly connecting U.S. Bank to any inconsistencies in his credit report. Once again, Plaintiff attempts to improperly work backward from his credit report and somehow connect inter-bureau discrepancies to liability for U.S. Bank. Moreover, U.S. Bank does not demand the Plaintiff isolate any specific tradeline as the sole cause of denial, but rather highlights that Plaintiff fails to allege Sterling Bank specifically relied on the U.S. Bank tradeline in denying his loan request.

Therefore, Plaintiff fails to show a causal relationship between the alleged FCRA violation from U.S. Bank and any concrete harm suffered by Plaintiff. Thus, Plaintiff's claims should be dismissed with prejudice.

## II. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND BECAUSE AMENDMENT WOULD BE FUTILE.

Plaintiff claims that "[a]t minimum, Plaintiff would be entitled to amend any perceived pleading deficiency." (Resp. at 6). This assertion ignores the fact that Plaintiff should not be permitted to amend if amendment would be futile. This Court explained exactly why Plaintiff's legal theory is deficient, then permitted Plaintiff leave to amend only for Plaintiff to return with the exact same legal theory dressed up with additional facts. This demonstrates that Plaintiff has no viable legal theory behind his claims and permitting Plaintiff to amend would be futile. Consequently, Plaintiff's claims should be dismissed with prejudice.

Claims should be dismissed with prejudice as futile when they "depend[] entirely on [a] flawed legal theory . . . ." *Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21 CV 5516, 2022 WL 1062793, at *7 n.13 (N.D. Ill. Apr. 8, 2022) (dismissing claim with prejudice upon finding that it "depends entirely on the flawed legal theory that a retailer owes an extra-contractual duty to a consumer"). Plaintiff's FCRA claims depend entirely on the flawed legal theory that furnishers are

6

liable for inter-bureau discrepancies in CRA reporting. This theory is rejected by all relevant case law, this Court's MTD Order, and even a baseline understanding of credit reporting.

Plaintiff should not be granted leave to amend only to return with the same flawed legal theory. Accordingly, Plaintiff's claims should be dismissed with prejudice as amendment would be futile.

## **CONCLUSION**

For these foregoing reasons, and the reasons set forth in U.S. Bank's Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff's claims against U.S. Bank in his Second Amended Complaint should be dismissed in their entirety, with prejudice.

Dated this 26th day of May 2026.

Respectfully submitted,

*/s/ Andrew C. Gresik*
Andrew C. Gresik
WI Bar Number: 1104650

FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
Email: agresik@foley.com

*Attorney for U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document was electronically filed with the Clerk of Court and served on all parties and counsel of record using the Court's CM/ECF system.

Dated: May 26, 2026                                    */s/ Andrew C. Gresik*
                                                        Andrew C. Gresik

8