UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASE NO. 2:25-cv-01386-WCG

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2025 MAY 27 P 12: 35

CLERK OF COURT

BRIAN T. PETERSON,

Plaintiff,

v.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC; TRANS UNION
LLC; U.S. BANK NATIONAL
ASSOCIATION; SUMMIT CREDIT
UNION

Defendants.

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S AND TRANS UNION LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Brian T. Peterson ("Plaintiff"), proceeding pro se, respectfully submits this Response in Opposition to Defendants Experian Information Solutions, Inc.'s ("Experian") and Trans Union LLC's ("TransUnion") Joint Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and states as follows:

**INTRODUCTION**

Defendants attempt to recharacterize Plaintiff's Second Amended Complaint ("SAC") as alleging nothing more than harmless timing differences between consumer reporting agencies. That is not Plaintiff's claim.

The SAC alleges that Defendants reported materially inconsistent and misleading tradeline information concerning Plaintiff's mortgage, home equity, and revolving credit accounts; failed to maintain reasonable procedures to assure maximum possible accuracy of

Plaintiff's consumer reports; verified disputed information as "accurate" despite unresolved inconsistencies; and later modified material account fields following Plaintiff's disputes and post-complaint investigations. *See* SAC ¶¶ 12–19, 22–32.

The SAC further alleges that these reporting inconsistencies materially affected underwriting decisions and resulted in the denial of Plaintiff's land loan application by Sterling Bank after the lender was unable to reliably determine Plaintiff's debt service obligations and repayment capacity.

Defendants improperly attempt to resolve factual disputes and draw inferences in their own favor at the pleadings stage. The Court must instead accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor.

Whether Defendants' reporting was materially misleading, whether their procedures were reasonable under 15 U.S.C. § 1681e(b), whether post-dispute modifications plausibly support an inference of unreasonable procedures and materially misleading reporting under § 1681e(b), and whether the reporting materially impacted underwriting are factual questions not appropriately resolved on a Rule 12(c) motion.

Because the SAC plausibly alleges materially misleading reporting, unreasonable procedures, post-dispute modifications relevant to the reasonableness of Defendants' procedures under § 1681e(b), and resulting damages, Defendants' Motion should be denied.

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard applicable to motions brought under Rule 12(b)(6).

To survive a Rule 12(c) motion, a complaint need only contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. At this stage, the Court must:

- accept Plaintiff's factual allegations as true;
- draw all reasonable inferences in Plaintiff's favor; and
- refrain from resolving factual disputes or weighing competing explanations for the alleged conduct.

See Wallace v. Parker, No. 24-C-1572, 2025 U.S. Dist. LEXIS 217015, at *1-2 (E.D. Wis. Nov. 4, 2025), cited by Defendants.

Under the Fair Credit Reporting Act ("FCRA"), a consumer reporting agency violates 15 U.S.C. § 1681e(b) when it fails to follow reasonable procedures to assure maximum possible accuracy of information contained in a consumer report.

The Seventh Circuit recognizes that information may violate the FCRA where it is materially misleading, even if portions of the reporting may be technically accurate. See Chuluunbat v. Experian Info. Sols., Inc., 4 F.4th 562, 567 (7th Cir. 2021).

Here, Plaintiff alleges materially inconsistent and evolving tradeline information affecting repayment calculations, account history, balances, payment dates, and underwriting determinations. Plaintiff further alleges that Defendants verified disputed information as accurate while subsequently modifying material account fields following Plaintiff's disputes and post-complaint investigations.

At minimum, those allegations plausibly support reasonable inferences that:

- Defendants' reporting was materially misleading;
- Defendants failed to maintain reasonable procedures;
- Defendants engaged in post-dispute conduct plausibly supporting an inference of unreasonable procedures under § 1681e(b); and
- Defendants' reporting caused actual harm to Plaintiff.

Accordingly, dismissal at the pleadings stage is inappropriate.

