UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY 27 P 12: 35

CLERK OF COURT

CASE NO. 2:25-cv-01386-WCG

BRIAN T. PETERSON,

Plaintiff,

v.

GREAT MIDWEST BANK;
EXPERIAN INFORMATION
SOLUTIONS, INC; TRANS UNION
LLC; U.S. BANK NATIONAL
ASSOCIATION; SUMMIT CREDIT
UNION

Defendants.

Judge William C. Griesbach
Magistrate Judge Stephen C. Dries

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff Brian T. Peterson ("Plaintiff"), proceeding pro se, respectfully moves this Court

for leave to file a limited sur-reply in opposition to Defendant U.S. Bank National Association's

Motion to Dismiss Plaintiff's Second Amended Complaint.

In support of this Motion, Plaintiff states as follows:

1. Defendant U.S. Bank filed a Reply Memorandum in Support of its Motion to Dismiss on
   May 26, 2026.

2. The Reply Memorandum raises new arguments and materially expands upon arguments
   not fully developed in Defendant's opening memorandum, including the characterization
   that Plaintiff's claims are based solely upon alleged "inter bureau discrepancies"
   attributable to consumer reporting agencies rather than allegations concerning

Defendant's own furnishing conduct and reinvestigation obligations under 15 U.S.C. § 1681s-2(b).

3. The Reply Memorandum further argues that Plaintiff's allegations are merely "bare conclusions" and appears to frame factual disputes concerning reporting accuracy, investigation reasonableness, and causation as pleading deficiencies under Rule 12(b)(6).

4. Plaintiff respectfully submits that a limited sur-reply would assist the Court by clarifying:
   a. the actual theories alleged in the Second Amended Complaint;
   b. the distinction between CRA formatting/display issues and furnisher reporting obligations;
   c. the factual allegations supporting Plaintiff's claims under 15 U.S.C. § 1681s-2(b); and
   d. why the issues identified by Defendant involve factual disputes not appropriately resolved at the pleading stage.

5. Plaintiff does not seek to reargue matters already presented in his opposition brief, but instead seeks leave solely to address arguments and characterizations first raised or materially expanded upon in Defendant's Reply Memorandum.

6. Granting leave will not prejudice Defendant, delay proceedings, or expand the issues presently before the Court and will assist the Court in resolving the pending motion on a complete and accurate record.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached proposed sur-reply.

Dated: May 27, 2026

Respectfully submitted,

/s/Brian T. Peterson
Plaintiff, Pro Se