BRIAN T. PETERSON,
       Plaintiff,

      vs.

GREAT MIDWEST BANK; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES LLC;
TRANS UNION LLC; U.S. BANCORP; and
SUMMIT CREDIT UNION;
       Defendants.

CASE NO. 2:25-cv-01386-WCG

Judge William C. Griesbach

---

### EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC'S REPLY IN SUPPORT OF THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Experian Information Solutions, Inc. (hereinafter "Experian"), and Trans Union LLC ("Trans Union"), by and through their respective undersigned counsel, respectfully submit this Reply in Support of their Joint Motion for Judgment on the Pleadings [Dkt. 117] (the "Motion").

In this case, *pro se* Plaintiff Brian Peterson alleges that he discovered "inconsistencies" and "discrepancies" between Defendants' reporting of his credit information. Because case law holds that mere inconsistencies between information reported by the bureaus do not permit an inference that the reports contain false or materially misleading information, Plaintiff's pleadings fail to establish a prima facie case under the Fair Credit Reporting Act ("FCRA"). For the reasons set forth below the Motion should be granted and the Complaint dismissed with prejudice.

## I.     <u>INTRODUCTION</u>

Plaintiff, Brian Peterson ("Plaintiff"), proceeding *pro se*, brings this action against Experian and Trans Union for alleged violations of § 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. The operative Complaint – Plaintiff's Second Amended Complaint – alleges that Experian, Trans Union, and fellow consumer reporting agency, Equifax Information Services, LLC ("Equifax," collectively, the "CRAs"), reported inconsistent and/or conflicting information about a U.S. Bank credit card account, a Great Midwest Bank home mortgage account, and a Summit Credit Union Home Equity Line of Credit ("HELOC") in Plaintiff's name. *See* Second Amended Complaint ("SAC"), ¶ 12, Dkt. 81. However, Plaintiff does not allege what the reporting *should be*, and which specific Defendants' reporting was inaccurate. *Id.* Defendants have moved for judgment on the pleadings because case law holds that mere inconsistencies between the information reported by the bureaus does not permit an inference that any of the reports contains false or materially misleading information, as required to establish a prima facie claim under the FCRA.

Plaintiff filed an Opposition to the Motion ("Opposition" or "Response") that fails to substantively respond to the arguments and authorities set forth in Defendants' Motion. Instead, the Opposition points back to the insufficient and conclusory SAC allegations and argues that "information may violate the FCRA where it is materially misleading, even if portions of the reporting may be technically accurate" and that "Defendants improperly attempt to resolve factual disputes and draw inferences in their own favor at the pleadings stage." But Plaintiff does not address the line of caselaw set forth in the Motion stating that mere inconsistencies between the information reported by the bureaus is insufficient to state a claim under the FCRA. Nor does Plaintiff identify what the reporting *should be* or which specific Defendant's reporting was

allegedly accurate. *See generally* Plaintiff's Brief in Opposition to the Motion [Dkt. 129]. For the reasons discussed in the Motion, and as explained more fully below, the Motion should be granted, and Plaintiff's claims should be dismissed in their entirety.

## II. <u>ARGUMENT</u>

**A. Plaintiff's Opposition Still Fails to Identify Any Sufficiently Alleged Inaccurate Information That Defendants Reported About The Account, And As Discussed In The Motion, A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of Plaintiff's FCRA Claims.**

As discussed in the Motion, to state a claim under the FCRA, Plaintiff must plead a factual inaccuracy in Defendants' reporting. *See* Memorandum in Support [Dkt. 118] at 4 (collecting cases). Plaintiff's Opposition fails to identify any sufficiently alleged facts within his Amended Complaint to establish an inaccuracy in either Trans Union's or Experian's reporting. *See generally* Opposition. As discussed in the Motion, Plaintiff's threshold requirement is not satisfied by his allegations that different CRAs reported different information about the same tradelines, as courts addressing that precise theory have rejected it. *See* Motion at 5; *see also Verlus v. Experian Info. Sols., Inc.*, No. 23-cv-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025); *Cruel v. Experian*, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023).[1]

The Western District of Washington recently reached the same conclusion in *Silva*. *See Silva v. Santander Consumer USA, Inc.*, No. 3:24-cv-06057-DGE, 2026 WL 364426 (W.D. Wash. Feb. 10, 2026). There, the plaintiff asked the court to compare the CRAs' reports and infer that "somewhere among the three reports, there is an inaccurate or misleading report that violates the

---

[1] *See also, Saiko Oki v. TransUnion, LLC*, No. 25-cv-08070-HSG, 2025 U.S. Dist. LEXIS 265488 *7 (N.D. Cal. Dec. 23, 2025) ("An inconsistent report is not necessarily an inaccurate or misleading report."); *Williams v. Equifax Info. Servs. LLC,* No. 1:24-CV-5698-SEG-WEJ, 2025 U.S. Dist. LEXIS 20743, at *17 (N.D. Ga. Feb. 5, 2025); *accord Weeks v. Credit One Bank*, No. 20-cv-0836-bhl, 2021 U.S. Dist. LEXIS 59277, at *13 (E.D. Wis. Mar. 29, 2021).

FCRA." *Id*. at *4. The court rejected that approach because, "[a]part from pointing out these inconsistencies," the plaintiff did not allege "what the inaccurate information actually is." *Id*. (quoting *Cruel*, 2023 WL 4140828, at *3). Even though the plaintiff in this case proceeded *pro se*, the court refused to "speculate about what information in the CRAs' reports is inaccurate or misleading." *Id*.

