AB 14252214.1.4-6

U.S. District Court
Wisconsin Eastern
JUN 22 2026
FILED
Clerk of Court

**EXHIBIT A**

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Brian T. Peterson ("Plaintiff"), proceeding pro se, respectfully submits this limited sur-reply in opposition to Defendants' Reply Brief.

## I. THE SECOND AMENDED COMPLAINT IDENTIFIES SPECIFIC INACCURACIES, NOT MERE DIFFERENCES AMONG REPORTS

Defendants repeatedly assert that Plaintiff failed to identify what information was inaccurate or what information should have been reported. The Second Amended Complaint alleges the opposite. Plaintiff specifically alleges that Great Midwest furnished a materially inflated mortgage balance to Trans Union of $733,413 when the actual balance was $724,061. See SAC ¶¶ 13, 36. Plaintiff further alleges that the Summit tradeline contained inconsistent credit-limit reporting, including a $0 credit limit through Equifax while Experian and Trans Union reported $233,700, together with erroneous payment-date information. See SAC ¶¶ 14, 36. Plaintiff also alleges that the U.S. Bank tradeline contained inconsistent High Credit reporting, including a $0 High Credit amount through Equifax while Trans Union and Experian reported $31,120, as well as inaccurate payment-history information. See SAC ¶¶ 14, 36.

These allegations identify the specific tradelines, the specific data fields, the specific values reported, the values Plaintiff alleges were inaccurate, and the values Plaintiff alleges should have been reported.

Whether Plaintiff can ultimately prove those allegations is a matter for discovery and summary judgment, not a Rule 12(c) motion directed solely to the pleadings. Accordingly, Defendants' assertion that Plaintiff failed to identify the alleged inaccuracies is contradicted by the face of the Second Amended Complaint itself.

## II. THE SAC ALLEGES MATERIAL INACCURACIES AND ACTUAL HARM

Defendants attempt to characterize the alleged reporting issues as immaterial differences. The Second Amended Complaint alleges that Plaintiff applied for a $1,000,000 land loan and was denied credit after the lender reviewed Plaintiff's credit file.

AB 14252214.1.5-6

The denial was not based on Plaintiff's speculation. Rather, Sterling Bank expressly informed Plaintiff that it found inconsistencies in the credit reporting making it difficult to determine Plaintiff's debt-service requirements and ability to repay. These allegations support materiality, causation, and actual damages.

Thus, the term "inconsistencies" was not merely Plaintiff's characterization of the reporting, but the characterization used by an independent lender when denying Plaintiff's application for a $1,000,000 loan.

## III. DEFENDANTS' "PASSAGE OF TIME" ARGUMENT PRESENTS FACT QUESTIONS

Defendants contend that changes to account balances, reporting dates, and payment dates may simply reflect the passage of time. At the pleading stage, however, the Court must accept Plaintiff's allegations as true and draw reasonable inferences in Plaintiff's favor.

The Second Amended Complaint alleges that after Plaintiff disputed the reporting, Trans Union stated that the disputed information had been "verified as accurate" while simultaneously updating the balance, date updated, last payment made, and rating associated with the account.

Plaintiff alleges that those post-dispute changes support a reasonable inference that the previously reported information was inaccurate or incomplete. At a minimum, competing inferences exist, making dismissal on the pleadings inappropriate.

## IV. THE REASONABLENESS OF DEFENDANTS' PROCEDURES CANNOT BE RESOLVED ON THE PLEADINGS

The Second Amended Complaint alleges that Plaintiff submitted formal disputes, supplied supporting documentation, and identified specific account fields that were inaccurate. Plaintiff further alleges that Defendants failed to conduct reasonable investigations and failed to assure maximum possible accuracy.

The reasonableness of a consumer reporting agency's procedures and the adequacy of a furnisher's investigation are ordinarily fact-intensive questions that should not be resolved solely from the pleadings where specific inaccuracies, actual damages, and post-dispute corrections have been alleged.

## CONCLUSION

AB 14252214.1.6-6

For the foregoing reasons, Defendants' Joint Motion for Judgment on the Pleadings should be denied.

Dated: June 17, 2026

Respectfully submitted,

*/s/ Brian T. Peterson*
Brian Peterson, Plaintiff, Pro Se
590 Mill Pond Road
Dousman, WI 53118
rzu1947@gmail.com
(612) 812-0135

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, I caused to be placed in the United States Mail, first-class postage prepaid, a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC'S JOINT MOTION FOR JUDGMENT ON THE PLEADINGS, addressed to:

Clerk of Court
United States District Court
Eastern District of Wisconsin
517 E. Wisconsin Avenue
Milwaukee, WI 53202

I further certify that notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Dated this 17th day of June, 2026.

*/s/ Brian T. Peterson*