**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT of WISCONSIN**

| | |
|---|---|
| BRIAN T. PETERSON<br><br>Plaintiff,<br><br>v.<br><br>GREAT MIDWEST BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC; U.S. BANK NATIONAL ASSOCIATION; and SUMMIT CREDIT UNION<br><br>Defendants. | Case No. 2025 CV 1386 |

**DEFENDANT SUMMIT CREDIT UNION'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Summit Credit Union ("Summit"), by its attorneys Turke & Steil S.C., responds to plaintiff's Second Amended Complaint ("SAC") as follows:

1. Summit denies.

2. Summit denies.

3. Summit admits.

4. Summit admits.

5. Summits lacks sufficient information to admit or deny and therefore denies.

6. Summit lacks sufficient information to admit or deny and therefore denies.

7. Summit admits.

8. Summit lacks sufficient information to admit or deny and therefore denies.

9. Summit lacks sufficient information to admit or deny and therefore denies.

10. Summit lacks sufficient information to admit or deny and therefore denies.

11. Summit lacks sufficient information to admit or deny and therefore denies.

12. Summit lacks sufficient information to admit or deny and therefore denies.

13. Summit lacks sufficient information to admit or deny and therefore denies.

14. Summit lacks sufficient information to admit or deny and therefore denies.

15. Summit lacks sufficient information to admit or deny and therefore denies.

16. Summit lacks sufficient information to admit or deny and therefore denies.

17. Summit lacks sufficient information to admit or deny and therefore denies.

18. Summit lacks sufficient information to admit or deny and therefore denies.

19. Summit lacks sufficient information to admit or deny and therefore denies.

20. Summit lacks sufficient information to admit or deny and therefore denies.

21. Summit denies.

22. Summit lacks sufficient information to admit or deny and therefore denies.

23. Summit lacks sufficient information to admit or deny and therefore denies.

24. Summit lacks sufficient information to admit or deny and therefore denies.

25. Summit denies.

26. Summit lacks sufficient information to admit or deny and therefore denies.

27. Summit lacks sufficient information to admit or deny and therefore denies.

28. Summit lacks sufficient information to admit or deny and therefore denies.

29. Summit lacks sufficient information to admit or deny and therefore denies.

30. Summit lacks sufficient information to admit or deny and therefore denies.

31. Summit lacks sufficient information to admit or deny and therefore denies.

32. Summit lacks sufficient information to admit or deny and therefore denies.

33. Summit incorporates by reference its response to the foregoing allegations.

34. Summit denies.

35. Summit denies.

36. Summit denies.

37. Summit denies.

38. Summit incorporates by reference its response to the foregoing allegations.

39. Summit lacks sufficient information to admit or deny and therefore denies.

40. Summit lacks sufficient information to admit or deny and therefore denies.

41. Summit lacks sufficient information to admit or deny and therefore denies.

42. Summit lacks sufficient information to admit or deny and therefore denies.

43. Summit incorporates by reference its response to the foregoing allegations.

44. The allegations call for a legal conclusion to which no response is a required, and Summit denies any factual inferences contained therein.

45. Summit denies.

46. Summit denies.

47. Summit denies.

48. Summit denies.

49. Summit denies.

**Affirmative Defenses**

1. The SAC fails to state a claim upon which relief can be granted. Summit's motion to dismiss the SAC was denied without prejudice to Summit's right to test the sufficiency of Plaintiff's proof on a fuller record, including by motion for judgment on the pleadings or summary judgment, and this defense is preserved for that purpose.

2. The information Summit furnished to consumer reporting agencies regarding Plaintiff's HELOC account (no. 342684263****) was accurate at all relevant times.

3. Upon receiving notice of Plaintiff's dispute from a consumer reporting agency, Summit conducted a reasonable investigation of the disputed information, reviewed its own account records, and reasonably determined that the information it had furnished was accurate, complete, and verifiable, in compliance with 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

4. To the extent Plaintiff's claims, or any theory of liability within them, rest on a dispute or communication Plaintiff directed to Summit other than through a consumer reporting agency — including the unsigned letter Summit received on or about June 17, 2025 — such claims fail as a matter of law because 15 U.S.C. § 1681s-2(a) does not create a private right of action, and Summit's furnisher obligations enforceable by a private plaintiff arise only under § 1681s-2(b), triggered by notice of a dispute from a consumer reporting agency.

5. To the extent Plaintiff seeks statutory or punitive damages under 15 U.S.C. § 1681n for willful noncompliance, Summit's conduct did not involve reckless disregard of any statutory obligation.

6. Plaintiff failed to take reasonable steps available to him to avoid or minimize the damages he claims, and any recovery should be reduced accordingly.

8. Plaintiff proceeds pro se and is not a licensed attorney. Even if Plaintiff were to prevail on any claim, he is not entitled to recover "attorney's fees" under 15 U.S.C. §§ 1681n(a)(3) or 1681o(a)(2), as such fee-shifting provisions do not compensate a lay litigant for the value of his own time.

Dated this 5th day of September, 2026.

**TURKE & STEIL S.C.**

*/s/ Mary C. Turke*
Mary C. Turke, SBN: 1027045
Amber M. Heidenreich, SBN: 1126685
613 Williamson Street Suite 201
Madison, WI 53703
Ph: (608) 237-1775
Email: mary@turkelaw.com
Email: amber@turkelaw.com

*Attorneys for Defendant Summit Credit Union*