**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BRIAN T. PETERSON,**

**Plaintiff,**

**v.** **Case No. 25-C-1386**

**GREAT MIDWEST BANK, et al.,**

**Defendants.**

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

Plaintiff Brian T. Peterson, who is proceeding *pro se*, filed this action against Defendants Great Midwest Bank (Great Midwest), Experian Information Solutions, Inc. (Experian), Equifax Information Services LLC (Equifax), TransUnion LLC (TransUnion), Summit Credit Union (Summit), and U.S. Bancorp, alleging violations of the Fair Credit Reporting Act (FCRA). Compl., Dkt. No. 1. The Court denied motions to dismiss by Defendants Summit, Great Midwest, and U.S. Bank N.A., and denied TransUnion's motion for judgment on the pleadings, on August 24, 2026. Dkt. Nos. 139–140. On the same date, the Court granted Experian's motion for judgment on the pleadings. Dkt. No. 139. Plaintiff now seeks leave to file a third amended complaint (TAC), intending to bring Experian back into the action as a defendant. Plaintiff also asks the Court to revise the interlocutory order where it dismissed Experian. Dkt. No. 146.

**PROCEDURAL BACKGROUND**

Plaintiff filed his first complaint in this action on September 10, 2025, alleging Defendants Great Midwest, Experian, Equifax, TransUnion, Summit, and U.S. Bancorp violated the Fair Credit Reporting Act. Compl., Dkt. No. 1. Before any defendant responded to the first complaint,

Plaintiff filed an amended complaint on September 30, 2025, which became the operative complaint in the action. Dkt. Nos. 11–12. The amended complaint alleged that Defendants violated various parts of the FCRA. To summarize, Plaintiff brought claims under 15 U.S.C. § 1681s-2(b) for failing to investigate and correct disputed credit information as furnishers of such information, 15 U.S.C. § 1681e(b) for failing to ensure maximum possible accuracy of information furnished as a consumer reporting agency (CRA), 15 U.S.C. § 1681i(a)(1) for failing to conduct reasonable reinvestigation into disputed information, 15 U.S.C. § 1681i(a)(5) for failing to delete or correct information to reflect the results of a reinvestigation, and 15 U.S.C. §§ 1681n and 1681o for negligently or willfully failing to comply with the requirements of the FCRA.

Equifax was dismissed from the action on December 22, 2025, pursuant to a stipulation of the parties. Dkt. No. 76. On January 15, 2026, the Court granted Defendants Great Midwest, Summit, and U.S. Bancorp's motions to dismiss. Dkt. No. 79. As to the § 1681s-2(b) claims for failure to investigate and correct disputed information, the Court found that "Plaintiff's Amended Complaint fail[ed] to allege facts from which it could be inferred that the Movant Defendants furnished patently inaccurate or materially misleading information to the CRAs." *Id.* at 5. It followed from that conclusion that "the derivative claims against Summit and U.S. Bancorp for failing to delete or block inaccurate or unverifiable information in violation of § 1681s-2(b)(1)(E)" failed as well. *Id.* at 8. Plaintiff's claim under § 1681e(b) was dismissed because Summit, Great Midwest, and U.S. Bancorp are information furnishers, not CRAs, and therefore had no duty to ensure maximum possible accuracy under the statute. *Id.* at 8–9. Finally, because the amended complaint failed to allege a violation of the FCRA, the willful and negligent noncompliance claims failed as well. *Id.* at 9–10. Plaintiff was given leave to file an amended complaint within thirty

days, and he then filed a second amended complaint (SAC) on February 9, 2026, replacing Defendant U.S. Bancorp with Defendant U.S. Bank N.A. Dkt. No. 81.

Defendants Great Midwest, Summit, and U.S. Bank filed motions to dismiss the SAC and the Court denied those motions on August 24, 2026. Dkt. No. 140. The Court found that the SAC cured the defects noted by the Court in its previous decision. The Court determined that the SAC alleged Plaintiff reviewed his credit reports and discovered material inaccuracies in tradeline information, submitted formal written disputes specifically identifying inaccurate data and requesting reinvestigation, and further reviewed the credit report but the same inaccuracies remained. *Id.* at 5–6. As such, "[w]hether improbable or not, the SAC state[d] a claim against each of the Defendant Furnishers." *Id.* at 7–8.