**ARGUMENT**

**I. PLAINTIFF HAS PLAUSIBLY ALLEGED MATERIALLY MISLEADING REPORTING UNDER 15 U.S.C. § 1681e(b)**

Defendants incorrectly attempt to reduce Plaintiff's claims to allegations of harmless numerical differences between consumer reporting agencies. The SAC alleges substantially more.

Plaintiff's allegations are not confined to isolated reporting snapshots generated on different dates. Rather, the SAC alleges that materially inconsistent mortgage reporting persisted from June through September 2025 despite Plaintiff's disputes and despite Defendants' investigation activity. See SAC ¶¶ 22–25.

Plaintiff alleges that Defendants reported materially inconsistent and evolving information concerning balances, payment dates, account activity dates, repayment obligations, and credit terms associated with Plaintiff's mortgage, HELOC, and revolving credit accounts. Plaintiff further alleges that these inconsistencies persisted despite formal disputes submitted between June and August 2025 and despite Defendants' subsequent reinvestigation activity.

Importantly, Plaintiff alleges that the reporting inconsistencies materially affected underwriting decisions and caused Sterling Bank to deny Plaintiff's land loan application after the lender was unable to reliably assess Plaintiff's debt service obligations and repayment capacity.

That allegation distinguishes this matter from the narrow "mere discrepancy" cases relied upon by Defendants.

The SAC alleges that the reporting, viewed collectively rather than as isolated data points, created materially misleading information concerning Plaintiff's repayment obligations, available credit, account history, and debt service calculations relied upon during underwriting.

The issue under § 1681e(b) is not limited to whether isolated fields may have differed between consumer reporting agencies on different dates. Rather, the relevant inquiry is whether the reporting, viewed as a whole, was materially misleading to users of the report. See Chuluunbat v. Experian Info. Sols., Inc., 4 F.4th 562, 567 (7th Cir. 2021).

Here, Plaintiff plausibly alleges that the reporting created confusion regarding:

- Plaintiff's actual repayment obligations;
- outstanding debt balances;
- account status;
- payment history;
- and available credit.

Those allegations are sufficient at the pleadings stage.

Defendants repeatedly argue that differing balances or dates "could" simply reflect reporting occurring at different times. But that is merely Defendants' preferred factual inference. At the Rule 12(c) stage, the Court must instead draw reasonable inferences in Plaintiff's favor, not Defendants'. The SAC, however, alleges more than isolated timing differences between reports generated on different dates. Plaintiff specifically alleges that materially misleading and inconsistent mortgage reporting persisted from June through September 2025, including

inconsistent balances, incorrect payment dates, and erroneous loan terms that remained unresolved despite formal disputes. *See* SAC ¶¶ 22–25. Plaintiff's allegations are further supported by the underlying mortgage servicing records referenced in the SAC. Those records reflect a steadily declining mortgage principal balance throughout the relevant reporting period, including balances of approximately $729,636 in March 2025, $728,248 in April 2025, $725,462 in May 2025, and $724,061 in June 2025. Plaintiff alleges that despite this amortization history, TransUnion reported materially inflated mortgage balances during the same period, including a reported balance of approximately $733,413 appearing in Plaintiff's June 2025 consumer disclosures. At minimum, these allegations plausibly support an inference that the reporting was materially misleading and not merely harmless timing variations between consumer reporting agencies. At the pleadings stage, those allegations must be accepted as true, and the Court may not resolve competing factual inferences in Defendants' favor.

Indeed, the SAC plausibly alleges that the reporting inconsistencies were not harmless timing variations because:

- Plaintiff disputed the information;
- Defendants verified the information as accurate;
- material account fields were later modified following disputes and investigations; and
- the reporting materially impacted an actual lending decision.

At minimum, those allegations plausibly support an inference that the reporting was materially misleading and that Defendants failed to maintain reasonable procedures to assure maximum possible accuracy.

Accordingly, dismissal under Rule 12(c) is improper.

## II. PLAINTIFF HAS PLAUSIBLY ALLEGED UNREASONABLE PROCEDURES AND POST-DISPUTE MODIFICATIONS SUPPORTING LIABILITY UNDER § 1681e(b)

Plaintiff's claims are not based upon the theory that any disputed account automatically creates liability under the FCRA. Defendants repeatedly attempt to characterize the SAC in that manner.