In his Opposition, Plaintiff does not directly respond to this argument. Instead, he attempts to distinguish this case from what he characterizes as "narrow mere discrepancy cases" by stating that that the inconsistencies in reporting persisted and led to the denial of land loan application. *See* Opposition at 4. While it's unclear how this distinguishes this matter, Plaintiff is still relying on these inconsistencies as proof of a materially misleading information. Again, Plaintiff does not allege which Defendant reported false information, why that information was false when reported, or what each Defendant should have reported instead, nor does his Opposition. Plaintiff's Opposition fails to identify what *exactly* is inaccurate about these fields. Plaintiff instead asks the Court to infer inaccuracy from alleged differences among the Defendants' reports. Plaintiff cites *Chuluunbat* to argue that a FCRA violation occurs when the report viewed as a whole creates a materially misleading impression. *See* Opposition at 9. However, *Chuluunbat* does not stand for this proposition. *See Chuluunbat v. Experian Info. Sols., Inc,* 4 F.4th 562, 567 (7th Cir. 2021).

Furthermore, Plaintiff's argument that the inconsistencies persisted over a couple of months merely reflects the passage of time, not that the information was materially misleading. If there was a difference between the reporting dates or other rationale where the information is accurate, this inconsistency would persist throughout the reporting. As such, the continued inconsistency does not demonstrate an inaccuracy; it merely reflects that time has passed. Further,

the alleged discrepancies are no different than the reporting in the authorities cited above and in the Motion, which courts have found insufficient to plead an inaccuracy.

In his Opposition, Plaintiff spends much of his time arguing that Defendants' arguments are simply factual explanations that are not a basis for dismissal at the pleading stage. *See generally* Opposition at 6. However, Defendants are not asking the Court to determine a factual matter, they are explaining the justification for why courts have stated, as a matter of law, that allegations of inconsistencies between the CRAs are not enough to allege an inaccuracy. *See* Motion. Providing the Court justification for a legal determination is not the same as asking the Court to make factual inferences. Plaintiff does not allege Defendants reported false information, why that information was false when reported, or what each Defendant should have reported. Plaintiff instead makes conclusory arguments that Courts have found as a matter of law do not plead an inaccuracy or are legal conclusions unsupported by fact. Therefore, Plaintiff's claims fail as a matter of law.

### B.  Trans Union's Investigation

Plaintiff alleges that during Trans Union's October 9, 2025, investigation into Plaintiff's dispute concerning the Great Midwest account, Trans Union confirmed the account was accurate while simultaneously updating certain account information, including the "Balance; Date Updated; Last Payment Made; Rating." *Id.*  ¶¶ 26–28. In his Opposition, Plaintiff again simply argues that this explanation is a factual explanation that the judge cannot decide this at the pleadings stage. *See* Opposition at 6. He goes on to argue that at a minimum this modification supports inferences regarding the reliability of the information previously reported, adequacy of the procedures, or whether defendants maintained reasonable procedure. *Id*.

As stated in the Motion, an account balance, date updated, last payment made and rating could change simply with the passage of time. It could also just be updated to add information that

was not on the disclosure before, as furnishers take opportunities like these to update the reporting instead of waiting for the bulk update. Contrary to Plaintiff's characterization, these explanations do not ask the Court to draw factual inferences. Rather, they demonstrate why Plaintiff's allegations are insufficient, as a matter of law, to plead an inaccuracy. Additionally, as stated in the Motion, under Plaintiff's theory, Trans Union's efforts to comply with the FCRA itself constitute violations of the FCRA. In essence, Plaintiff argues that any dispute automatically creates liability for Trans Union and that whenever Trans Union verifies disputed information as accurate while also making updates to information with which Plaintiff disagrees, Trans Union has effectively admitted to a § 1681e(b) violation. This overbroad interpretation of § 1681e(b) is unsupported, unreasonable, and without merit, which Plaintiff does not argue against. *See generally* Opposition.

### III.    CONCLUSION

For the foregoing reasons, as well as those set forth in the Motion, Defendants respectfully request that the Court grant the Motion for Judgment on the Pleadings, dismiss Plaintiff's Complaint against them, with prejudice, and award Defendants their fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,


*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union,
LLC*

*s/ Tanya M. Salman (with consent)*
Tanya M. Salman (# 1089151)
Michael Best & Friedrich LLP
One S. Pinckney Street, Suite 700
Madison, WI 53703-4257
Telephone: 608-283-0122
Fax: 608-283-2275
E-Mail: tmsalman@michaelbest.com

*Counsel for Defendant Experian
Information Solutions, Inc.*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **10th day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Mary C. Turke, Esq.<br>mary@turkelaw.com | Erin M. Cook, Esq.<br>mcook@gklaw.com<br><br>Theresa M Correa McMichen, Esq.<br>tcorreamcmichen@gklaw.com |
| Tanya Salman, Esq.<br>tmsalman@michaelbest.com<br><br>Adam Jose Lowe, Esq.<br>ajlowe@michaelbest.com | Andrew C Gresik, Esq.<br>agresik@foley.com |
| Mary C Turke, Esq.<br>mary@turkelaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **10th day of June, 2026**, properly addressed as follows:

| | |
|---|---|
| **<u>Pro Se Plaintiff</u>**<br>Brian T. Peterson<br>590 Mill Pond Road<br>Dousman, WI 53118 | |

*s/ William M. Huse*
William M. Huse, Esq. (IN# 31622-49)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*