Defendants Experian and TransUnion filed motions for judgment on the pleadings, and the Court ruled on those motions the same day it denied the Furnisher Defendants' motions to dismiss. Dkt. No. 139. The Court granted the motion as to Experian and denied it as to TransUnion. The Court found that the SAC did allege a specific inaccuracy in the report prepared by TransUnion because "a fair reading of the SAC is that Trans Union's June 2, 2025, report on Peterson's credit history listed the loan balance of his home mortgage account at $9,300 more than the actual amount." *Id.* at 6. Further, because Peterson sent TransUnion a formal written dispute and the error was not promptly corrected, the SAC sufficiently alleged claims against TransUnion under both § 1681e(b) and § 1681i(a). *Id.* at 7. As to Experian, the Court found that the SAC did allege discrepancies between Experian's credit reports and those of other CRAs, but that it failed to establish which report was inaccurate. *Id.* Therefore, Plaintiff failed to state a claim against Experian. *Id.* The Court also noted that it did not adjudicate all of the claims as to all of the parties in the action and thus declined to enter final judgment. *Id.* at 8. Plaintiff now seeks to bring

Experian back into the action as a defendant, seeking leave to file a TAC and moving to revise the interlocutory order dismissing Experian.

**LEGAL STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This presumption can be overcome by a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* When a court spells out the deficiencies in a complaint that need to be remedied, a party's failure to fix those shortcomings is a proper basis for denying leave to amend. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Amendment of a pleading is futile when "it fails to allege any facts which could conceivably support a valid theory of liability." *Acme Printing Ink Co. v. Menard, Inc.*, 881 F. Supp. 1237, 1243 (E.D. Wis. 1995).

The parties also invoke Rule 54(b) of the Federal Rules of Civil Procedure with regard to Plaintiff's motion to revise the interlocutory order where the Court dismissed Experian. Reliance on that rule, however, is misplaced. "When a defendant files a Rule 12(c) motion to challenge the sufficiency of the complaint . . . the motion performs the same function as a Rule 12(b)(6) motion to dismiss . . . ." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025). And when a 12(b)(6) motion results in dismissal, courts apply the Rule 15(a)(2) standard to determine whether amendment of the pleadings is appropriate. Even if a Rule 12(c) motion did result in a final

judgment, Seventh Circuit case law suggests that amendment of the pleadings should still be governed by the standard set forth in Rule 15(a)(2). *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015) ("[W]e have repeatedly applied [the Rule 15(a)(2)] liberal policy of amendment when reviewing district court decisions on post-judgment motions for leave to amend."). Thus, the Court will apply the Rule 15(a)(2) standard discussed above to determine whether Plaintiff's motion for leave to file a TAC should be granted. *See Snoderly v. Incline Cas. Co.*, No. 25-CV-355, 2025 WL 2630660, *3 (E.D. Wis. Sept. 12, 2025) (applying the Rule 15(a)(2) standard when determining whether to permit an amendment to the complaint after granting judgment on the pleadings). If amendment is permitted under Rule 15(a)(2), no revision of the interlocutory order will be necessary.

**DISCUSSION**

Plaintiff argues that he satisfies Rule 15(a)'s liberal amendment standard because the proposed TAC directly addresses the deficiencies the Court found in the SAC. Dkt. No. 147 at 3. More specifically, the proposed TAC alleges that Experian's July 11, 2025 report stated that his Summit HELOC had a balance of $235,328, which was $1,637.02 greater than the principal balance reflected in Summit's records. *Id.* at 4. Additionally, Experian's report reflected a high credit of $235,328, which is $1,628 greater than the maximum credit line reflected in Summit's records. *Id.* In other words, Plaintiff's allegations no longer required an inference of inaccuracy "merely because different consumer reporting agencies reported different information." *Id.* Plaintiff further asserts that the proposed TAC adds facts related to Experian's reinvestigation duties, including when and how Plaintiff disputed the July 11, 2025 report. *Id.* at 5. Finally, Plaintiff argues that amendment would not prejudice Experian because his other claims just

recently proceeded into the discovery stage and the amendment does not introduce unrelated transactions or a new body of law. *Id.* at 6–7.

In response, Experian argues that Plaintiff has repeatedly failed to cure deficiencies in his complaint, specifically regarding allegations that Defendants furnished inaccurate or misleading information. Dkt. No. 156 at 2–3. Experian also asserts that Plaintiff should have sought to amend his pleadings prior to the Court's decision on the motion for judgment on the pleadings, as waiting "until after the defendants had been required to articulate the grounds for dismissal" is prejudicial. *Id.* at 3–4. Lastly, Experian states that amendment would be futile. Although the TAC identifies the discrepancy between Experian's report and Summit's figures, it does not allege that the Experian report and Summit figures were measuring the same quantity and therefore still does not state a claim for reporting inaccurate information. *Id.* at 4. Similarly, Experian argues the TAC does not plausibly allege that they failed to follow reasonable procedures because the reporting was based on furnisher-supplied data, and there are no facts suggesting that the furnisher was unreliable. *Id.* at 5. Plaintiff also states in the TAC that he "does not presently allege that Sterling Bank relied upon the July 11 Experian report or that Experian's Summit reporting independently caused Sterling Bank's lending decision," which Experian asserts shows a failure to allege actual damages. *Id.* at 5–6. Finally, Experian argues that the TAC does not plead enough factual detail to plausibly allege willful noncompliance or a failure to reinvestigate. *Id.* at 6–7.