Instead, Plaintiff alleges a specific sequence of events supporting a plausible inference of unreasonable procedures and materially misleading reporting under § 1681e(b):

1. Plaintiff identified and disputed materially inconsistent reporting;

2. Defendants represented disputed information as verified while later modifying material account fields;
3. Defendants later modified material account fields following disputes and post-complaint investigation activity; and
4. the reporting materially affected underwriting decisions and caused actual harm.

The SAC specifically alleges that during TransUnion's October 9, 2025 investigation concerning the Great Midwest account, TransUnion simultaneously:

- verified the account as accurate;
- while updating the "Balance," "Date Updated," "Last Payment Made," and "Rating" fields.

See SAC ¶¶ 26–32.

Importantly, Plaintiff's allegations concerning post-dispute modifications are based upon Defendants' own investigation results, which stated that the disputed information was 'verified as accurate' while simultaneously updating material account fields including the balance, last payment date, rating, and date updated. See SAC ¶ 27.

Defendants contend such changes "could" occur through the mere passage of time. Again, however, that is a factual explanation advanced by Defendants—not a basis for dismissal at the pleadings stage.

At minimum, post-dispute modifications to material account fields following verification plausibly support competing inferences regarding:

- the reliability of the information previously reported;
- the adequacy of Defendants' procedures utilized to assure maximum possible accuracy under § 1681e(b); and
- whether Defendants maintained reasonable procedures under § 1681e(b).

Those issues are inherently factual and inappropriate for resolution on a Rule 12(c) motion.

Moreover, Defendants improperly attempt to transform Plaintiff's allegations into concessions that all reporting by Experian and TransUnion was accurate as a matter of law.

Plaintiff's SAC does not concede that Defendants' reporting, viewed as a whole, was accurate or non-misleading. Rather, the SAC alleges that materially inconsistent and evolving reporting created underwriting confusion, persisted despite disputes, and was later modified following reinvestigation activity.

That is sufficient to plausibly allege violations of § 1681e(b).

## III. DEFENDANTS IMPROPERLY SEEK RESOLUTION OF FACTUAL DISPUTES AT THE PLEADINGS STAGE

Defendants' Motion repeatedly asks the Court to adopt Defendants' preferred factual explanations for the disputed reporting.

For example, Defendants argue that differing balances, dates, and account fields "could" simply reflect reporting occurring at different times. Defendants further contend that post-dispute modifications merely reflect the ordinary passage of time.

Those arguments improperly ask the Court to:

- resolve competing factual inferences;
- weigh alternative explanations for the reporting;
- and determine the reasonableness of Defendants' procedures before discovery has occurred.

That is not the function of Rule 12(c).

Defendants' Motion repeatedly asks the Court to adopt innocent explanations for disputed reporting and evolving account information before any discovery concerning Defendants' procedures, investigation methods, or furnishers' verification practices has occurred.

The Court must instead accept Plaintiff's allegations as true and draw reasonable inferences in Plaintiff's favor. Plaintiff plausibly alleges that:

- Defendants reported materially misleading information;
- disputes were submitted identifying inaccuracies;
- disputed information was verified as accurate;
- material account fields later changed following disputes and investigations; and
- the reporting caused actual underwriting harm.

Whether Defendants ultimately possess innocent explanations for those changes is a factual issue for discovery and later stages of litigation—not judgment on the pleadings.

Whether the reporting inconsistencies were material to lenders and underwriting decisions presents a factual issue inappropriate for resolution on the pleadings, particularly

where Plaintiff alleges an actual credit denial tied to reporting inconsistencies and inability to assess debt service obligations.

Additionally, Defendants rely heavily upon Plaintiff's June 8, 2025 dispute letter and Defendants' own interpretation of that document to argue that the reporting was "indisputably accurate." But even if the Court considers such materials, Defendants' interpretation of those documents is itself disputed and requires factual determinations inappropriate at the pleadings stage.