As noted above, there are several reasons for a court to deny leave to amend the pleadings, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. Here, there is no evidence of bad faith or undue delay, as Plaintiff sought leave to amend his complaint

just 11 days after the Court issued its decision on Experian's motion for judgment on the pleadings. Further, there would not be undue prejudice to Experian by permitting amendment. The other claims Plaintiff is pursuing have just moved into the discovery stage, and the claim against Experian would follow very closely behind. There is also no evidence of repeated failure to cure deficiencies by amendments previously allowed. The Plaintiff's first amended complaint was filed before any defendant had responded or appeared in the action. The SAC directly addressed the shortcomings of the first amended complaint, as evidenced by the Court's denial of the Furnisher Defendants' motions to dismiss the SAC. The proposed TAC attempts to do the same, this time curing the deficiencies the Court noted when it granted judgment on the pleadings in favor of Experian. Although Experian argues that Plaintiff should have sought leave to amend prior to the Court's decision on that motion, the Court is not convinced that this is a situation where Plaintiff's conduct outweighs the liberal amendment standard of Rule 15. Thus, the only way to overcome the Rule 15 standard is to show that amendment here would be futile.

Amendment here would be futile because the proposed TAC pleads facts showing that Plaintiff has suffered no concrete injury and therefore the Court would lack subject matter jurisdiction over the claims against Experian. "[S]tanding is not dispensed in gross." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In other words, "plaintiffs must demonstrate standing for each claim that they press against each defendant, and for each form of relief that they seek." *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (internal quotation marks and citation omitted). Standing requires a plaintiff to allege that they have suffered an injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact is an "invasion of a legally protected interest." *Id.* That injury must be "concrete and particularized," *id.*, and "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks and citation omitted).

The Supreme Court has made clear that "an inaccurate credit report does not automatically lead to an injury in fact that supports standing." *Bueno v. Experian Info. Sols., Inc.*, 664 F. Supp. 3d 800, 806–07 (N.D. Ill. 2023) (citing *Spokeo, Inc. v*, 578 U.S. at 342).

The proposed TAC makes clear that Plaintiff would lack injury-in-fact for any claim against Experian. The proposed TAC alleges that Experian "reporting a balance above the actual principal balance and reporting a High Credit above the account's stated credit limit *was capable of* materially affecting the presentation of Plaintiff's indebtedness, utilization, and creditworthiness to users of consumer reports." ¶ 33 (emphasis added). Notably, the proposed TAC does not allege that Experian's reporting actually did affect any of those things. In fact, the proposed TAC explicitly states that "Plaintiff does not presently allege that Sterling Bank relied upon the July 11 Experian report or that Experian's Summit reporting independently caused Sterling Bank's lending decision." *Id.* ¶ 72. Other than the denial of his application for a loan by Sterling Bank, Plaintiff makes no other allegations detailing credit denial or other financial harm as a result of the Experian report. The proposed TAC claims that "Plaintiff has suffered actual damages including denial of credit, financial harm, impairment of creditworthiness and credit expectancy, reputational harm, frustration, inconvenience, and emotional distress," but fails to allege any such damage was attributable to Experian. *Id.* ¶ 73.

Leaving aside the question of whether the alleged error is material, these allegations are not sufficient to show an injury-in-fact caused by Experian. The proposed TAC does not allege any sort of concrete, actual injury. It alleges only that inaccurate information existed in the Experian report. But it does not include any assertion that the inaccurate information was distributed, that the report affected Plaintiff's credit or finances, or that it was likely to affect Plaintiff in the near future. At most, Plaintiff alleges reputational harm, frustration, inconvenience,

and emotional distress. *Id.* ¶ 73. But "emotional distress is inadequate to provide standing in [the FCRA] context." *Bueno*, 664 F. Supp. 3d at 808 (citing *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022)). Additionally, vague and conclusory allegations of reputational or emotional harm are insufficient to adequately plead injury-in-fact. *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194 (7th Cir. 2021) ("Nonpecuniary harms, including reputational damage and emotional distress, may also follow an FCRA violation, though these harms must be described in 'reasonable detail'—conclusory statements are insufficient."). Therefore, because Plaintiff would lack standing to bring his claims against Experian, amendment of the complaint would be futile.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file a third amended complaint (Dkt. No. 146) is **DENIED**. Plaintiff's motion to revise the interlocutory order (Dkt. No. 146) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 20th day of October, 2026.

William C. Griesbach
United States District Judge