At minimum, Plaintiff has plausibly alleged materially misleading reporting and unreasonable procedures sufficient to proceed into discovery.

Accordingly, Defendants' Motion should be denied.

## IV. PLAINTIFF HAS SUFFICIENTLY ALLEGED ACTUAL DAMAGES AND CAUSATION

The SAC plausibly alleges both actual damages and causation resulting from Defendants' reporting.

Plaintiff alleges that Sterling Bank denied Plaintiff's $1,000,000 land loan application after reviewing Plaintiff's consumer reports and being unable to reliably determine Plaintiff's debt service obligations and repayment capacity due to inconsistent and conflicting tradeline information. *See* SAC ¶ 19. Plaintiff further alleges that the materially inflated and inconsistent mortgage obligations appearing within Defendants' reporting impaired Sterling Bank's ability to reliably calculate Plaintiff's debt service requirements and repayment capacity during underwriting. This plausibly demonstrates that the reporting was materially misleading to an actual user of the consumer report. Those allegations are not speculative.

Plaintiff further alleges:

- denial of credit;
- financial harm;
- reputational harm;
- emotional distress;
- anxiety;
- loss of sleep;
- and the loss of a unique land purchase opportunity.

Such allegations are sufficient at the pleadings stage to plausibly allege actual damages under the FCRA.

Defendants attempt to isolate individual tradeline fields and argue that certain individual values may have been technically accurate in isolation. But even technically accurate information may violate the FCRA where the reporting, viewed as a whole, creates a materially misleading impression. *See* Chuluunbat, 4 F.4th at 567.

Here, Plaintiff alleges that the reporting collectively created underwriting confusion and materially impaired Sterling Bank's ability to evaluate Plaintiff's creditworthiness and repayment obligations. The SAC alleges that these reporting inconsistencies were not merely technical differences between isolated fields, but collectively impaired Sterling Bank's ability to reliably assess Plaintiff's repayment obligations and debt service calculations during underwriting.

At minimum, those allegations plausibly establish:

- materiality,
- causation,
- and actual damages sufficient to survive Rule 12(c).

Accordingly, Defendants' Motion should be denied.

## V. PLAINTIFF'S ALLEGATIONS, TAKEN AS TRUE, STATE A PLAUSIBLE CLAIM UNDER § 1681e(b)

To survive Rule 12(c), Plaintiff need only plausibly allege that Defendants failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer reports.

Plaintiff has done so.

The SAC alleges:

- materially inconsistent and evolving reporting concerning balances, payment dates, account status, and repayment obligations;
- formal disputes identifying inaccuracies;
- verification of disputed information as accurate;
- subsequent modification of material account fields following disputes and investigations;
- continued reporting despite unresolved inconsistencies;
- and actual underwriting harm resulting in denial of credit.

Defendants repeatedly attempt to recast these allegations as harmless timing differences or concessions of accuracy. But those arguments improperly seek factual determinations and competing inferences that cannot be resolved on the pleadings.

At this stage, the Court must:

- accept Plaintiff's allegations as true;
- construe all reasonable inferences in Plaintiff's favor; and
- determine only whether Plaintiff has plausibly stated a claim.

Plaintiff has done so.

Discovery is necessary to determine:

- what procedures Defendants utilized;
- what information was reviewed during reinvestigation;
- whether automated verification systems were used;
- whether furnishers provided adequate verification;
- why material account fields changed following disputes and investigations;
- and whether Defendants maintained reasonable procedures under the FCRA.

Those factual questions cannot properly be resolved on Rule 12(c).

Accordingly, Defendants' Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Experian Information Solutions, Inc.'s and Trans Union LLC's Joint Motion for Judgment on the Pleadings in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: May 27, 2026                     Respectfully submitted,


                                        /s/ *Brian T. Peterson*
                                        Brian Peterson, Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I hand delivered the foregoing filing to the Clerk of Court for filing, and that service upon counsel of record will be effectuated through the Court's CM/ECF system.

*/s/ Brian T. Peterson*
Brian Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
rzu1947@gmail.com
(612) 812-0135